GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VEOH NETWORKS, Inc, a California Corporation,<br><br>Defendant. | CASE NO.: C 06-3926 HRL<br><br>COMPLAINT:<br><br>(1) COPYRIGHT INFRINGEMENT;<br>(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>(3) VICARIOUS COPYRIGHT INFRINGEMENT; AND<br>(4) AN ACCOUNTING<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.  This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its creative works by defendants VEOH NETWORKS, Inc., a California Corporation and to enjoin defendant from future infringement. Defendant copied, published, sold, distributed and publicly

-1-

COMPLAINT

displayed by and through an Internet website which they own, operate and control, certain Titan Media-owned works.

## THE PARTIES

2.  Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.

3.  Defendant VEOH NETWORKS, Inc. is a California Corporation with its principle place of business in San Diego, CA, that is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

## JURISDICTION

4.  This Court has subject matter jurisdiction over plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

5.  The Court has personal jurisdiction over defendant. Defendant solicits, transacts, and is doing business within the State of California; have committed unlawful and tortuous acts both within and outside the State of California causing injury in California; and are regularly doing or soliciting business or engaging in a persistent course of conduct in the State. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over defendant.

## INTRADISTRICT ASSIGNMENT

6.  Since this action is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1392 and 1400(a).

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff Titan Media produces and distributes adult-oriented audiovisual works in video and DVD formats. Additionally, plaintiff maintains a website by and through which high-resolution versions of its photographic works and audiovisual content can be viewed by individuals who purchase either a monthly subscription or a per view fee (pay-per-view or video-on-demand). Users are only allowed to download copies that are protected from copying with digital rights management (DRM).

9. Plaintiff additionally sells the audiovisual works it produces in DVD and VHS format through various wholesale companies for further retail distribution and through third party licensees including mobile phone companies and third party video-on-demand websites.

10. Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

11. Veoh.com, the offending website at issue in this action and from which plaintiff's works are being publicly displayed, is registered to pseudonymously to www.domainsbyproxy.com.

12. Veoh.com is a highly interactive website site.

COMPLAINT

13. Between June 1, 2006 and June 22, 2006 plaintiff's employees discovered and documented that Titan Media copyrighted works had been viewed by and through www.veoh.com over forty thousand times.

14. Defendant copies and publicly displays from www.veoh.com the audiovisual works of numerous producers, including plaintiff, without licensing or otherwise obtaining permission for such use.

15. Defendant used plaintiff's works to entice and induce potential customers to download defendant's software client and become members of www.veoh.com .

16. Defendant solicits potential customers to supply audiovisual works to defendant's website.

17. Defendant reviews all content submitted to www.veoh.com for publication prior to publishing it.

18. After members submit works for publication, defendant copies, reformats and publicly displays the works without determining the ownership of the works, evaluating the rights of publicity of the individuals appearing in the works or verifying the age of the individuals appearing in the works.

19. Each of the infringing acts occurred on computer servers owned, operated and controlled by defendant.

20. Each act of infringement occurred from the base domain www.veoh.com.

21. Each of the works is of obvious high production value and is easily discernable as a professional work.

22. Each of the works at issue in this action is registered to plaintiff with the United States Copyright Office. Those works include but are not limited to *Boner* (Reg. No. PA 990-

715); *Detour* (Reg. No. PA 1-091-230); *Don't Ask, Don't Tell* (Reg. No. PA 1-230-111); *Heat* (Reg. No. PA 1-017-633); *Island Guardian* (Reg. Nos. PA 984-693 and PA 1-077-968; *River Patrol* (Reg. Nos. PA 885-073, PA 1-086-865); and *SeaMen: Fallen Angel IV* (Reg. Nos. PA 1-065-767). True and complete copies of the Copyright Registration Certificates for those works are attached hereto as Exhibit A.

## FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §501 )

### Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

23. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 22, inclusive.

24. Plaintiff holds with the United States Copyright Office duly and properly registered copyright certificates for each of the infringed works.

25. At all times relevant hereto, plaintiff has been the producer and owner of the audiovisual works reproduced, distributed and publicly displayed by defendant by and through the website www.veoh.com

26. Plaintiff's copyright protected works were copied to and publicly displayed from servers and/or other hardware owned, operated and/or controlled by defendant.

### Defendant Willfully Infringed Plaintiff's Registered Copyrights

27. Defendant infringed the copyrights in plaintiff's creative works by reproducing, distributing and publicly displaying the works on and through the www.veoh.com website without proper approval or authorization of plaintiff.

COMPLAINT

28. Defendant knew it did not have permission to exploit plaintiff's works on the www.veoh.com website and knew or should have known its acts constituted copyright infringement.

29. On information and belief, defendant made no attempt to discover the proper owners of the works before exploiting them, nor did it take measures to determine whether the works had been properly licensed.

30. Defendant's conduct was willful within the meaning of the Copyright Act. At a minimum, defendant acted with willful blindness to and in reckless disregard of plaintiff's registered copyrights.

31. As a result of its wrongful conduct, defendant is liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

32. Plaintiff is entitled to recover damages, which include its losses and any and all profits defendant has made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

33. In addition, because defendant's infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

34. Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Plaintiff has no adequate remedy at law for defendant's wrongful conduct because, among other things, (a) plaintiff's copyrights are unique and valuable property which have no readily determinable market value, (b) defendant's infringement harms plaintiff's business reputation and goodwill such that plaintiff could not be made whole by any monetary award, and (c) defendant's wrongful conduct,

COMPLAINT

and resulting damage to plaintiff is continuing. Pursuant to 17 U.S.C. §502, plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting further infringement of plaintiff's copyrights.

35. In addition, plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

(Contributory Copyright Infringement)

36. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 35, inclusive.

37. Defendant's members and potential customers also engaged in direct copyright infringement of plaintiff's copyrighted works.

38. Defendant induced, caused and materially contributed to the infringing acts of its customers by allowing and encouraging those customers to copy and publicly display plaintiff's works without regard to the ownership of those works.

39. Defendant had knowledge of their registered members' infringing acts.

40. The acts and conduct of defendant, as alleged above in this Complaint constitute contributory copyright infringement.

## THIRD CAUSE OF ACTION

(Vicarious Copyright Infringement)

41. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 40, inclusive.

COMPLAINT

42. Defendant's members and potential customers engaged in direct copyright infringement of plaintiff's copyrighted works.

43. Defendant had the right and ability to control the infringing acts of its members and potential customers.

44. Defendant obtained a direct financial benefit from the infringing activities of its members and potential customers.

45. The acts and conduct of defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

## THIRD CAUSE OF ACTION

(Accounting)

46. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 45, inclusive.

47. Plaintiff is entitled, pursuant to 17 U.S.C. § 504, to statutory damages or plaintiff's actual damages and all defendants' profits attributable to the illegal acts herein described.

48. The amount of compensatory damages due from defendant to plaintiff is unknown to plaintiff and cannot be ascertained without a detailed accounting by defendant of the precise number of subscribers to defendant's website and the number of downloads of plaintiff's works from defendant's website.

49. Accordingly, plaintiff is entitled to and hereby demands a full accounting from defendants.

## JURY DEMAND

50. Plaintiff hereby demands a jury trial in this case.

COMPLAINT

**PRAYER**

WHEREFORE, plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1)     That the Court enter a judgment against defendant that it has willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501 through its direct, vicarious and contributory acts and otherwise injured the business reputation and business of plaintiff by defendant's acts and conduct set forth in this Complaint;

(2)     That the Court issue injunctive relief against defendant, and that defendant, its agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with it, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of plaintiff's audiovisual works, photographs or other materials;

(3)     That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works, photographs or other materials, which are in defendant's possession or under its control;

(4)     That the Court enter an order requiring a full and complete accounting of all amounts due and owing to plaintiff as a result of defendant's illegal activities;

(5)     That the Court order defendant to pay plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendant's willful infringement of plaintiff's copyrights;

(7) That the Court order defendant to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

1  (8) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: 6·23·2006

Respectfully submitted,

*[signature]*

GILL SPERLEIN
THE LAW OFFICE OF GILL SPERLEIN
Attorney for Defendant IO GROUP, INC.

COMPLAINT

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: 6-23-2006

Respectfully submitted,

GILL SPERLEIN
THE LAW OFFICE OF GILL SPERLEIN
Attorney for Defendant IO GROUP, INC.

COMPLAINT