Dean A. Morehous (CA Bar No. 111841), dam@thelenreid.com
THELEN REID & PRIEST LLP
101 Second Street
Suite 1800
San Francisco, CA 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

Michael S. Elkin (*pro hac vice*), melkin@thelenreid.com
Paul M. Fakler (*pro hac vice*), pfakler@thelenreid.com
THELEN REID & PRIEST LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-2000
Facsimile: (212) 603-2001

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VEOH NETWORKS, INC., a California corporation,<br><br>Defendant. | Case No.: C06-3926 HRL<br><br>**ANSWER** |

Veoh Networks, Inc. ("Veoh") answers plaintiff's Complaint on personal knowledge as to its own activities and on information and belief as to the activities of others as follows:

1.      Veoh admits that the Complaint purports to state a claim and request relief for copyright infringement.  Veoh denies the remaining allegations in Paragraph 1.  Veoh specifically denies that it has infringed any valid copyright owned by plaintiff.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

-1-

**THE PARTIES**

2.     Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 2, and on that basis denies each and every allegation contained therein.

3.     Veoh admits that it is a California corporation with its principal place of business in San Diego.  Veoh denies the remaining allegations in Paragraph 3.

**JURISDICTION**

4.     Veoh admits the allegations in Paragraph 4.

5.     Veoh admits that the Court has personal jurisdiction over Veoh.  Veoh denies the remaining allegations in Paragraph 5.

**INTRADISTRICT ASSIGNMENT**

6.     Veoh admits the allegations in Paragraph 6.

**VENUE**

7.     Veoh admits the allegations in Paragraph 7.

**FACTS**

8.     Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies each and every allegation contained therein.

9.     Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies each and every allegation contained therein.

10.     Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies each and every allegation contained therein.

11.     Veoh admits that Veoh.com is registered through www.domainsbyproxy.com. Veoh denies the remaining allegations of Paragraph 11.

12.    The allegations in Paragraph 12 are vague and incomprehensible.  Veoh admits that users may "interact" with its website at www.veoh.com, as users of almost all websites on the Internet may do.  Veoh denies the remaining allegations in Paragraph 12.

13.    Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies each and every allegation contained therein.

14.    Veoh denies the allegations in Paragraph 14.

15.    Veoh denies the allegations in Paragraph 15.

16.    Veoh denies the allegations in Paragraph 16.

17.    Veoh denies the allegations in Paragraph 17.

18.    Veoh denies the allegations in Paragraph 18.

19.    Veoh denies the allegations in Paragraph 19.  Veoh specifically denies that it has infringed any valid copyright owned by plaintiff.

20.    Veoh denies the allegations in Paragraph 20.  Veoh specifically denies that it has infringed any valid copyright owned by plaintiff.

21.    Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 21, and on that basis denies each and every allegation contained therein.

22.    Veoh admits that "Exhibit A" attached to the Complaint appears to contain copies of copyright registrations issued by the U.S. Copyright Office.  Except as so admitted, Veoh denies the remaining allegations of Paragraph 22.

## **FIRST CAUSE OF ACTION**

(Copyright Infringement – 17 U.S.C. § 501)

23.    Veoh incorporates by reference its responses set forth in Paragraphs 1 through 22, above.

24.    Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 24, and on that basis denies each and every allegation

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

ANSWER
C 06-3926 (HRL)

contained therein.  Veoh specifically denies that it has infringed any valid copyright owned by plaintiff.

25.    Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies each and every allegation contained therein.

26.    Veoh lacks information or knowledge sufficient to enable it to form a belief as to the truth of the allegations in Paragraph 26, and on that basis denies each and every allegation contained therein.

27.    Veoh denies the allegations in Paragraph 27.

28.    Veoh denies the allegations in Paragraph 28.

29.    Veoh denies the allegations in Paragraph 29.

30.    Veoh denies the allegations in Paragraph 30.

31.    Veoh denies the allegations in Paragraph 31.

32.    Veoh denies the allegations in Paragraph 32.

33.    Veoh denies the allegations in Paragraph 33.

34.    Veoh denies the allegations in Paragraph 34.

35.    Veoh denies the allegations in Paragraph 35.

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

36.    Veoh incorporates by reference its responses set forth in Paragraphs 1 through 35, above.

37.    Veoh denies the allegations in Paragraph 37.

38.    Veoh denies the allegations in Paragraph 38.

39.    Veoh denies the allegations in Paragraph 39.

40.    Veoh denies the allegations in Paragraph 40.

1

## THIRD CAUSE OF ACTION

2

### (Vicarious Copyright Infringement)

3      41.      Veoh incorporates by reference its responses set forth in Paragraphs 1 through 40,

4   above.

5      42.      Veoh denies the allegations in Paragraph 42.

6      43.      Veoh denies the allegations in Paragraph 43.

7      44.      Veoh denies the allegations in Paragraph 44.

8      45.      Veoh denies the allegations in Paragraph 45.

9

## THIRD [sic] CAUSE OF ACTION

10

### (Accounting)

11      46.      Veoh incorporates by this reference its responses set forth in Paragraphs 1 through

12   45, above.

13      47.      Veoh denies the allegations in Paragraph 47.

14      48.      Veoh denies the allegations in Paragraph 48.

15      49.      Veoh denies the allegations in Paragraph 49.

16

## PRAYER FOR RELIEF

17      Veoh denies the allegations contained in plaintiff's Prayer for Relief, and contends that

18   plaintiff is not entitled to any relief sought therein.   Veoh requests that the Court:

19      A.      Dismiss all claims asserted by plaintifff, with prejudice;

20      B.      Award Veoh its reasonable costs and attorneys fees; and

21      C.      Grant all other and further relief that the Court deems just and proper.

22

## AFFIRMATIVE DEFENSES

23

### First Affirmative Defense

24      50.      The Complaint fails to state a claim upon which relief may be granted.

25

### Second Affirmative Defense

26      51.      Plaintiff's claims are barred by the statutory immunity granted to service providers

27   under 17 U.S.C. § 512.

28

### Third Affirmative Defense

52.    Plaintiff's claims based upon secondary liability are barred because plaintiff cannot establish the primary liability of Veoh's users, including because such users' alleged conduct constitutes fair use, de minimis use and/or is otherwise not actionable.

### Fourth Affirmative Defense

53.    Plaintiff's claims based upon secondary liability are barred because Veoh's products and services are staple articles of commerce.

### Fifth Affirmative Defense

54.    Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Veoh.

### Sixth Affirmative Defense

55.    Plaintiff's claims based upon contributory liability are barred because Veoh did not have the requisite knowledge of the alleged primary infringement and did not encourage or induce the alleged primary infringement.

### Seventh Affirmative Defense

56.    Plaintiff's claims based upon vicarious liability are barred because Veoh did not obtain a direct financial benefit from the alleged primary infringement.

### Eighth Affirmative Defense

57.    Plaintiffs' claims based upon vicarious liability are barred because Veoh does not have the right or ability to control the alleged primary infringement.

### Ninth Affirmative Defense

58.    Veoh's alleged conduct constitutes fair use.

### Tenth Affirmative Defense

59.    Plaintiff's claims are barred by laches

### Eleventh  Affirmative Defense

60.    Plaintiff's claims are barred by waiver.

### Twelfth Affirmative Defense

61.    Plaintiff's claims are barred by estoppel.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

**Thirteenth Affirmative Defense**

62.    Plaintiff's claims are barred by unclean hands.

**Fourteenth Affirmative Defense**

63.    Plaintiff's copyrights are invalid and its claims are barred by copyright misuse.

**Fifteenth Affirmative Defense**

64.    Plaintiff's claims are barred by acquiescence.

Dated: September 25, 2006.

THELEN REID & PRIEST LLP

By:  _____/s/  Paul M. Fakler_____
        Paul M. Fakler (*pro hac vice*)

        Dean A. Morehous (CA Bar No. 111841)
        Michael S. Elkin (*pro hac vice*)

        Attorneys for Defendant
        VEOH NETWORKS, INC.