DEAN A. MOREHOUS (CA Bar No. 111841) dam@thelenreid.com
THELEN REID & PRIEST LLP
101 Second Street
Suite 1800
San Francisco, CA 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

MICHAEL S. ELKIN (*pro hac vice*) melkin@thelenreid.com
PAUL M. FAKLER (*pro hac vice*) pfakler@thelenreid.com
THELEN REID & PRIEST LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-2000
Facsimile: (212) 603-2001

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VEOH NETWORKS, INC., a California corporation,<br><br>Defendant. | Case No.: C06-3926 HRL |
| IO GROUP, INC.,<br>Plaintiff,<br>vs.<br>DATA CONVERSIONS, INC., a South Carolina corporation d/b/a/ AEBN and pornotube.com,<br>Defendant. | Case No.: C06-5162 HRL |
| IO GROUP, Inc.,<br>Plaintiff,<br>vs.<br>WEBNOVAS TECHONOGIES, INC., a Canadian business entity type unknown, and GONETMARKET, INC., a Nevada corporation,<br>Defendants. | Case No.: C06-5334 JSW<br><br>**DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Thelen Reid & Priest LLP
Attorneys At Law

OPPOSITION TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES ARE RELATED
C 06-3926 HRL

Dockets.Justia.com

Pursuant to Local Rules 3-12 and 7-11, Defendant Veoh Networks, Inc. ("Veoh") hereby opposes Plaintiff's Administrative Motion to Consider Whether Cases Should Be Related.

On September 11, 2006, Plaintiff filed its Administrative Motion To Consider Whether Cases Should Be Related, styled as a "Notice Of Related Cases," requesting that the Court declare the instant case against Veoh to be related to two other cases Plaintiff has filed against three other entirely different companies, and concerning two entirely different websites. Even cursory review of the different companies and websites in the three cases shows that, under the standard set forth in Local Rule 3-12(a), the instant case against Veoh is not related to the other two cases. There are no common parties other than Plaintiff. The movies alleged to be infringed are not the same in the three cases, nor are the causes of action pleaded identical. Veoh's service differs from the other two in several material respects, namely that Veoh does not systematically review the videos published on its system, does not advertise on its website, and does not charge fees in connection with or otherwise generate revenue from its service. In contrast, the defendants in both other cases advertise on their websites, and in one of the cases the service also sells videos. In one of the other cases, the defendants' website admits that they screen every video that they feature on their service. In the other unrelated case, the defendant's service does not allow community commenting features. All of these differences are material to the claims and defenses in Veoh's case.

Veoh operates a website at www.veoh.com, which provides a unique system for distributing television and video content that re-writes the rules of television broadcasting. The Veoh client software, installed on PCs or Macs, creates a virtual television network, a system that is able to distribute TV-quality, full-screen video to the hundreds of millions of users around the world via broadband internet connections. Anyone from the largest studio to up-and-coming independents to aspiring enthusiasts can broadcast without the constraints of cost, capacity or geography.

As can be seen from Exhibit A to the Declaration of Paul M. Fakler ("Fakler Decl."), submitted herewith, and may be confirmed by visiting the www.veoh.com website, there are no advertisements displayed in connection with the Veoh service. Also, no fees are charged to users for viewing videos published on the Veoh service, nor are any membership fees charged. Veoh

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

OPPOSITION TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES ARE RELATED
C 06-3926 (HRL)

members are not solicited or attracted to any other service, paid or not, offered by Veoh or any other party. In short, no revenues flow to Veoh from the Veoh service. Notably, in its Complaint, Plaintiff does not allege that Veoh collects any money from its service.

The first case that Plaintiff seeks to have declared related to this case is *IO Group, Inc. v. Data Conversions, Inc.*, No C-06-5162. That case is based upon video streamed at the www.pornotube.com website. As its name signals, that website is devoted solely to the distribution of pornographic video, audio and photographs. Fakler Decl. ¶5 and Ex. B.

As can be seen from Exhibit B, and may be confirmed by visiting the www.pornotube.com website, that website features advertisements while the video is playing. On the particular internal page in Exhibit B, for example, the website displays the following advertisements, which contain links that re-direct the user to websites for the advertisers: "LITEROTICA.com SexStories"; "Napster of Porn"; and "HORNY? GET LAID TONITE!!!" In Plaintiff's Complaint in that case, Plaintiff alleges not only this advertising, but also that the defendant markets its separate, paid video-on-demand service at the free website.

The second case that Plaintiff seeks to have declared related to this case is *IO Group, Inc. v. Webnovas Technologies, Inc.*, No C-06-5334. That case is based upon video streamed at the www.xtube.com website. As its name signals, that website is, like the first website, devoted solely to the distribution of pornographic video, audio and photographs. Fakler Decl. ¶8 and Ex. C.

As can be seen from Exhibit C, and may be confirmed by visiting the www.xtube.com website, that website features advertisements on the home page and while the video is playing. On the home page, as shown in the second screen-shot, the www.xtube.com website offers pornographic videos for sale. As the third screen-shot shows, numerous advertisements are displayed while a user watches a video. In its Complaint in that case, Plaintiff alleges not only this commercial activity, but also that the defendants use the free service to attract customers for their separate, paid video-on-demand website. Additionally, the operators of the www.xtube.com website admit that they screen every video clip posted to their service. Fakler Decl. ¶12 and Ex. D.

In order to justify a finding that Plaintiff's case against Veoh is related to Plaintiff's other

-2-

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

OPPOSITION TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES ARE RELATED
C 06-3926 (HRL)

two cases, Plaintiff must demonstrate that the three cases "concern substantially the same parties, property, transaction or event" and that "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Local Rule 3-12(a). Plaintiff has utterly failed to make the required showing. Instead, Plaintiff merely presents conclusory assertions that cannot withstand review of the cases and facts.

First, Plaintiff claims that the parties are substantially the same merely because Plaintiff has brought all three actions. Plaintiff ignores the obvious facts that the defendants in all three actions are unrelated and separate companies, operating completely different businesses. If Plaintiff's argument were correct, all cases brought by a given company would be related. Obviously no efficiencies to anyone other than Plaintiff would be created by such a rule, and unrelated defendants would be forced to coordinate their different defenses. Considering there are five parties that would be affected by a finding of related cases, only one, the Plaintiff, is common to the three cases. It cannot fairly be said that the parties in all three cases are "substantially the same."

Next, Plaintiff argues that the three cases concern substantially the same property, claiming that all three cases pertain to Plaintiff's copyrighted pornographic films. As a preliminary matter, the mere fact that a plaintiff is suing unrelated defendants for allegedly infringing copyrights it claims to own cannot be sufficient to show that the cases are related. More importantly, however, each of the three Complaints lists *different* pornographic films that Plaintiff claims were allegedly infringed by each defendant. Thus, the specific properties actually involved in the three cases are not substantially the same.

Plaintiff next argues that all three cases involve the same allegedly "unique" legal question, which Plaintiff formulates as "whether a website that displays video content contributed by others without authorization from the copyright owner can be held liable for copyright infringement." Plaintiff's argument proves too much. At this level of generality, Plaintiff's description would render almost all copyright infringement cases related. Focusing on the actual claims in the Complaints and the actual websites at issue, it is clear that the facts and issues in Veoh's case are

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

OPPOSITION TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES ARE RELATED
C 06-3926 (HRL)

very different than those in the other two cases.

First, Veoh notes that the other two Complaints include a cause of action, for misappropriation of right of publicity, which is not included in the Complaint against Veoh. Moreover, the legal issues raised in the copyright claims contained in all three cases are highly fact-specific. The claims of contributory and vicarious liability require particularized showings of each defendant's knowledge, direct financial benefit, and ability to control the alleged infringement. *Ellison v. Robertson*, 357 F.3d 1072, 1076, 1077-80 (9th Cir. 2004). Additionally, Section 512 of the Copyright Act provides a defense to Internet service providers such as Veoh. That defense requires a fact-specific evaluation of whether a particular defendant satisfies the statutory definition of a covered service provider, as well as further analysis of knowledge, direct financial benefit and ability to control the infringement. *Id.* at 1080-81. Finally, Veoh has pleaded a fair use defense, which requires another ad hoc, fact-specific analysis. Simply put, the legal issues in the three cases are far from "identical" as claimed by Plaintiff. Nor are the facts the same. This case will surely not turn on any "expert testimony regarding technology" as Plaintiff claims. Even if it did, however, there is no reason to believe (and Plaintiff has not given us any) that the technology used by the three unrelated websites is the same. Indeed, Plaintiff's Complaint acknowledges that the Veoh service utilizes client software, which the other two websites do not.

Review of the three websites at issue clearly shows that Veoh's website differs from the websites at issue in the other two cases in other material ways that both eliminate any alleged efficiencies from combining the cases, but also render conflicting results unlikely. Separate judgments against unrelated defendants offering materially different services and based upon fact-specific analyses cannot possibly be inconsistent. As noted above, one important factual determination in the three cases is the direct financial benefit to the defendant from the alleged infringement. Veoh does not generate any payments from its service, nor does Plaintiff allege any payments in its Complaint. There is no advertising or fees associated with the service, and Veoh does not solicit its users for any other service, paid or otherwise. Fakler Decl. ¶4 and Ex. A. In contrast, the defendants in both of the other cases feature advertisements on their websites and

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

OPPOSITION TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES ARE RELATED
C 06-3926 (HRL)

solicit free users to join related pay services. Fakler Decl. ¶¶6-11 and Ex. B-C. These facts alone place Veoh on very different footing from the defendants in the other two cases.

Knowledge is also a highly fact-specific finding, which cannot possibly be the same in all three cases. Indeed, the www.xtube.com website that is the subject of one of the other two cases acknowledges that those defendants screen every video that is uploaded to their website, a fact that is material to both knowledge and ability to control the allegedly infringing conduct. Fakler Decl. ¶12 and Ex. D. Finally, the service at issue in one of the other cases does not include a community comment function for the videos, which is a significant factor in any fair use analysis. Fakler Decl. ¶7.

Although Plaintiff would obviously like to gain some marginal efficiency for itself by combining all of its pending litigation against unrelated companies before this Court, its case against Veoh is simply not related to the other two cases. Veoh would be prejudiced by being lumped in with the other two services, which are materially different in a number of ways from Veoh's service. Because the three cases have (i) no common parties other than Plaintiff; (ii) different movies were allegedly infringed; and (iii) defendants offering services that differ in material ways relevant to the key issues of knowledge, direct financial benefit and ability to control the allegedly infringing conduct, Plaintiff's Administrative Motion must be denied.

Dated: October 19, 2006

Respectfully submitted,
THELEN REID & PRIEST LLP

By:  /s/ Paul M. Fakler
PAUL M. FAKLER (pro hac vice)
MICHAEL S. ELKIN

THELEN REID & PRIEST LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-2000
Facsimile: (212) 603-2001

DEAN A. MOREHOUS
THELEN REID & PRIEST LLP
101 Second Street
Suite 1800
San Francisco, CA 94105

-5-

| | |
|---|---|
| 1 | |
| 2 | Telephone: (415) 371-1200<br>Facsimile: (415) 371-1211 |
| 3 | Attorneys for Defendant<br>VEOH NETWORKS, INC. |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

-6-

OPPOSITION TO ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES ARE RELATED
C 06-3926 (HRL)