DEAN A. MOREHOUS (CA Bar No. 111841) dam@thelenreid.com
THELEN REID & PRIEST LLP
101 Second Street
Suite 1800
San Francisco, CA 94105
Telephone: (415) 371-1200
Facsimile: (415) 371-1211

MICHAEL S. ELKIN (*pro hac vice*) melkin@thelenreid.com
PAUL M. FAKLER (*pro hac vice*) pfakler@thelenreid.com
THELEN REID & PRIEST LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-2000
Facsimile: (212) 603-2001

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br>Plaintiff,<br>vs.<br>VEOH NETWORKS, INC., a California corporation,<br>Defendant. | Case No.: C06-3926 HRL |
| IO GROUP, INC.,<br>Plaintiff,<br>vs.<br>DATA CONVERSIONS, INC., a South Carolina corporation d/b/a/ AEBN and pornotube.com,<br>Defendant. | Case No.: C06-5162 HRL |
| IO GROUP, Inc.,<br>Plaintiff,<br>vs.<br>WEBNOVAS TECHONOGIES, INC., a Canadian business entity type unknown, and GONETMARKET, INC., a Nevada corporation,<br>Defendants. | Case No.: C06-5334 JSW<br><br>**DECLARATION OF PAUL M. FAKLER IN OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

-1-

I, PAUL M. FAKLER, declare:

1. I am an associate of the law firm of Thelen Reid & Priest LLP, attorneys of record for Defendant Veoh Networks, Inc. ("Veoh"), in the above-entitled action. I am admitted to practice in the State of New York and have been admitted *pro hac vice* in this action. The following matters are true of my own personal knowledge and if called upon to do so, I could and would competently testify thereto.

2. Plaintiff, IO Group, Inc. ("IO Group") has filed an Administrative Motion To Consider Whether Cases Should Be Related (styled as a "Notice of Related Cases"), requesting that the Court declare the instant case against Veoh to be related to two other cases Plaintiff has filed against three other entirely different companies and related to two entirely different websites. I respectfully submit this Declaration to place before the Court some basic facts that plainly show that the cases are not related.

3. Veoh operates a website at www.veoh.com, which provides a unique system for distributing television and video content that re-writes the rules of television broadcasting. The Veoh client software, installed on PCs or Macs, creates a virtual television network, a system that is able to distribute TV-quality, full-screen video to the hundreds of millions of users around the world via broadband internet connections. Anyone from the largest studio to up-and-coming independents to aspiring enthusiasts can broadcast without the constraints of cost, capacity or geography. Preview clips of the videos are also made available at the www.veoh.com website. A true and correct copy of a screen-shot of the home page and an internal page from the www.veoh.com website, showing what the website looks like while a video is streaming, is attached hereto as Exhibit A.

4. As can be seen from Exhibit A, and may be confirmed by visiting the www.veoh.com website, there are no advertisements displayed in connection with the Veoh service. Also, no fees are charged to users for viewing videos published on the Veoh service, nor are any membership fees charged. Veoh members are not solicited or attracted to any other service, paid or not, offered by Veoh or any other party. In short, no revenues flow to Veoh from

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

DECLARATION OF P. FAKLER IN OPPOSITION TO ADMINISTRATIVE
MOTION TO CONSIDER WHETHER CASES ARE RELATED
C 06-3926 (HRL)

the Veoh service. Notably, in its Complaint, Plaintiff does not allege that Veoh collects any money from its service.

5. The first case that Plaintiff seeks to have declared related to this case is *IO Group, Inc. v. Data Conversions, Inc.*, No C-06-5162. That case is based upon video streamed at the www.pornotube.com website. As its name signals, that website is devoted solely to the distribution of pornographic video, audio and photographs. A true and correct copy of a screen-shot of the home page and an internal page from the www.pornotube.com website, showing what the website looks like while a video is streaming is attached hereto as Exhibit B.

6. As can be seen from Exhibit B, and may be confirmed by visiting the www.pornotube.com website, that website features advertisements while the video is playing. On the particular internal page in Exhibit B, for example, the website displays the following advertisements, which contain links that re-direct the user to websites for the advertisers: "LITEROTICA.com SexStories"; "Napster of Porn"; and "HORNY? GET LAID TONITE!!!"

7. The service at www.pornotube.com does not allow members to post comments about the video clips.

8. In Plaintiff's Complaint in that case, Plaintiff alleges not only this advertising, but also that the defendant markets its separate, paid video-on-demand service at the website.

9. The second case that Plaintiff seeks to have declared related to this case is *IO Group, Inc. v. Webnovas Technologies, Inc.*, No C-06-5334. That case is based upon video streamed at the www.xtube.com website. As its name signals, that website is, like the first other website, devoted solely to the distribution of pornographic video, audio and photographs. A true and correct copy of two screen-shots of the home page and one internal page from the www.xtube.com website, showing what the website looks like while a video is streaming is attached hereto as Exhibit C.

10. As can be seen from Exhibit C, and may be confirmed by visiting the www.xtube.com website, that website features advertisements on the home page and while the video is playing. On the home page, as shown in the second screen-shot, the www.xtube.com

-3-

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

DECLARATION OF P. FAKLER IN OPPOSITION TO ADMINISTRATIVE
MOTION TO CONSIDER WHETHER CASES ARE RELATED
C 06-3926 (HRL)

website offers pornographic videos for sale. As the third screen-shot shows, numerous advertisements are displayed while a user watches a video.

11. In its Complaint in that case, Plaintiff alleges not only this commercial activity, but also that the two defendants in that case attracts customers for their separate, paid video-on-demand website.

12. The service at www.xtube.com is also materially different from Veoh's service because www.xtube.com admits that every video clip uploaded to the service is screened by the defendants in that case, a fact that is highly relevant to the issues of knowledge and ability to control the allegedly infringing conduct. A true and correct copy of a screen-shot showing this admission is attached hereto as Exhibit D.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in New York, New York on the 19th of October, 2006.

/s/ Paul M. Fakler
PAUL M. FAKLER (pro hac vice)

THELEN REID & PRIEST LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 603-2000
Facsimile: (212) 603-2001


Attorneys for Defendant
VEOH NETWORKS, INC.