# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VEOH NETWORKS, Inc, a California Corporation,<br><br>Defendant. | CASE NO: C-06-03926 (HRL)<br><br>RELATED CASES: C-06-05162 (HRL)<br>C-06-05334 (HRL)<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>Date: December 5, 2006<br>Time: 1:30 p.m.<br>CtRm: 2 |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:** Plaintiff produces and owns the copyright to various erotic audiovisual works under the trade names TitanMedia® and TitanMen®. Defendant owns and operates the website veoh.com. Visitors to the Veoh website may submit audiovisual works for viewing. Plaintiff alleges that users submitted infringing copies of plaintiff owned audiovisual works to veoh.com, that defendant copied the audiovisual works and published the audiovisual works by and through the website veoh.com. Plaintiff contends that the defendant's actions constitute direct infringement and that defendant is also secondarily liable for the infringing acts of the users who submitted the works to the website.

Veoh denies the allegations made in plaintiff's complaint, including plaintiff's allegations that has violated or infringed any rights claimed by plaintiff. Veoh also asserts a number of affirmative defenses to plaintiff's claims, including, but not limited to:

- the bar against plaintiff's claims created by the statutory immunity granted to service providers under 17 U.S.C. § 512;
- plaintiff's secondary liability claims are barred because plaintiff cannot establish the primary liability of Veoh's users because the conduct of Veoh's users constitutes a *de minimus* use or fair use;

1

JOINT CASE MANAGEMENT STATEMENT
C-06-03926 (HRL)

- Veoh's s products and services are staple items of commerce with substantial non-infringing uses;
- Veoh neither encouraged nor induced any user to infringe any allegedly copyrighted work;
- Veoh's alleged conduct constitutes fair use;
- Veoh has obtained no financial benefit from the alleged infringing activity and,
- Veoh does not control the actions of users who choose to post material on its website.

2. **The principal factual issues which the parties dispute:** At this stage in the litigation, it is unclear what facts may be in dispute. The parties have, however, identified the following areas of factual dispute:

- Whether defendant reviews material before it is posted on Veoh's website;
- Whether plaintiff owns and has obtained valid copyright registrations for the content in question;
- Facts bearing on Veoh's right to claim the statutory immunity created by 17 U.S.C. § 512; and,
- Facts and figures relating to damages, including the issue of whether plaintiff has suffered any damage whatsoever from any conduct alleged to have been committed by Veoh.

3. **The principal legal issues which the parties dispute:** The ultimate legal issue in dispute is whether or not defendants are liable for copyright infringement. Also:

- Whether Veoh engaged in direct infringement of plaintiff's works;
- Whether or not Veoh is shielded from liability under the safe harbor provisions of 17 U.S.C. §512;
- Whether or not Veoh is an internet service provider as defined under 17 U.S.C. §512;
- Whether defendant had the right and ability to control the actions of individuals who submit material to the veoh.com website;
- Whether or not Veoh obtained any financial benefit from the allegedly infringing acts of persons who allegedly submitted plaintiff's works to the Veoh website;
- The viability of all defenses raised by defendant in its answer to the complaint.

4. **The other factual issues** *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* **which remain unresolved for the reason stated below and how the parties propose to resolve those issues:** Service of process, subject matter jurisdiction, subject matter jurisdiction and venue are not in dispute.

5. **The parties which have not been served and the reasons:** None

6. **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:** None at this time.

7. **The following parties consent to assignment of this case to a United States Magistrate Judge for jury trial:** Both parties consent to assignment of this case to United States Magistrate Judge Lloyd for trial.

### ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

- ☐ **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)* _____.

- ☐ **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** *(specify process):* _____.

- ☒ **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for:** The parties agree that a settlement conference is appropriate, but differ on the timing. Plaintiff prefers an early settlement conference, while Veoh prefers a settlement conference later in the case.

- ☐ **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request** [or a party separately requests] **is settlement conference.**

9. **Please indicate any other information regarding ADR process or deadline.** Plaintiff requests that the ADR Department assign the parties in the related cases C-06-05162 (HRL) and C-06-05334 (HRL) to the same magistrate judge. Veoh objects to assignment to any joint ADR process with the other defendants in the related cases.

### DISCLOSURES

10. **The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]*: Parties agreed to exchange initial disclosures by January 15, 2007.

### DISCOVERY

11. **The parties agree to the following discovery plan** *[Describe the plan e.g., any limitation on the number, duration or subject matter for various kinds of discovery; discovery from experts; deadlines for completing discovery]*:

Parties agreed to follow the limitations for discovery as set by the Federal Rules of Civil Procedure, neither expanding nor contracting the amount of discovery allowed.

1  Parties have delayed making discovery cut off dates until after the trial date is selected.

2

3                              **TRIAL SCHEDULE**

4      **12. The parties request a trial date as follows:** _____ or the earliest date
available thereafter.
5

6      Parties have not selected a trial date.

7      **13. The parties expect that the trial will last for the following number of days:**

8      Parties believe trial will last approximately ten days but could vary significantly
depending on whether any aspects of the trial are combined with related cases and whether or not
9  certain issues can be resolved in advance through summary judgment. Veoh objects to any joint
or consolidated trial with the defendants in the related cases.
10

11

12

13  **Dated:**_____        _____
                                            Gill Sperlein
14                                          THE LAW OFFICE OF GILL SPERLEIN
                                            for Plaintiff
15

16                                          *[signature]*

17  **Dated:** November 21, 2006            _____
                                            Dean A. Morehous
18                                          THELEN REID & PRIEST LLP
                                            for Defendant
19

20

21

22                           **CASE MANAGEMENT ORDER**

23      The Case Management Statement and Proposed Order is hereby adopted by the
Court as the Case Management Order for the case and the parties are ordered to comply
24  with this Order. In addition the Court orders:

25
        *[The Court may wish to make additional orders, such as:*
26      *a. Referral of the parties to court or private ADR process;*
        *b. Schedule a further Case Management Conference;*
27      *c. Schedule the time and content of supplemental disclosures;*
        *d. Specially set motions;*
28

                                        4

    e. Impose limitations on disclosure or discovery;
    f. Set time for disclosure of identity, background and opinions of experts;
    g. Set deadlines for completing fact and expert discovery;
    h. Set time for parties to meet and confer regarding pretrial submissions;
    I. Set deadline for hearing motions directed to the merits of the case;
    j. Set deadline for submission of pretrial material;
    k. Set date and time for pretrial conference;
    l. Set a date and time for trial.]

Dated: _____    _____
**HOWARD R. LLOYD**
**UNITED STATES MAGISTRATE JUDGE**

JOINT CASE MANAGEMENT STATEMENT
C-06-03926 (HRL)