GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>    Plaintiff,<br><br>        vs.<br><br>VEOH NETWORKS, Inc., a California Corporation,<br><br>    Defendant. | ) CASE NO.: **C-06-03926 (HRL)**<br>)<br>) NOTICE OF MOTION AND MOTION TO<br>) COMPEL PRODUCTION OF DOCUMENTS<br>) REQUESTS NUMBERED 2, 4, 5, 7, 8, 9, 10, 11,<br>) 12, 14, 16, 21, 22, 23 and 24.<br>)<br>) DATE:  April 10, 2007<br>) TIME:   10:00 a.m.<br>) COURTROOM:  2<br>)<br>) Discovery Cut Off:  April 30, 2007<br>) Pre-Trial Conference Date:  October 18, 2007<br>   Trial Date:  October 24, 2007 |

TO: DEFENDANT VEOH NETWORKS, INC. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON April 10, 2007 at 10 a.m., or as soon thereafter as

the matter maybe heard in the above-entitled Court located at 280 South First Street, San Jose,

California, Courtroom 2, plaintiff will and hereby does move this Court for an order compelling

Defendant Veoh Networks, Inc. to produce documents.   This motion is made on the grounds that

said documents are relevant to the subject matter of the action and do not relate to privileged

matters, and defendant's refusal to produce is without justification.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     This motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Gill Sperlein, and the Requests for Production of Documents and defendant's responses, copies of which are attached hereto as Exhibit A.

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. v

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I.  INTRODUCTION ......................................................................................................... 1

II.  STATEMENT OF FACTS .......................................................................................... 2

A.  Background and Plaintiff's Allegations ..................................................................... 2

B.  Plaintiff's Discovery Requests and Meet and Confer Efforts ................................. 4

III.  ARGUMENT ............................................................................................................. 5

A. Defendant Improperly Relies on Boilerplate Objections ......................................... 5

B. Overbroad, Burdensome and Oppressive .................................................................. 6

C. Vague, Ambiguous and Unintelligible ....................................................................... 7

D.  Privileged................................................................................................................... 8

E.  Private and Confidential  ........................................................................................... 8

F.  Relevancy of Specific Request for Production in Dispute....................................... 9

Request Number 2........................................................................................................ 10

Request Number 4........................................................................................................ 11

Request Number 5........................................................................................................ 11

Request Number 7........................................................................................................ 12

Request Number 8........................................................................................................ 13

Request Number 9, 10, 11, and 12. ............................................................................ 14

Request Number 14...................................................................................................... 16

Request Number 16...................................................................................................... 17

Request Number 21. ...................................................................................... 18

Request Number 22. ...................................................................................... 18

Request Number 23. ...................................................................................... 19

Request Number 24. ...................................................................................... 20

CONCLUSION ............................................................................................... 21

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)

## TABLE OF AUTHORITIES

### CASES

*A&M Records v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ........................................ 2

*A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186 (D. Cal. 2006) ................................ 6

*Centurion Industries, Inc. v. Warren Steurer & Associates*, 665 F.2d 323 (10th Cir. 1981) .......... 9

*Eureka Financial Corp. v. Harford Acc.& Indem. Co.*, 136 F.R.D. 179 (E.D. Cal. 1991) ............. 8

*Federal Open Market Committee v. Merrill*, 443 U.S. 340, 99 S. Ct. 2800, 61 L. Ed. 2d 587 (1979)

.......................................................................................................... 9

*Holmes v. Teer*, 2006 U.S. Dist. LEXIS 40849 (D. Cal. 2006) ...................................... 7

*Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248 (D. Kan. 1993) ........... 9

*Kaufman v. Board of Trustees*, 168 F.R.D. 278 (D. Cal. 1996) ..................................... 6

*Liew v. Breen*, 640 F.2d 1046 (9th Cir. 1981) .................................................... 9

*MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (U.S. 2005) .................................... 2

*Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985) ............................ 6

*Paulsen v. Case Corp.*, 168 F.R.D. 285 (C.D. Cal. 1996) ..................................... 6, 9

*Ramirez v. County of Los Angeles*, 231 F.R.D. 407 (C.D.Cal. 2005) ............................... 5

*Santa Fe Railway Co. v. United States District Court*, 408 F.3d 1142 (9th Cir. 2005) ............. 5

*United States v. Construction Prods. Research*, 73 F.3d 464 (2d Cir. 1996) ....................... 8

*United States ex rel. Englund v. Los Angeles*, 235 F.R.D. 675 (D. Cal. 2006) ..................... 7

### STATUTES

17 U.S.C. § 512 .................................................................................. 2, 3

F.R.P.C. 26(b) ................................................................................... 6, 9

### TREATISE

8 C. Wright and A. Miller, Federal Practice and Procedure § 2008, at 41 (1970) ...................... 9

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)

**POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff is the producer and copyright holder for various adult films.  Veoh Networks operates a website identified by the url veoh.com.  Visitors to the Veoh website may submit audiovisual works for viewing.  Joint CMC Statement at ¶1.  Plaintiff filed this action for copyright infringement against Veoh Networks on June 23, 2006.  This court granted plaintiff's motion to relate this case to *Io Group, Inc. v. Data Conversions, Inc*. C-06-5162 (HRL) and *Io Group, Inc. v. Webnovas, Inc*.  C-06-5334 (HRL).  The Court held a Case Management Conference on December 5, 2006, setting fact discovery cutoff for April 30, 2007 and trial for September 24, 2007.  The parties met for a settlement conference before Magistrate Judge Seeborg on February 12, 2007, but were unable to reach settlement.

Plaintiff propounded it First Set of Request for Production on January 9, 2007.  Sperlein Declaration at ¶3.  In its written Responses dated February 12, 2007, Defendant Veoh raised numerous boilerplate objections and refused to produce documents responsive to most of plaintiff's requests.  *Id*. at ¶5.  Plaintiff seeks court assistance requiring defendant to file supplemental responses that: 1) exclude improper objections; 2) clearly state when documents have been withheld subject to any valid objection; 3) detail what documents have been searched for by Veoh; and 4) provide a privilege log for any assertions of privilege.  Additionally, Plaintiffs request that the Court compel defendant to search for and produce documents that are responsive to plaintiff's requests.

-1-

## II. STATEMENT OF FACTS

### A.  Background and Plaintiff's Allegations

The significance of this case is profound and plaintiff should be given an every opportunity to discover facts relevant to its claims.  The Internet has had a huge impact on the availability, searchablity, and transfer of knowledge.  Unfortunately, such changes in information technology always bring new challenges to copyright.  As a result Congress passed sweeping new legislation in 1999 in the form of the Digital Millennium Copyright Act (DMCA).  Relevant portions of the Act were codified at 17 U.S.C. §512.  This legislation seeks a balance between the free flow of ideas and the rights of copyright holders.  Courts are increasingly faced with the task of determining how both newly established and former copyright laws should be applied in a new digital age.

For example, in *A&M Records v. Napster* the Ninth Circuit upheld the District Court's granting of a preliminary injunction where it found plaintiffs were likely to succeed on their allegations of secondary liability for copyright infringement.  *A&M Records v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001).   Napster was built as a centralized indexing system.  That is to say, Napster operated a central server which indexed files residing on individuals' computers. Individuals used the Napster-maintained index to locate and trade the files, including infringing files, located on the computers of other individuals.  *Id.* at 1010.

In *Grokster* the defendants developed software creating a decentralized indexing system. *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 921 (2005).  Individuals maintained indexes of files on their own computers.  They then used defendants' free software to search the indexes maintained by other individuals and then trade the files residing on the computers of other users. Nonetheless, the Court found liability because defendants had actively induced its customers to

use its free software to trade copyrighted files. *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005).

In each of the above cases, the Courts found that the defendants were liable for secondary infringement but for very different reasons. Plaintiff now asks the Court to look at a new technology and determine if Veoh (and the related defendants) have also run afoul of federal copyright laws, by providing the vehicle for, and assisting in, the unauthorized copying, distribution and public display of plaintiff's works by and through veoh.com.

Plaintiff alleges that Veoh not only maintains a centralized index on its servers, but it actually licenses and maintains the infringing files on its system and under its complete control. Moreover, plaintiff believes Veoh created the infringing files itself, by transcoding user-submitted files into flash format so the newly Veoh-created files can readily be distributed and publicly displayed by and through the Veoh System. Plaintiff seeks to marshal evidence to present to the Court so that it can engage in a meaningful analysis of the facts to the law. Defendant's attempts to thwart plaintiff's efforts to gather essential evidence under the broad provisions of the Federal Rules of Civil Procedure should not be tolerated.

Among other things, plaintiff seeks to prove that Veoh is not eligible for the safe harbor provisions under 17 U.S.C. §512 because the infringing works were placed on its system through its own actions and not by the actions of its users. Plaintiff also seeks to prove that Veoh has the right and ability to control the infringing activity of the direct infringers and that it enjoys a direct financial benefit from those infringing activities, essential elements to defeating its immunity defense.

The documents plaintiff seeks from defendant through its First Set of Requests for Production of Documents are fundamental in proving essential elements of plaintiff's claims.

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)

Plaintiff drafted each and every request with the intent of obtaining documents which either provide specific evidence of defendant's knowledge and actions with regard to plaintiff's claims, or help identify additional documents that could serve that legitimate purpose.  Sperlein at ¶4.

### B.  Plaintiff's Discovery Requests and Meet and Confer Efforts

On January 9, 2007, plaintiff propounded its First Set of Request for Production of Documents consisting of twenty-five (25) separate requests.  *Id*. at ¶3.  Defendant Veoh Productions served written responses dated February 12, 2007.  *Id*. at ¶5.  Veoh's response included two pages of general boilerplate objections followed by specific responses, each of which consisted of a repetition of several of the boiler plate objections.  *Id*.  Defendant only agreed to produce documents responsive to nine (9) of plaintiff's requests and most of those related to documents defendant had already produced with its initial disclosures.  *Id*. at ¶6.  For the remaining sixteen (16) requests, defendant flatly refused to produce any responsive documents. *Id*.  Veoh even objected to the location of production (plaintiff's offices).  *Id*.  It seems Veoh had already decided what it was willing to produce to plaintiff regardless of what plaintiff requested in discovery.

Parties conferred as required under Local Rule 37-1(a), but were only able to resolve a few of the contested issues. *Id*. at ¶¶7 and 9.  On February 16, 2007, plaintiff sent defense counsel a detailed letter outlining the need for the requested documents and pointing out the misapplication of Veoh's objections.  *Id*. at ¶7.  On February 23, 2007, attorneys conferred by telephone, reviewing each production request in detail.  *Id*. at ¶9.  Immediately following the conference, plaintiff's counsel sent a letter recapping the conference.  *Id*. at ¶10.  In that same letter plaintiff's counsel asked defense counsel to agree to a date for hearing this motion and requesting a specific date for the production of documents which Veoh had agreed to produce, but had not yet

delivered. *Id.* A full week has passed with no response whatsoever from defense counsel. *Id.* Veoh's strategy seems clear:  delay, resist, and delay some more.

Plaintiff has made all reasonable effort to work with defense counsel, but it is clear that Veoh is extremely adverse to production and prefers to expend time and money on a protracted discovery battle while at the same time bemoaning the costs associated with the production of documents to which plaintiff is clearly entitled.

## III.  ARGUMENT

### A.     Defendant Improperly Relies on Boilerplate Objections

Veoh prefaced its written responses to Plaintiff's First Set of Requests for Production with fourteen (14) boilerplate general objections. *Id.* at ¶5.  Veoh then repeated the boilerplate objections in response to individual requests for production.  Plaintiff stands in opposition to these boilerplate objections whether applied generally or specifically to a particular request.  The arguments set forth here apply equally to both general and specific application of the boiler plate objections.  Plaintiff addresses the specific application of relevancy objections in the discussion section following each of the Requests and Responses further below.

As a result of overuse of boilerplate objections and Veoh's continued refusal to clarify the reliance on those objections, in many instances plaintiff cannot determine whether defendant has actually withheld responsive documents.  "[I]t is well settled that all grounds for objection must be stated with specificity." *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D.Cal. 2005) (internal citation omitted); *See also Santa Fe Railway Co. v. United States District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005), *cert denied* 126 S. Ct. 428 (U.S.2005).  Indeed, where objections are too general they may be deemed to be waived. *Id.*  Accordingly, plaintiff respectfully seeks an order instructing defendant to: 1) respond to the Requests without reliance on now-waived

-5-

boilerplate responses listed herein; 2) identify what steps were taken in searching for documents and when a search was not conducted for documents in reliance on any objection; and 3) identify what documents were withheld subject to the objections. The objections at issue fall into the following types.

### B.    Overbroad, Burdensome and Oppressive

Veoh objects that plaintiff's requests are unduly broad, burdensome and oppressive. Defendant Veoh's Responses at ¶1, 5, 9, 11, 13 and 14 and Responses 1-9, 11-25.

Plaintiff maintains that none of its requests are overbroad and that each specifically seeks documents key to proving the required elements of plaintiff's case. "Federal Rule of Civil Procedure 26(b) is liberally interpreted to permit wide ranging discovery of all information reasonably calculated to lead to the discovery of admissible evidence." *Kaufman v. Board of Trustees*, 168 F.R.D. 278, (D. Cal. 1996).

"General or boilerplate objections such as "overly burdensome and harassing" are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 (D. Cal. 2006)(*Citing Paulsen v. Case Corp*., 168 F.R.D. 285, 289 (C.D. Cal. 1996). "[O]bjections that document requests [are] overly broad, burdensome, oppressive, and irrelevant [are] insufficient to meet objecting party's burden of explaining why discovery requests [are] objectionable." *Id. citing Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

In its initial meet and confer letter and again during the telephone conference, plaintiff's counsel repeatedly requested that defense counsel suggest alternative language that would limit the production request in such a manner that would be acceptable to Veoh. Defense counsel refused to do so. Sperlein at ¶¶7 and 9.

Moreover, Veoh's statements of burden are implausible even on their face. Veoh has only existed for several years. *Id*. at ¶12. Quite simply, there is a limited universe of documents that

could be responsive to Plaintiff's requests.  Furthermore, Veoh is a technology company and most responsive documents are likely to be in an electronic form which should facilitate locating, reviewing and producing the responsive documents.  Plaintiff has agreed to accept documents in tiff format.  *Id*.

Veoh's boilerplate objections that plaintiff's requests for production are overbroad, burdensome and oppressive are unwarranted and improper.

### C.    Vague, Ambiguous, and Unintelligible

Veoh objects that plaintiff's requests are vague, ambiguous, and/or unintelligible. Defendant Veoh's Responses at ¶5 and Responses 1, 4, 5, 7, 8, 11-12, 16-18, and 21-24.

Where a request for production can readily be understood and speaks for itself, a district court should overrule an objection based on vagueness.  *See Holmes v. Teer*, 2006 U.S. Dist. LEXIS 40849 (D. Cal. 2006); *United States ex rel. Englund v. Los Angeles*, 235 F.R.D. 675 (D. Cal. 2006).  In both the above cited cases, the party seeking to limit production at least identified the allegedly confusing phrase to the propounding party.  In it responses to requests Numbers 1, 4-5, 7-8, 16-18, and 21-24, Veoh simply objects that the requests are vague, ambiguous and/or unintelligible, but offers plaintiff no further explanation.  By contrast Veoh demonstrated in its responses to requests 11 and 12, that it understands the preferred way to make such an objection. In those responses, Veoh specifically identified the words "explicit material" and "sexually explicit material" as being vague and ambiguous.  Plaintiff immediately offered clarifying language and Veoh promptly refused to produce based on its other boilerplate objections.

If Veoh cannot understand what a particular request seeks, it should identify what language it believes to be vague.  Plaintiff stands ready to offer clarification.

**D.     Privileged**

Veoh objects that certain documents are privileged but provides no privilege log. Defendant Veoh's Responses at ¶2 and Responses 2-5, 7-13, 15 and 17-23.

With regard to defendant's objections based upon attorney-client privilege and work-product, defendant has not complied with FRCP 26 (b)(5)(A) which requires that, "[w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial -preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *United States v. Construction Prods. Research,* 73 F.3d 464, 473 (2d Cir. 1996); *See also Eureka Financial Corp. v. Harford Acc.& Indem. Co.*, 136 F.R.D. 179, 182 (E.D. Cal. 1991).

Notwithstanding defendant's failure to comply with Federal discovery rules, the documents plaintiff seeks in Request Nos. 2-5, 7-13, 15 and 17-23 are unlikely to qualify as either confidential attorney-client communications, or attorney work-product. Rather, they are internal defendant documents related to defendant's operation of veoh.com and the Veoh System. In the unlikely event that any of the documents sought are protected by the attorney-client or work-product privileges, defendant should produce a privilege log to that effect. Plaintiff's are entitled to production of all other documents sought.

**E.     Private and Confidential**

Veoh objects that it will not produce certain documents because it is under an obligation with third parties not to produce such documents without a court order or because certain documents are private and confidential. Defendant Veoh's Responses at ¶3, 4 and 10, and

Response 2 .  There is no absolute privilege for trade secrets and similar confidential information.  *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979); *Centurion Industries, Inc. v. Warren Steurer & Associates*, 665 F.2d 323, 325 (10th Cir. 1981).  "If defendant corporation believes that disclosure of this [class of] information might be harmful, it must explain and support its objection (*Nestle*, 135 F.R.D. at 104), or seek a protective order under Rule 26(c), rather than refuse to produce the documents."  *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (D. Cal. 1996).

The law is clear: parties seeking protection from discovery of confidential material must seek a protective order from the court, which defendants have failed to do.  Moreover, these issues could be addressed through a stipulated protective order which plaintiff's counsel has sought on several occasions.

**F.        Relevancy of Specific Requests for Production in Dispute**

Veoh objects generally and specifically that plaintiff's discovery requests are not relevant.  Defendant Veoh's Response at ¶6, and Responses 2-7, 9-12, 14, 16, 19-22 and 24.  "For discovery purposes 'relevancy' is a broad term. 8 C. Wright and A. Miller, Federal Practice and Procedure § 2008, at 41 (1970). Evidence itself need not be admissible at trial, but only need be 'reasonably calculated to lead to the discovery of admissible evidence.' Fed.R.Civ.P. 26(b)."  *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981).  "A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."  *Paulsen v. Case Corp.*, 168 F.R.D. 285, 288 (D. Cal. 1996)(*Citing Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D. Kan. 1993)).

The complaint Io Group, Inc. filed this action against Veoh Networks, Inc. includes causes of action for direct Copyright Infringement, Contributory Infringement and Vicarious

Infringement.  Issues relating to Io Group's claims include, among others, that: (1) Veoh made infringing copies of Io Group, Inc.'s copyrighted works; (2) Veoh knew or had reason to know that its users were publishing Io Group, Inc.'s copyrighted material by and through the Veoh system; (3) Veoh materially contributed to its users infringement, for example by providing the site, facilities and indexing capabilities permitting the infringement; (4) Veoh purported to license the works and had the right and ability to control the infringing activity; (5) Veoh received a financial benefit directly attributable to the infringing activity; and (6) *scienter*.  Plaintiff can prove the claims and elements just described in whole or in part by the relevant documents Veoh refuses to produce.

Request No. 2:

All DOCUMENTS which constitute, describe, refer to or relate to reports identifying the amount of daily traffic, hits, and/or visits to veoh.com since VEOH NETWORKS began operating veoh.com.

Response to Request No. 2:

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.  Veoh further objects to this request as overly broad, unduly burdensome, and oppressive.  Veoh further objects as calling for confidential information and/or trade secrets.

Discussion:

The documents requested are relevant.  When Veoh stopped allowing users to publish adult material through the Veoh system, traffic dropped significantly.  This drop is evidence of the value of adult material (including plaintiff's works) in drawing traffic to veoh.com.  It also speaks to the effectiveness of Veoh's filtering techniques (e.g. it was so successful in eliminating adult

content that the traffic normally drawn to such material disappeared over night).  The information sought is standard information that all websites regularly track and document.  Moreover, it is not material that is generally considered confidential.  Such documents are not privileged and production would not be overly burdensome.

Request No. 4:

All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT's procedures for verifying the accuracy and/or appropriateness of the categorization or indexing of content submitted to veoh.com for publication by and through veoh.com, including all original, draft, subsequent, or revised versions of such DOCUMENTS.

Response To Request No. 4:

Veoh objects to this request as vague and ambiguous.  Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.  Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Veoh further objects to this request as overly broad, unduly burdensome, and oppressive.

Discussion:

The requested documents speak to how much Veoh Networks reviewed content before publication and its reasons for performing such review.  As such the documents speak directly to Veoh ability to control the infringing activity.  To the extent the documents evidence an on hands review of the files prior to publication, they are also relevant to the issue of whether Veoh knew or should have known of the infringing activity.  Such documents are not privileged and production would not be overly burdensome.

 Request No. 5:

All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT's procedures for processing and handling content once submitted to veoh.com for publication by and through veoh.com.

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)

Response to Request No. 5:

Veoh objects to this request as vague and ambiguous. Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.

Discussion:

The request seeks documents relating to the procedures Veoh employed when handling content submitted to the Veoh system for publication. Such procedures are highly relevant and address the question of whether or not Veoh directly infringed plaintiff's works, i.e. did Veoh merely transfer files from one place to another or did it transcode the files into a different format. The procedures will also answer questions of how much Veoh reviewed the content before publication, again going to the issue of Veoh's ability to control the infringing activity. Such documents are not privileged and production would not be overly burdensome.

Request No. 7:

All DOCUMENTS which constitute, describe, refer to or relate to material used by VEOH NETWORKS to market veoh.com or to attempt to obtain capitol financing for VEOH NETWORKS, INC.

Response To Request No. 7:

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive, and as vague and ambiguous. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.

Discussion:

Plaintiff seeks documents relating to how Veoh presented itself to potential investors.  On earlier versions of veoh.com, Veoh boasted that it was different from other video sharing sites because it respected intellectual property rights and reviewed all material before publication.  Such statements go directly to Veoh's right and ability to control infringing activity.  Plaintiff seeks to determine if Veoh made these same statements to potential investors.  Plaintiff also seeks to prove that traffic to a website is valuable and therefore it is relevant if Veoh touted veoh.com's high traffic to potential investors.  Moreover, plaintiff seeks to learn whether Veoh openly discussed with potential investors, the fact that veoh.com obtained traffic from adult material and from infringing material.  Such documents are not privileged and production would not be overly burdensome.

Request No. 8:

All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT's policy or policies regarding the display by and through veoh.com of explicit material (whether such material is described as "explicit," "adult," "pornographic," "nude," "sexual" or any other similar word), including all original, draft, subsequent, or revised versions of such DOCUMENTS.

Response to Request No. 8:

Veoh objects to this request as vague and ambiguous.   Veoh further objects to this request as overly broad, unduly burdensome, and oppressive.  Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.  Veoh further objects to this request as argumentative.

Discussion:

Plaintiff seeks to obtain documents relating to Veoh's policies regarding the publication of adult material by and through the Veoh system.  Such documents are directly relevant.  Plaintiff seeks to know whether Veoh had the right and ability to control the appearance of adult material on the Veoh System, and whether Veoh's treatment of copyrights was different for adult material than non-adult material.  Such documents are not privileged and production would not be overly burdensome.

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)

1  **PRODUCTION REQUESTS 9, 10, 11 and 12**

2  Request No. 9:

3      All DOCUMENTS which discuss if or how 18 U.S.C. § 2257 and implementing

4  regulations at 28 C.F.R. 75.1 et seq. relate to VEOH NETWORK'S operations.

5  Response to Request No. 9:

6      Veoh objects to this request as seeking information outside the scope of permissible

7  discovery in that it seeks information that is not relevant to the subject matter of this action and is

8  not reasonably calculated to lead to the discovery of admissible evidence.  Veoh further objects to

9  this request as overly broad, unduly burdensome, and oppressive.  Veoh further objects to this

10  request to the extent that it calls for materials protected by the attorney-client privilege or attorney

11  work product doctrine.

12  Request No. 10:

13      All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S

14  policies for preventing child pornography from being published by and through veoh.com.

15  Response to Request No. 10:

16      Veoh objects to this request as seeking information outside the scope of permissible

17  discovery in that it seeks information that is not relevant to the subject matter of this action and is

18  not reasonably calculated to lead to the discovery of admissible evidence.  Veoh further objects to

19  this request as overly broad, unduly burdensome, and oppressive.  Veoh further objects to this

20  request to the extent that it calls for materials protected by the attorney-client privilege or attorney

21  work product doctrine.

22  Request No. 11:

23      All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S

24  policies for obtaining proof that individuals appearing in explicit material submitted to VEOH

25  NETWORK, INC. for publication by and through veoh.com were over eighteen years of age at the

26  time the material was produced.

27

28

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)

1  Response to Request No. 11:

2      Veoh objects to this request as seeking information outside the scope of permissible

3  discovery in that it seeks information that is not relevant to the subject matter of this action and is

4  not reasonably calculated to lead to the discovery of admissible evidence.  Veoh further objects to

5  this request as overly broad, unduly burdensome, and oppressive and vague and ambiguous as to

6  the term "explicit material."  Veoh further objects to this request to the extent that it calls for

7  materials protected by the attorney-client privilege or attorney work product doctrine.

8  Request No. 12:

9      All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S

10 policies for ensuring that any sexually explicit material VEOH NETWORKS transmitted by and

11 through veoh.com was properly labeled with information as to where the producer of such content

12 maintained records proving the individuals appearing in the material were over eighteen years of

13 age at the time the material was produced.

14 Response to Request No. 12:

15     Veoh objects to this request as seeking information outside the scope of permissible

16 discovery in that it seeks information that is not relevant to the subject matter of this action and is

17 not reasonably calculated to lead to the discovery of admissible evidence.  Veoh further objects to

18 this request as overly broad, unduly burdensome, and oppressive and as vague and ambiguous as

19 to the term "sexually explicit material."  Veoh further objects to this request to the extent that it

20 calls for materials protected by the attorney-client privilege or attorney work product doctrine.

21 **DISCUSSION RE REQUESTS 9, 10, 11 AND 12:**

22     The production, sale, and transfer of adult material is highly regulated and fraught with

23 risk, including the risk of inadvertently publishing images of underage performers, which carries

24 severe criminal penalties. The production, sale, and transfer of adult material is regulated by

25 federal law.  Such regulations are intended to ensure that persons under eighteen years old do not

26 appear in adult movies.  As a direct result of federal law, the name and address of the primary

27 producer of the adult material can be easily identified by simply examining the material, as all

28

-15-

adult content must be labeled with such information.  Veoh Networks elected to ignore these federal laws.

Plaintiff seeks to determine if Veoh ignored the law because: 1) following it would virtually eliminate adult material on the Veoh System; 2) Veoh sought to willfully blind itself from knowledge of infringing activity, i.e. Veoh preferred not to be privy to the name and address of the primary producer; 3) Veoh simply was not aware of the law; or 4) some other reason.

In light of Veoh's failure to follow the federal laws designed to prevent transfer of child pornography, plaintiff believes Veoh must have had some other plan.  However, any plan to prevent the introduction of child pornography onto the Veoh system is direct evidence of Veoh's right and ability to control what material is broadcast by and through the Veoh System.   On the other hand, if Veoh does not have a plan to filter child pornography from the system, it emphasizes the amount of risk Veoh was willing to endure in order to gain the financial benefits of using adult material to build traffic.

These questions bear directly on defendant's right and ability to control material published by and through the Veoh System, whether Veoh knew or should have known of the infringing activity, and the extent to which Veoh's infringing acts were willful.  Such documents are not privileged and production would not be overly burdensome.

Request No. 14:

All DOCUMENTS which discuss, refer to or relate to VEOH NETWORK, INC.'S ability to discover the true identity of individuals who submit content for publication by and through veoh.com.

Response to Request No. 14:

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Veoh further objects to this request as overly broad, unduly burdensome, and oppressive.

Discussion:

Plaintiff seeks to learn what measures Veoh took to obtain the identity of the individuals from whom it purported to license material to publish by and through the Veoh System.  Failure to properly identify such individuals is evidence of Veoh's attempt to willfully blind itself from the infringing activities of its users and therefore speak to Veoh's knowledge of the infringing activity.  Moreover, these documents could lead to the identification of the individuals who supplied Veoh with plaintiff's works and additional relevant evidence.  Such documents are not privileged and production would not be overly burdensome.

Request No. 16:

Electronic copies, in a readily viewable format, of all files containing adult material (whether such material is described as "explicit," "adult," "pornographic," "nude," "sexual" or any other similar word) ever published by and through veoh.com.

Response to Request No. 16:

Veoh objects to this request as overly broad, unduly burdensome, and oppressive and as vague and ambiguous.   Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Veoh further objects to this request as argumentative.

Discussion:

Plaintiff was in the process of reviewing the Veoh System for infringing copies of plaintiff's works and cataloguing those infringements, when Veoh, without warning, blocked access to all adult content on the Veoh System.  In order to complete its review and determine if there were additional infringements of its works, plaintiff must have the opportunity to review all adult material that was published by and through the Veoh System.   This material is directly relevant to plaintiff's claims.  This material is not privileged and would not be overly burdensome to produce.  The files are electronic and simply need to be transferred to a hard disk for production to plaintiff.  Plaintiff has repeatedly requested that Veoh engage in dialogue to discuss the amount of data and the most efficient manner for production, but Veoh has steadfastly refused.

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)

Request No. 21:

All DOCUMENTS which constitute, refer to or relate to DEFENDANT's ability to monetize veoh.com including, without limitation, through advertising revenue, video on demand fee sharing or any other means.

Response to Request No. 21:

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive and as vague and ambiguous.

Discussion:

Plaintiff seeks to obtain documents relating to how Veoh intends to make profits from the operation of the Veoh System. This information is directly relevant to the issue of whether Veoh obtained a direct financial benefit from the infringing activity. In short, Veoh enjoyed increased traffic to veoh.com because it allowed users to publish infringing content on the site. Veoh planned to use the increased traffic to raise venture capitol, to sell advertising on veoh.com and to sell other content on a pay per view basis. Plaintiff is entitled to receive all documents relating to these plans, as well as, documents relating to any other manner in which Veoh planned to obtain profits from the publication of content by and through Veoh System, including the publication of the infringing copies of plaintiff's works. Such documents are not privileged and production would not be overly burdensome.

Request No. 22:

All DOCUMENTS explaining how veoh.com and each of its features operates or was intended to operate, including without limitation, such DOCUMENTS given to employees or contractors tasked with designing, programming or constructing veoh.com.

-18-

1    Response to Request No. 22:

2         Veoh objects to this request as overly broad, unduly burdensome, and oppressive and as

3    vague and ambiguous.  Veoh further objects to this request to the extent that it calls for materials

4    protected by the attorney-client privilege or attorney work product doctrine.  Veoh further objects

5    to this request as seeking information outside the scope of permissible discovery in that it seeks

6    information that is not relevant to the subject matter of this action and is not reasonably calculated

7    to lead to the discovery of admissible evidence.

8    Discussion:

9         Plaintiff seeks to determine how the Veoh System is designed to operate.  Plaintiff seeks to

10   understand how content submitted by users progresses through the Veoh System, into what format

11   Veoh transcodes the audio visual files, and at what point Veoh makes copies of the material.

12   Plaintiff further seeks to understand how content is indexed on the system, how video files are

13   transmitted to users through Veoh's back end client, how and when Veoh makes clips and

14   thumbnail images of the video files for display through veoh.com.  Plaintiff further seeks to

15   understand how content is indexed on the Veoh System, how videos are placed into categories and

16   various other classes such as channels, "spot light", "most popular," "top rated," "most discussed,"

17   "top favorite", "run length," and "series".

18        These documents are directly related to whether or not Veoh directly infringed plaintiff's

19   works by making copies or engaging in other activities reserved for copyright holders.  The

20   documents also directly relate to Veoh's right and ability to control the content placed on the Veoh

21   System by its users and the amount to which Veoh was involved in the infringing activity.  Such

22   documents are not privileged and production would not be overly burdensome.

23   Request No. 23:

24        All DOCUMENTS with reference to or written policies, procedures and guidelines related

25   to DEFENDANT'S computers or computer systems including, without limitation, back up

26   schedules and procedures, electronic retention and preservation schedules, and file naming

27   conventions.

28

-19-

1    Response to Request No. 23:

2        Veoh objects to this request as overly broad, unduly burdensome, and oppressive.   Veoh

3    further objects to this request to the extent that it calls for materials protected by the attorney-client

4    privilege or attorney work product doctrine.  Veoh further objects to this request as vague and

5    ambiguous and unintelligible.

6    Discussion:

7        This request simply seeks records relating to Veoh's computer policies, procedures and

8    guidelines.  Such documents will allow plaintiff to identify locations where additional relevant

9    documents may reside.  Also, responsive documents will allow plaintiff to determine if other

10   produced documents are consistent with Veoh's policies relating to computers and computer files,

11   or if the records pertaining to this matter have been handled in some other matter.  Such

12   documents are not privileged and production would not be overly burdensome.

13   Request No. 24:

14       All DOCUMENTS identifying computers, equipment and software used in conjunction

15   with the operation of veoh.com.

16   Response to Request No. 24:

17       Veoh objects to this request as overly broad, unduly burdensome, and oppressive and as

18   vague and ambiguous.   Veoh further objects to this request as seeking information outside the

19   scope of permissible discovery in that it seeks information that is not relevant to the subject matter

20   of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

21   Objections to Response to Request No. 24:

22       This request seeks to identify the locations where additional relevant documents and

23   information may reside as well as an understanding of how the veoh.com website operates.

24   Depending on Veoh's response to discovery requests it may be necessary to propound additional

25   discovery including requests to take mirror images of defendant's hard drives or other computer

26   equipment.  In order to evaluate where to direct additional discovery, plaintiff must have an

27   understanding of the equipment the Veoh System is comprised of and where data resides.  Such

28   documents are not privileged and production would not be overly burdensome.

## IV. CONCLUSION

For all of the forgoing reasons the Court should order Veoh to produce all documents responsive to Plaintiff's Requests for Production Numbered 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 16, 21, 22, 23 and 24 later than ten (10) days from the date of the Court's order compelling production, to the extent all such documents have not been previously produced.

The Court should further order Veoh to produce all documents it has previously promised to produce no later than two (2) days from the date of the Court's order compelling production, to the extent such documents have not previously been produced.

Dated: March 2, 2007                    */s/ Gill Sperlein*

_____
GILL SPERLEIN
THE LAW OFFICE OF GILL SPERLEIN
Attorney for Plaintiff Io Group, Inc.

PLAINTIFF'S MOTION TO COMPEL
C-06-03926 (HRL)