1  Michael S. Elkin  (admitted *pro hac vice*)
   WINSTON & STRAWN LLP
2  200 Park Avenue
   New York, NY  10166-4193
3  Telephone:    212-294-6700
   Facsimile:     212-294-4700
4  Email: melkin@winston.com

5  Jennifer A. Golinveaux (SBN: 203056)
   WINSTON & STRAWN LLP
6  101 California Street, Suite 3900
   San Francisco, CA  94111
7  Telephone:    415-591-1000
   Facsimile:     415-591-1400
8  Email: jgolinveaux@winston.com

9  Attorneys for Defendant
   VEOH NETWORKS, INC.

10

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14  IO GROUP, INC., a California corporation,    Case No. C-06-3926 HRL

15            Plaintiff,                          DEFENDANT VEOH NETWORKS, INC.'S
                                                  RESPONSE TO PLAINTIFF'S FIRST SET
16            vs.                                 OF REQUESTS FOR THE PRODUCTION
    VEOH NETWORKS, INC., a California             OF DOCUMENTS
17  corporation,

18            Defendant.

19

20  PROPOUNDING PARTY:         PLAINTIFF IO GROUP, INC.

21  RESPONDING PARTY:          DEFENDANT VEOH NETWORKS, INC.

22  SET NUMBER:                ONE

23       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Veoh Networks, Inc.

24  ("Veoh") hereby responds to the First Set of Requests for the Production of Documents from

25  Plaintiff Io Group, Inc. ("Io") ("Io's First Document Requests"), as follows:

26

27

28
                                              1
    DEFENDANT VEOH NETWORKS, INC.'S RESPONSES TO 1ST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
                               CASE NO. C-06-3926 HRL
    SF:153160.4

## GENERAL OBJECTIONS

Veoh expressly incorporates the following General Objections as if set forth fully in response to each and every request for documents contained in Io's First Document Requests.

1. Veoh objects to each request as unduly burdensome and oppressive to the extent that it purports to require Veoh to inquire of Veoh's employees other than those employees that would reasonably be expected to have responsive information and to the extent it calls for documents that cannot readily be identified by Veoh on the basis of information in its possession, custody, or control. Veoh's responses are based upon (1) a reasonable search, given the time allotted to respond to the requests for documents, of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of Veoh's employees and/or representatives who could reasonably be expected to possess responsive information.

2. Veoh objects to each request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product privilege and/or any other applicable privilege. Such information will not be disclosed. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity recognized by statute or case law.

3. Veoh objects to each request to the extent that it purports to require Veoh to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Veoh will not provide such information without either the consent of the relevant third party or a court order compelling production.

4. Veoh generally objects to each and every request to the extent that it seeks information protected by a constitutional right of privacy or applicable privacy law.

5. Veoh objects to Io's First Document Requests in their entirety as overbroad, burdensome, oppressive, and vague.

6. Veoh objects generally to each request to the extent that it seeks information not reasonably related to the claims or defenses in this matter.

7.  Veoh objects to each request to the extent that it purports to impose any requirement or discovery obligation on Veoh other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

8.  Veoh responds to the requests with documents and information of which it is now aware and reserves the right to modify or amend its responses if and when it becomes aware of documents or information not reflected in its responses.

9.  Veoh objects generally to requests that call for extensive electronic production as overly broad, unduly burdensome, and oppressive. Additionally, where appropriate, Veoh reserves the right to seek cost-shifting for costs associated with electronic production of data stored in inaccessible or difficult or costly to access formats, and where otherwise appropriate.

10. Veoh objects to each request to the extent it purports to require Veoh to disclose trade secret or other confidential information.

11. Veoh objects to Io's First Document Requests to the extent that it seeks production of documents at Io's offices in San Francisco, California as unduly burdensome and oppressive. Responsive documents will be made available at Veoh's offices or at another location mutually agreed to by counsel.

12. Veoh objects to Io's First Document Requests to the extent they call for production on February 9, 2007 as seeking to impose a requirement on Veoh beyond what is required by the Federal Rules of Civil Procedure.

13. Veoh objects to the defined term "DOCUMENT" in Io's First Document Requests as unduly burdensome and oppressive and as seeking to impose a requirement or discovery obligation on Veoh beyond what is required by the Federal Rules of Civil Procedure.

14. Veoh objects to the defined term "IDENTIFY", as inappropriate for purposes of these document requests, as unduly burdensome, and as seeking to impose a requirement on Veoh beyond what is required by the Federal Rules of Civil Procedure.

**DOCUMENTS TO BE PRODUCED**

**REQUEST NO. 1:**

All DOCUMENTS required to be identified by DEFENDANTS in its initial disclosures under Fed. Rule Civ. Pro, 26.

**RESPONSE TO REQUEST NO. 1:**

Veoh objects to this request as overbroad and as vague and ambiguous.

Subject to and without waiving its general and specific objections, Veoh responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, and to the extent such documents have not already been produced to Plaintiff.

**REQUEST NO. 2:**

All DOCUMENTS which constitute, describe, refer to or relate to reports identifying the amount of daily traffic, hits, and/or visits to veoh.com since VEOH NETWORKS began operating veoh.com.

**RESPONSE TO REQUEST NO. 2:**

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive. Veoh further objects to this request as calling for confidential information and/or trade secrets.

**REQUEST NO. 3:**

All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT's procedures for approving or rejecting content submitted to veoh.com for publication by and through veoh.com, including all original, draft, subsequent, or revised versions of such DOCUMENTS.

**RESPONSE TO REQUEST NO. 3:**

Veoh objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as overly

broad, unduly burdensome, and oppressive. Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Veoh responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search and to the extent such documents have not already been produced to Plaintiff.

**REQUEST NO. 4:**

All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT's procedures for verifying the accuracy and/or appropriateness of the categorization or indexing of content submitted to veoh.com for publication by and through veoh.com, including all original, draft, subsequent, or revised versions of such DOCUMENTS.

**RESPONSE TO REQUEST NO. 4:**

Veoh objects to this request as vague and ambiguous. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive.

**REQUEST NO. 5:**

All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT's procedures for processing and handling content once submitted to veoh.com for publication by and through veoh.com.

**RESPONSE TO REQUEST NO. 5:**

Veoh objects to this request as vague and ambiguous. Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not

1  relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery
2  of admissible evidence. Veoh further objects to this request as overly broad, unduly burdensome,
3  and oppressive. Veoh further objects to this request to the extent that it calls for materials protected
4  by the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 6**:

All DOCUMENTS which constitute, describe, refer to or relate to press releases distributed by or on behalf of VEOH NETWORKS.

**RESPONSE TO REQUEST NO. 6**:

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive. Veoh further objects to the extent the request calls for documents that are publicly available, including at the Veoh.com website.

Subject to and without waiving its general and specific objections, Veoh responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search, to the extent such documents have not already been produced to Plaintiff, and to the extent such documents are not publicly available on the Veoh.com website.

**REQUEST NO. 7**:

All DOCUMENTS which constitute, describe, refer to or relate to material used by VEOH NETWORKS to market veoh.com or to attempt to obtain capitol financing for VEOH NETWORKS, INC.

**RESPONSE TO REQUEST NO. 7**:

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive, and as vague and ambiguous.

1  Veoh further objects to this request to the extent that it calls for materials protected by the attorney-
2  client privilege or attorney work product doctrine.

**REQUEST NO. 8:**

All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT'S policy or policies regarding the display by and through veoh.com of explicit material (whether such material is described as "explicit," "adult," "pornographic," "nude," "sexual" or any other similar word), including all original, draft, subsequent, or revised versions of such DOCUMENTS.

**RESPONSE TO REQUEST NO. 8:**

Veoh objects to this request as vague and ambiguous. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as argumentative.

**REQUEST NO. 9:**

All DOCUMENTS which discuss if or how 18 U.S.C. § 2257 and implementing regulations at 28 C.F.R, 75.1 et seq. relate to VEOH NETWORK'S operations.

**RESPONSE TO REQUEST NO. 9:**

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request as overly broad and unduly burdensome. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 10:**

All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC'S policies for preventing child pornography from being published by and through veoh.com.

**RESPONSE TO REQUEST NO. 10:**

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 11**:

All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S policies for obtaining proof that individuals appearing in explicit material submitted to VEOH NETWORK, INC. for publication by and through veoh.com were over eighteen years of age at the time the material was produced.

**RESPONSE TO REQUEST NO. 11**:

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive and as vague and ambiguous as to the term "explicit material." Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 12**:

All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S policies for ensuring that any sexually explicit material VEOH NETWORKS transmitted by and through veoh.com was properly labeled with information as to where the producer of such content maintained records proving the individuals appearing in the material were over eighteen years of age at the time the material was produced.

**RESPONSE TO REQUEST NO. 12**:

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to

1  this request as overly broad, unduly burdensome, and oppressive and as vague and ambiguous as to
2  the term "sexually explicit material." Veoh further objects to this request to the extent that it calls
3  for materials protected by the attorney-client privilege or attorney work product doctrine.

**REQUEST NO. 13:**

All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S policies for obtaining proof that individuals submitting material to VEOH NETWORK, INC. for publication by and through veoh.com are authorized to do so.

**RESPONSE TO REQUEST NO. 13:**

Veoh objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive.

Subject to and without waiving its general and specific objections, Veoh responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search and to the extent such documents have not already been produced to Plaintiff.

**REQUEST NO. 14:**

All DOCUMENTS which discuss, refer to or relate to VEOH NETWORK, INC.'S ability to discover the true identity of individuals who submit content for publication by and through veoh.com.

**RESPONSE TO REQUEST NO. 14:**

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive.

**REQUEST NO. 15:**

All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S policies regarding identifying and removing material from veoh.com that has not been authorized for such

1 use by the copyright holder, including all original, draft, subsequent, or revised versions of such
2 DOCUMENTS.
3 **RESPONSE TO REQUEST NO. 15:**
4     Veoh objects to this request as overly broad, unduly burdensome, and oppressive. Veoh
5 further objects to this request as calling for materials protected by the attorney-client privilege or
6 attorney work product doctrine.
7     Subject to and without waiving its general and specific objections, Veoh responds that it will
8 produce non-privileged documents that are responsive to this request, to the extent such documents
9 are found within its possession, custody, or control after a reasonable and diligent search and to the
10 extent such documents have not already been produced to Plaintiff
11 **REQUEST NO. 16:**
12     Electronic copies, in a readily viewable format, of all files containing adult material (whether
13 such material is described as "explicit," "adult," "pornographic," "nude," "sexual" or any other
14 similar word) ever published by and through veoh.com.
15 **RESPONSE TO REQUEST NO. 16:**
16     Veoh objects to this request as overly broad, unduly burdensome, and oppressive and as
17 vague and ambiguous. Veoh further objects to this request as seeking information outside the scope
18 of permissible discovery in that it seeks information that is not relevant to the subject matter of this
19 action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further
20 objects to this request as argumentative.
21 **REQUEST NO. 17:**
22     All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S policies
23 regarding identifying and removing from veoh.com material that has not been authorized for such
24 use by the copyright holder, including all original, draft, subsequent, or revised versions of such
25 DOCUMENTS.
26 **RESPONSE TO REQUEST NO. 17:**
27
28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  Veoh objects to this request as overly broad, unduly burdensome, and oppressive, and as
2  vague and ambiguous. Veoh further objects to this request to the extent that it calls for materials
3  protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to
4  this request as duplicative of request number 15.

**REQUEST NO. 18**:

All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S policies regarding repeat infringers, including all original, draft, subsequent, or revised versions of such DOCUMENTS.

**RESPONSE TO REQUEST NO. 18**:

Veoh objects to this request as overly broad, unduly burdensome, and oppressive, and as vague and ambiguous. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving its general and specific objections, Veoh responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search and to the extent such documents have not already been produced to Plaintiff

**REQUEST NO. 19**:

All DOCUMENTS which constitute, refer to or relate to cease and desist letters or DMCA take down notices requesting that VEOH NETWORKS remove or block access to material appearing on veoh.com.

**RESPONSE TO REQUEST NO. 19**:

Veoh objects to this request as overly broad, unduly burdensome, and oppressive. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT VEOH NETWORKS, INC.'S RESPONSES TO 1ST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C-06-3926 HRL

SF:153160.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Subject to and without waiving its general and specific objections, Veoh responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search and to the extent such documents have not already been produced to Plaintiff, that constitute "DMCA take down notices requesting that requesting that VEOH NETWORKS remove or block access to material appearing on veoh.com."

**REQUEST NO. 20:**

All DOCUMENTS which constitute, refer to or relate to DEFENDANT'S response to cease and desist letters or DMCA take down notices identified in Request for Production Number 19, above.

**RESPONSE TO REQUEST NO. 20:**

Veoh objects to this request as overly broad, unduly burdensome, and oppressive. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its general and specific objections, Veoh responds that it will produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search and to the extent such documents have not already been produced to Plaintiff, that constitute Veoh's response to " DMCA take down notices identified in Request for Production Number 19, above."

**REQUEST NO. 21:**

All DOCUMENTS which constitute, refer to or relate to DEFENDANT's ability to monetize veoh.com including, without limitation, through advertising revenue, video on demand fee sharing or any other means.

**RESPONSE TO REQUEST NO. 21:**

Veoh objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as overly broad, unduly burdensome, and oppressive, and as vague and ambiguous.

**REQUEST NO. 22:**

All DOCUMENTS explaining how veoh.com and each of its features operates or was intended to operate, including without limitation, such DOCUMENTS given to employees or contractors tasked with designing, programming or constructing veoh.com.

**RESPONSE TO REQUEST NO. 22:**

Veoh objects to this request as overly broad, unduly burdensome, and oppressive, and as vague and ambiguous. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 23:**

All DOCUMENTS with reference to or written policies, procedures and guidelines related to DEFENDANT'S computers or computer systems including, without limitation, back up schedules and procedures, electronic retention and preservation schedules, and file naming conventions.

**RESPONSE TO REQUEST NO. 23:**

Veoh objects to this request as overly broad, unduly burdensome, and oppressive. Veoh further objects to this request to the extent that it calls for materials protected by the attorney-client privilege or attorney work product doctrine. Veoh further objects to this request as vague and ambiguous and unintelligible.

**REQUEST NO. 24:**

DEFENDANT VEOH NETWORKS, INC.'S RESPONSES TO 1ST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
CASE NO. C-06-3926 HRL

SF:153160.4

All DOCUMENTS identifying computers, equipment and software used in conjunction with the operation of veoh.com.

**RESPONSE TO REQUEST NO. 24:**

Veoh objects to this request as overly broad, unduly burdensome, and oppressive and as vague and ambiguous. Veoh further objects to this request as seeking information outside the scope of permissible discovery in that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**

All organizational charts for departments and employees of VEOH NETWORKS, INC.

**RESPONSE TO REQUEST NO. 25:**

Veoh objects to this request as overly broad, unduly burdensome, and oppressive.

Subject to and without waiving its general and specific objections, Veoh responds that it will produce a current organizational chart of Veoh to the extent a non-privileged version is currently in existence.

Dated: February 12, 2007

WINSTON & STRAWN, LLP

By: _____
Jennifer A. Golinveaux
Attorneys for Defendant
VEOH NETWORKS, INC.

PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF SAN FRANCISCO  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn, 101 California Street, San Francisco, California 94111. On February 12, 2007, I served the within documents:

> DEFENDANT VEOH NETWORKS, INC.'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

☐ I sent such document from facsimile machine on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ By placing a true copy(ies) of the document(s) listed above in a sealed envelope with postage prepaid by U.S. Mail addressed to the party(ies) listed below.

Gill Sperlein
The Law Office of Gill Sperlein
584 Castro Street, Suite 849
San Francisco, CA 94114

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on February 12, 2007 at San Francisco, California.

_____
Sheila Griffin

SF:153977.1