GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation, | C-06-03926 (HRL) |
| Plaintiff, | **DECLARATION OF GILL SPERLEIN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| vs. | |
| VEOH NETWORKS, Inc., a California Corporation, | DATE: April 10, 2007<br>TIME: 10:00 a.m.<br>COURTROOM: 2 |
| Defendant. | Discovery Cut Off: April 30, 2007<br>Pre-Trial Conference Date: October 18, 2007<br>Trial Date: October 24, 2007 |

I, GILL SPERLEIN, declare:

    1.     I am an attorney at law licensed to practice in the State of California and attorney of record for Plaintiff Io Group, Inc.

    2.     On June 23, 2006, on behalf of Io Group, Inc., I filed in the United States District Court for the Northern District of California a civil complaint against Veoh Networks, Inc.

    3.     On January 9, 2007, on behalf of plaintiff I propounded Plaintiff's First Set of Request for Production of Documents, consisting of twenty-five separate requests.

4.     I drafted each and every request with the intent of obtaining documents which either provide specific evidence of defendant's knowledge and actions with regard to plaintiff's claims, or help identify additional documents that could serve that legitimate purpose.

5.     Defendant Veoh Productions served written responses dated February 12, 2007. The responses included numerous boilerplate objections.  Also, Veoh objected to producing the documents to my office stating that this was a burden.

6.     Defendant only agreed to produce documents responsive to nine (9) of plaintiff's requests and most of those related to documents defendant had already produced with its initial disclosures.  For the remaining sixteen (16) requests, defendant flatly refused to produce any responsive documents.   Veoh even objected to the location of production (plaintiff's offices).

7.     I responded with a detailed letter to defense counsel explaining plaintiff's need for the documents responsive to each request and asking that they make their objections more specific or remove them.  Specifically, I demanded revised responses and documents be produced by Friday, February 23, 2007.[1]

8.     On Thursday, February 22, 2007 at 10:34 am I received an e-mail from defense counsel stating that she would be out of the office and unavailable until February 27th.  When I returned her e-mail to express my dissatisfaction, I received an auto reply reiterating the fact the she would be out of the office until the 27th.  I contacted her through other means and at my insistence we arranged a meet and confer for Friday, February 24, 2007.

9.     On Friday, February 24, 2007, I conferred with Ms. Golinveaux by telephone.  We went over each request, but were unable to resolve many of the disputes.  In response to Veoh's

---

[1]     In keeping with the Court's standing order, I have not attached copies of correspondence between counsel, but all such correspondence is available at the Court's request.

-2-

SPERLEIN DECLARATION IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
C-06-3926 (HRL)

objections of over breadth I repeatedly offered limiting language and asked that Ms. Golinveaux offer limiting language.  Over and over she stated that no limiting language could cure the problems.  For a number of items Ms. Golinveaux did say she would check with her client.  One week later, as I finalize this Declaration, I have not heard back from her.

10. After the telephone conference I sent a follow-up letter to defense counsel, reviewing our discussions in detail.  I confirmed that I agreed to accept the documents in tiff format and again requested to be informed as to when I could expect production.  I never received a response.  I asked if Veoh would stipulate to a shortened notice period for plaintiff's motion to compel.  I have not received a response.

11. On Thursday, March 1, 2007 at 2:50 p.m. I sent an e-mail to Jennifer Golinveaux and Michael Elkin, informing them that I would file a motion to compel on Friday, March 2, 2007.  I wrote that I would assume they had not changed their position on their objections and that they were not willing to agree to a shortened notice time for the motion.  I quite directly indicated that they were deliberately delaying discovery in an attempt to hinder plaintiff's access to the responsive documents.

12. It is my understanding that Veoh Networks has only existed for several years and that it is a technology based company.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *March 2, 2007*                    Respectfully submitted,

*/s/ Gill Sperlein*

GILL SPERLEIN,
Attorney for Plaintiff

-3-

SPERLEIN DECLARATION IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
C-06-3926 (HRL)