1  Michael S. Elkin  (admitted *pro hac vice*)
   WINSTON & STRAWN LLP
2  200 Park Avenue
   New York, NY  10166-4193
3  Telephone:    212-294-6700
   Facsimile:    212-294-4700
4  Email: melkin@winston.com

5  Jennifer A. Golinveaux (SBN: 203056)
   WINSTON & STRAWN LLP
6  101 California Street, Suite 3900
   San Francisco, CA  94111
7  Telephone:    415-591-1000
   Facsimile:    415-591-1400
8  Email: jgolinveaux@winston.com

9  Attorneys for Defendant
   VEOH NETWORKS, INC.
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                          SAN JOSE DIVISION

14 | IO GROUP, INC., a California corporation, | Case No. C-06-3926 HRL
15 |            Plaintiff,                      | **DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF IO GROUP, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTS NUMBERED 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 16, 21, 22, 23 AND 24.**
16 |     vs.                                    |
17 | VEOH NETWORKS, INC., a California corporation, |
18 |            Defendant.                      | Date:   April 10, 2007
19 |                                            | Time:   10:00 a.m.
   |                                            | Courtroom 2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

DEFENDANT VEOH'S OPPOSITION TO PLAINTIFF IO'S MOTION TO COMPEL PRODUCTION OF DOCUMENT REQUESTS          CASE NO. C-06-3926 HRL
SF:156201.2

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
| | A. Background and Issues | 2 |
| | B. Plaintiff's Discovery Requests, Defendant's Production, and the Parties' Meet and Confer Efforts | 3 |
| III. | ARGUMENT | 3 |
| | A. Veoh's Responses do not Improperly Rely Upon "Boilerplate Objections" | 3 |
| | B. Specific Requests | 4 |
| IV. | CONCLUSION | 11 |

i

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*A&M Records v. Napster,*
  239 F.3d 1004 (9th Cir. 2001) .................................................................................................... 2

*Alexander v. FBI,*
  194 F.R.D. 305 (D.D.C. 2000) .................................................................................................... 4

*Ellison v. Robertson,*
  357 F.3d 1072 (9th Cir. 2004) ............................................................................................... 5, 10

*Fonovisa, Inc. v. Cherry Auction, Inc.,*
  76 F.3d 259 (9th Cir. 1996) ........................................................................................................ 7

*Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC,*
  103 F. 3d 1007 (D.C. Cir. 1997) ................................................................................................ 8

*Guruwaya v. Montgomery Ward, Inc.,*
  119 F.R.D. 36 (N.D. Cal. 1988) ................................................................................................. 4

*Lawrence v. First Kansas Bank & Trust Co.,*
  169 F.R.D. 657 (D. Kan. 1996) .................................................................................................. 6

*MGM Studios Inc. v. Grokster, Ltd.,*
  545 U.S. 913 (2005) .................................................................................................................... 2

*OpenTV v. Liberate Technologies,*
  219 F.R.D. 474 (N.D. Cal. 2003) ............................................................................................. 10

*Shapiro, Bernstein & Co. v. H.L. Green Co.,*
  316 F.2d 304 (2d Cir. 1963) ....................................................................................................... 7

*Sundance Associates, Inc. v. Reno,*
  139 F.3d 804 (10th Cir. 1998) .................................................................................................... 8

*Swackhammer v. Sprint Corp. PCS,*
  225 F.R.D. 658 (D. Kan. 2004) .................................................................................................. 3

*U.S. v. Dentsply Int'l, Inc.,*
  2000 WL 654286 (D. Del. May 10, 2000) ................................................................................. 4

*Vardon Golf Co., Inc. v. BBMG Golf Ltd.,*
  156 F.R.D. 641 (N.D. Ill. 1994) ................................................................................................. 4

*Zubulake v. UBS Warburg,*
  217 F.R.D. 309 (S.D.N.Y. 2003) .............................................................................................. 10

ii

DEFENDANT VEOH'S OPPOSITION TO PLAINTIFF IO'S MOTION TO COMPEL PRODUCTION OF DOCUMENT REQUESTS     CASE NO. C-06-3926 HRL
SF:156201.2

**REGULATORY CASES**

*Perfect 10 Inc. v. CCBill LLC*,
    71 U.S.P.Q.2d 1568 (C.D. Cal. 2004) ................................................................................9

*Scharmer v. Agnew Associates, Inc.*,
    167 U.S.P.Q. 77 (E.D.N.Y 1970) .....................................................................................10


**FEDERAL STATUTES**

18 U.S.C. § 2257 ......................................................................................................................7-8

18 U.S.C. § 2257(a) .....................................................................................................................8

18 U.S.C. § 2257(h)(3) .................................................................................................................8


**RULES**

Fed. R. Civ. P. 26(b)(1) ...............................................................................................................4

Local Rule 37-2 ...........................................................................................................................4


**OTHER AUTHORITIES**

Moore's Federal Practice, § 33.171 ............................................................................................4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

iii

DEFENDANT VEOH'S OPPOSITION TO PLAINTIFF IO'S MOTION TO COMPEL PRODUCTION OF DOCUMENT REQUESTS    CASE NO. C-06-3926 HRL
SF:156201.2

Defendant Veoh Networks, Inc. ("Veoh") hereby opposes Plaintiff's Motion to Compel Production of Documents Requests Numbered 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 16, 21, 22, 23 and 24 ("Motion to Compel").

## I. INTRODUCTION

This case involves the alleged infringement of seven copyrighted works claimed by Plaintiff IO Group, Inc., ("Plaintiff") a producer of adult content, which Plaintiff contends were available through Veoh's website some time before the filing of this lawsuit on June 23, 2006. Plaintiff alleges claims for (1) direct copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; and (4) for an accounting regarding the alleged copyright infringement.

Veoh provides software and a website that enables the sharing of user-provided video content over the Internet. Veoh was founded with the goal of providing a forum that would allow for the efficient sharing of high-quality, user created video content on the Internet, while providing strong protections for intellectual property. Veoh's Terms of Use strictly prohibit the use of Veoh's website or software in connection with infringing content. Veoh diligently enforces its policies prohibiting infringing content: not only does Veoh remove content upon proper notice of infringement, but Veoh also terminates the accounts of users subject to repeated notices.

Despite Veoh's public policies prohibiting infringement, Plaintiff never notified Veoh of any alleged infringement prior to the filing of this lawsuit. Rather than notify Veoh of alleged infringements, Plaintiff filed this lawsuit seeking a windfall in statutory damages under the Copyright Act. Among other defenses, Veoh has raised the safe harbors of the Digital Millennium Copyright Act ("DMCA") which shield Veoh, an internet service provider from copyright liability in these circumstances. While Plaintiff refers to the DMCA in its Motion to Compel, and the "balance" the DMCA sought to create between the free flow of ideas and the rights of copyright holders, **Plaintiff itself made no effort to utilize the notice provisions of the DMCA to notify Veoh of any alleged infringements.** If it had, Veoh would have responded promptly, as it does whenever it receives a notice of alleged infringement.

In addition to prohibiting infringing content, beginning in June 2006, prior to commencement

1

DEFENDANT VEOH'S OPPOSITION TO PLAINTIFF IO'S MOTION TO COMPEL PRODUCTION OF DOCUMENT REQUESTS    CASE NO. C-06-3926 HRL
SF:156201.2

of this action, Veoh ceased allowing any "pornographic" content, and Veoh strictly enforces this prohibition.

Veoh has diligently responded to Plaintiff's discovery requests in this case, and has already produced documents responsive to many of Plaintiff's requests. The Requests at issue in this motion, however, are vastly overbroad, unduly burdensome, and seek the production of vaguely defined categories of documents, many of which are entirely irrelevant to the claims or defenses of this lawsuit.

## II. STATEMENT OF FACTS

### A. Background and Issues

In the section of its Motion to Compel describing the background of this case, Plaintiff refers to two landmark Internet copyright decisions: the Ninth Circuit's decision in *A&M Records v. Napster*, 239 F.3d 1004 (9th Cir. 2001) and the Supreme Court's decision in *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005). Plaintiff urges that like those cases, this lawsuit also asks the Court to apply the copyright laws to a new technology. This case is starkly different from either of those cases, however, for one basic reason: here Plaintiff made no effort whatsoever to notify Veoh of any alleged infringements before filing suit.

Plaintiff filed its Complaint on June 23, 2006. Plaintiff's Complaint asserts the following causes of action:

(1) for direct copyright infringement by "reproducing, distributing, and publicly displaying the works on and through the www.veoh.com website without proper approval or authorization of plaintiff." (Compl. ¶¶ 23-35);

(2) for contributory infringement, on the grounds that Veoh's users directly infringed IO's copyrights and that Veoh had knowledge of the direct infringement and provided material contribution. (Compl. ¶¶ 36-40); and

(3) for vicarious infringement, on the grounds that Veoh's users directly infringed IO's copyrights and that Veoh had the right and ability to control the infringing acts of its users and obtained a direct financial benefit from the direct infringement. (Compl. ¶¶ 41-45.)

2

DEFENDANT VEOH'S OPPOSITION TO PLAINTIFF IO'S MOTION TO COMPEL PRODUCTION OF DOCUMENT REQUESTS   CASE NO. C-06-3926 HRL
SF:156201.2

Veoh answered on September 25, 2006, denying any liability and asserting a number of affirmative defenses.

While Plaintiff's complaint is limited to claims for copyright infringement, many of its document requests, for example, 8-12, seek information about "adult" content generally, that are entirely irrelevant to the claims and defenses in this lawsuit. Other requests are vastly overbroad, for example, seeking all documents explaining how Veoh and its features operate.

### B. Plaintiff's Discovery Requests, Defendant's Production, and the Parties' Meet and Confer Efforts

Plaintiff served its First Set of Requests for Production ("Requests") on January 9, 2007. Veoh timely served its written responses ("Responses") on February 12, 2007. On January 16, 2007 Veoh produced more than 700 pages of document in connection with its initial disclosures, including a number of categories of documents responsive to Plaintiff's Requests and intends to supplement that production as appropriate. Veoh's counsel has collected and is in the process of reviewing a large quantity of electronic documents to determine whether additional documents are responsive to Plaintiff's extensive Requests. As Veoh's counsel explained to Plaintiff's counsel, Veoh will also provide a privilege log concerning any responsive documents withheld as privileged. On February 23, 2007, the parties' counsel met and conferred in detail regarding Plaintiff's Requests and Veoh's Responses. While the parties made headway on several of the Requests, Plaintiff filed this motion before the parties had the opportunity to finalize agreements. Declaration of Jennifer A. Golinveaux ("Golinveaux Decl."), ¶ 2 and Exhibits A and B (Correspondence from Plaintiff's Counsel dated February 23, 2007 and Correspondence from Defendant's Counsel dated March 2, 2007. Accordingly, Veoh has proposed several reasonable compromises in response to individual disputed Requests below.

### III. ARGUMENT

#### A. Veoh's Responses do not Improperly Rely Upon "Boilerplate Objections"

Before addressing the specific requests at issue in its motion, Plaintiff argues generally that Veoh's Responses improperly rely upon "boilerplate objections." It is unclear, however, with which objections Plaintiff takes issue, or what relief it seeks from the Court. General objections when

appropriate may be sustained by a Court. *Swackhammer v. Sprint Corp. PCS,* 225 F.R.D. 658, 661 (D. Kan. 2004); *see also U.S. v. Dentsply Int'l, Inc.,* 2000 WL 654286 (D. Del. May 10, 2000). "[G]eneral objections stated in a clear and discernable manner, based on the facts of the case . . . should be deemed acceptable" if "repeating the objection for multiple responses is pointless and there is no uncertainty regarding what information is being withheld." Moore's Federal Practice, § 33.171. General objections are standard fare in modern litigation and protect the cautious responding party from inadvertently waiving objections when responding to numerous discovery requests. In this case, Veoh made specific objections to each request as appropriate in addition to its general objections. Moreover, while Plaintiff takes issue with Veoh's General Objection on the grounds that "in many instances plaintiff cannot determine whether defendant has actually withheld responsive documents," Veoh has clearly stated when it would produce documents in response to individual requests. Veoh addresses Plaintiff's specific issues regarding Veoh's objections in response to each specific request addressed below.

**B.    Specific Requests**

**Request 2:** All DOCUMENTS which constitute, describe, refer to or relate to reports identifying the amount of daily traffic, hits, and/or visits to veoh.com since VEOH NETWORKS began operating veoh.com.

**Veoh's Argument:** Under the Federal Rules, Plaintiff may only obtain discovery regarding those matters "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Plaintiff, as the requesting party, bears the burden of demonstrating relevance. *Guruwaya v. Montgomery Ward, Inc.,* 119 F.R.D. 36, 40 (N.D. Cal. 1988) (denying, in part, motion to compel because "[p]laintiff has failed to show relevance"); *Alexander v. FBI,* 194 F.R.D. 305, 309 (D.D.C. 2000); *Vardon Golf Co., Inc. v. BBMG Golf Ltd.,* 156 F.R.D. 641, 651 (N.D. Ill. 1994) (noting that a party seeking discovery must present a "plausible chain of inferences showing how discovery of the item sought would lead to admissible evidence"). In addition, Local Rule 37-2 requires that the moving party's papers "detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied." Courts should deny requested discovery when the information sought is too remote to any claim or defense

4

involved in the case.

During the meet and confer process, Plaintiff's counsel agreed to limit this request to "a daily report of traffic to veoh.com from the day the site when live." Golinveaux Decl. at 2, Exhibit 1 at 1. Plaintiff, however, has failed to meet its burden of establishing relevance for either the original Request or this more tailored version of the Request. Plaintiff has failed to explain how this Request is relevant to any claims or defenses in the case, or is likely to lead to the discovery of such information. Plaintiff argues that the request calls for documents that may show a drop in traffic related to Veoh's decision to eliminate "adult" content from its service. Presumably, Plaintiff believes this may be relevant on the "direct financial benefit" prong of Plaintiff's claim that Veoh should be held liable for vicarious copyright infringement. The quantity of daily traffic to Veoh.com generally, however, has no bearing on whether Veoh obtained a "direct financial benefit" from inclusion of unauthorized works, which is what must be established to support a claim for vicarious copyright infringement claim. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).

Moreover, Request 2 is vastly overbroad. Plaintiff has not limited its request to documents sufficient to show daily traffic to veoh.com, but rather seeks all documents "which constitute, describe, refer to or relate to" such reports, and there is no possible justification to support the enormous burden that would be imposed upon Veoh to even attempt to collect documents responsive to such an overbroad request. The request is also overbroad, because it seeks such documents daily from Veoh's inception, without attempting to limit the request to a meaningful time period.

**Request 4:** All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT's procedures for verifying the accuracy and/or appropriateness of the categorization or indexing of content submitted to veoh.com for publication by and through veoh.com, including all original, draft, subsequent, or revised versions of such DOCUMENTS.

**Veoh's Argument:** As stated in Veoh's objections, this request is vague and ambiguous as to what is meant by "procedures for verifying the accuracy and/or appropriateness of the categorization or indexing of content." During the meet and confer process, Plaintiff's counsel did not clarify what exactly is sought by this request, but agreed to limit this request to documents "which *constitute*, DEFENDANT's procedures for verifying the accuracy and/or appropriateness of

5

the categorization or indexing of content submitted to veoh.com for publication by and through veoh.com. . . ." Golinveaux Decl. at 2, 4 (emphasis added). To the extent that it understands the request, Veoh has reviewed its records, and no such documents exist.

**Request 5:** All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT's procedures for processing and handling content once submitted to veoh.com for publication by and through veoh.com.

**Veoh's Argument:** As Veoh's counsel explained to Plaintiff's counsel during the meet and confer process, Request 5 is vastly overbroad as it seeks "all" documents relating to Veoh's "procedures for processing and handling content." This request could conceivably encompass a large majority of the documents in Veoh's possession as many Veoh document will relate to its core function of allowing users to share content through Veoh. A party objecting to patently overbroad requests such as this request need make no further showing. *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 658 (D. Kan. 1996) (requiring no showing where the court found the request facially overbroad and unduly burdensome). Without further clarification as to what Plaintiff seeks, which Plaintiff's counsel was unable to provide during the meet and confer process, Veoh is unable to respond to this request.

**Request 7:** All DOCUMENTS which constitute, describe, refer to or relate to material used by VEOH NETWORKS to market veoh.com or to attempt to obtain capitol [sic] financing for VEOH NETWORKS, INC.

**Veoh's Argument:** During the meet and confer process, Plaintiff's counsel agreed to limit the request to "specific documents identified by Defendant, such as information packets, slide presentations, or other materials presented to potential investors." Golinveaux Decl., ¶ 2, Exhibit 1 at 2. As tailored, Veoh agrees to produce non-privileged documents that are responsive to this request, to the extent such documents are found within its possession, custody, or control after a reasonable and diligent search and to the extent such documents have not already been produced to Plaintiff.

**Request 8:**    All DOCUMENTS which constitute, describe, refer to or relate to DEFENDANT'S policy or policies regarding the display by and through veoh.com of explicit

6

DEFENDANT VEOH'S OPPOSITION TO PLAINTIFF IO'S MOTION TO COMPEL PRODUCTION OF DOCUMENT REQUESTS    CASE NO. C-06-3926 HRL
SF:156201.2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

material (whether such material is described as "explicit," "adult," "pornographic," "nude," "sexual" or any other similar word), including all original, draft, subsequent, or revised versions of such DOCUMENTS.

**Veoh's Argument:** While Plaintiff's claimed works happen to be "adult content", the issue in this case is whether or not Veoh infringed Plaintiff's copyrights either directly or indirectly. Plaintiff argues that is "seeks to know whether Veoh had the right and ability to control the appearance of adult material on the Veoh system." Veoh's right and ability to control the appearance of adult material, however, has nothing to do with the relevant inquiry under the law of vicarious copyright infringement, i.e., the right and ability to control *the infringing conduct*. *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262 (9th Cir. 1996); *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 306 (2d Cir. 1963). Plaintiff also argues that it seeks to learn whether Veoh had different copyright policies for "adult" versus "non-adult" works. Plaintiff has already requested, however, and Veoh has agreed to produce, documents that "constitute, refer to or relate to VEOH NETWORK, INC.'S policies regarding identifying and removing material from veoh.com that has not been authorized for such use by the copyright holder, including all original, draft, subsequent, or revised versions of such DOCUMENTS." Accordingly, Request 8 seeks to discover Veoh's policies with respect to adult content separate from its copyright policies. While Veoh has already produced a number of documents regarding its decision to disallow pornography, and will continue to produce additional documents, the Request as drafted is overbroad and unduly burdensome.

**Requests 9, 10, 11, and 12:**

**Request 9:** All DOCUMENTS which discuss if or how 18 U.S.C. § 2257 and implementing regulations at 28 C.F.R, 75.1 et seq. relate to VEOH NETWORK'S operations.

**Request 10:** All DOCUMENTS which constitute, refer to or relate to VEOH NETWORKS, INC'S policies for preventing child pornography from being published by and through veoh.com.

**Request 11:** All DOCUMENTS which constitute, refer to or relate to VEOH NETWORK, INC.'S policies for obtaining proof that individuals appearing in explicit material submitted to VEOH NETWORKS, INC. for publication by and through veoh.com were over eighteen years of

7

age at the time the material was produced.

**Request 12:** All DOCUMENTS which constitute, refer to or relate to VEOH NETWORKS, INC.'S policies for ensuring that any sexually explicit material VEOH NETWORKS transmitted by and through veoh.com was properly labeled with information as to where the producer of such content maintained records proving the individuals appearing in the material were over eighteen years of age at the time the material was produced.

**Veoh's Argument:** This case is not about adult content generally, but rather whether Veoh did or did not infringe copyrights in the seven copyrights Plaintiff alleges in this case. Once again, plaintiff tries to shift the focus from copyright to issues of adult content management that are irrelevant to this case. Documents regarding implementation of 18 U.S.C. § 2257[1](RFP 9), "policies for preventing child pornography"(RFP 10), "policies for obtaining proof that individuals appearing in explicit material . . . were over eighteen years of age" (RFP 11), and regarding "labeling of sexually explicit material" (RFP 12) are irrelevant. In an attempt to justify these requests Plaintiff argues that the production, sale and transfer of adult material is regulated by federal law, and asserts that it seeks to determine whether Veoh "ignored" such laws, but it does not explain how such laws are in any way relevant to the claims or defenses in this case. "The standard of relevancy is . . . not so liberal as to allow a party to . . . explore matters which do not presently appear germane on the theory that it might conceivably become so." *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL-CIO-CLC*, 103 F. 3d 1007, 1012-13 (D.C. Cir. 1997) (internal quotes omitted). While Plaintiff argues without support that "these questions bear directly on defendant's right and ability to control material published by and through the Veoh System, whether Veoh knew or should have known of the infringing activity, and the extent to which Veoh's infringing acts were willful"

---

[1] 18 U.S.C. § 2257 is a statue that requires the maintenance of certain records in connection with the creation of adult content. It is irrelevant to the copyright infringement claims at issue in this case. In fact, it is plain on the face of the statute that Section 2257's reporting requirements apply only to one who "produces" sexually explicit conduct, and would not apply to Veoh. 18 U.S.C. § 2257(a). "Produces . . . ***does not*** include mere distribution or any other activity which does not involve hiring, contracting for managing, or otherwise arranging for the participation of the performers depicted." 18 U.S.C. § 2257(h)(3) (emphasis added); *see also Sundance Associates, Inc. v. Reno*, 139 F.3d 804, 807-08, 810-11 (10th Cir. 1998) (invalidating Attorney General's regulation that attempted to broaden the definition of "produces"). In any event, Section 2257 is irrelevant to the claims in this case.

8

DEFENDANT VEOH'S OPPOSITION TO PLAINTIFF IO'S MOTION TO COMPEL PRODUCTION OF DOCUMENT REQUESTS    CASE NO. C-06-3926 HRL
SF:156201.2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  (Motion at 16), Plaintiff offers no explanation as to how these requests are possibly relevant to these
2  issues.
3       Moreover, in its February 23, 2007 letter, Plaintiff stated that it would combine Request No.
4  12 with No. 9 as follows, "All DOCUMENTS which discuss if or how [the recordkeeping and
5  labeling requirements set forth at] 18 U.S.C. § 2257 and implementing regulations at 28 C.F.R. et
6  seq. relate to VEOH NETWORK'S operations." As combined with Request No. 9, Plaintiff
7  specifically withdrew Request No. 12. *See* Golinveaux Decl., ¶2, Ex.1 at 2. [2]

**Request 14:** All DOCUMENTS which discuss, refer to or relate to VEOH NETWORK, INC.'S ability to discover the true identity of individuals who submit content for publication by and through veoh.com.

**Veoh's Argument:** Request 14 seeks irrelevant information. Whether Veoh can determine the true identity of individuals who submit content to Veoh does not bear on liability for copyright infringement. Nor does it bear on Veoh's eligibility for safe harbor under the DMCA. Moreover, while Plaintiff argues that such "documents could lead to the identification of the individuals who supplied Veoh with plaintiff's works", Motion to Compel at 17, Plaintiff has made no attempt to tailor the request to content related to the copyrighted works claimed in this case.

**Request 16:** Electronic copies, in a readily viewable format, of all files containing adult material (whether such material is described as "explicit," "adult," "pornographic," "nude," "sexual" or any other similar word) ever published by and through veoh.com.

**Veoh's Argument:** Ironically, Plaintiff now complains about Veoh's decision to disallow pornographic content on Veoh, a policy that Plaintiff concedes was implemented prior to the filing of this lawsuit. Plaintiff relies upon the bald assertion that copies of *all* adult content ever published on Veoh is relevant. Plaintiff has not met its burden on relevancy, and certainly not in a manner that would justify the enormous burden that even attempting to respond to this request would impose upon Veoh. Regarding relevancy, "all files containing adult material . . . ever published by and through Veoh" is vastly overbroad and seeks material that has nothing to do with the claims for copyright infringement in this action. Even assuming that some other "adult material" may have

---
[2] Veoh continues to object to Request No. 9 for the reasons stated at pages 9-10 above.

9

been infringing, "[e]vidence of infringements of third-party copyrights . . . are not relevant to [a] claim for copyright infringement." *Perfect 10 Inc. v. CCBill LLC*, 71 U.S.P.Q.2d 1568, 1579 n.10, 1587 n.21 (C.D. Cal. 2004).

Moreover, Plaintiff has made no attempt to limit the request to copies of works it alleges in this case. While Plaintiff argues that copies of all files containing "adult" material are required in order for Plaintiff to "determine if there were additional infringements of its works", the request is vastly overbroad for such purposes. If the Court were inclined to order Veoh to attempt to locate any data responsive to this request, Plaintiff should be required to pay the reasonable costs associated with compliance. *See Zubulake v. UBS Warburg*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003); *OpenTV v. Liberate Technologies*, 219 F.R.D. 474, 476-477 (N.D. Cal. 2003).

**Request 21:** All DOCUMENTS which constitute, refer to or relate to DEFENDANT's ability to monetize veoh.com including, without limitation, through advertising revenue, video on demand fee sharing or any other means.

**Veoh's Argument:** Request 21 is irrelevant because whether Veoh had the "ability to monetize veoh.com" is not relevant to any claim or defense in this case. The issue for vicarious infringement is not whether Veoh could theoretically monetize veoh.com, but whether it has received a direct financial benefit as a result of infringing conduct. *Ellison*, 357 F.3d at 1076. Moreover, in secondary liability cases, Courts do not look into the future, or even post-complaint activities, to determine liability. *Scharmer v. Agnew Associates, Inc.*, 167 U.S.P.Q. 77, 81 (E.D.N.Y 1970) ("Continued selling after the action was started is not relevant on contributory infringement, since the liability must be determined as of the time the complaint was filed "). Request 21 goes far a field, seeking not evidence of direct financial benefit, but documents speculating how Veoh might someday make money.

**Request 22:** All DOCUMENTS explaining how veoh.com and each of its features operates or was intended to operate, including without limitation, such DOCUMENTS given to employees or contractors tasked with designing, programming or constructing veoh.com.

**Veoh's Argument:** Request 22 is vastly overbroad as drafted. Plaintiff has made no effort whatsoever to serve appropriately tailored requests and has failed to meet its burden of establishing

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

the possible relevance that would justify such an overbroad request.

**Request 23:** All DOCUMENTS with reference to or written policies, procedures and guidelines related to DEFENDANT'S computers or computer systems including, without limitation, back up schedules and procedures, electronic retention and preservation schedules, and file naming conventions.

**Veoh's Argument:** Request 23 seeks irrelevant information and is vastly overbroad. While Plaintiff urges that this request would provide information regarding where additional documents may exist, Plaintiff fails to explain why such information is likely to lead to the discovery of admissible evidence. Plaintiff fails to explain why such information is likely to lead to the discovery of admissible evidence and has failed to meet its burden to do so.

**Request 24:** All DOCUMENTS identifying computers, equipment and software used in conjunction with the operation of veoh.com.

**Veoh's Argument:** Request 24 seeks irrelevant information and is vastly overbroad. As in its argument regarding Request 23, Plaintiff urges that this request would provide information regarding where additional documents may exist, but fails to explain why such information is likely to lead to the discovery of admissible evidence.

## IV. CONCLUSION

Veoh has produced and has agreed to produce documents responsive to all of Plaintiff's reasonable requests. The requests at issue in this motion, however, are vastly overbroad and seek irrelevant information beyond the scope of permissible discovery. The Court should deny Plaintiff's Motion to Compel in its entirety.

Dated: March 20, 2007                    WINSTON & STRAWN, LLP

By:    /s/ Jennifer A. Golinveaux
       Jennifer A. Golinveaux
       Attorneys for Defendant
       VEOH NETWORKS, INC.