Michael S. Elkin  (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY  10166-4193
Telephone:     212-294-6700
Facsimile:     212-294-4700
Email:  melkin@winston.com

Jennifer A. Golinveaux (SBN: 203056)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA  94111
Telephone:     415-591-1000
Facsimile:     415-591-1400
Email:  jgolinveaux@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>             Plaintiff,<br><br>vs.<br><br>VEOH NETWORKS, INC., a California corporation,<br><br>             Defendant. | Case No. C-06-3926 HRL<br><br>**DECLARATION OF JENNIFER A. GOLINVEAUX IN SUPPORT OF DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF IO GROUP, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTS NUMBERED 2, 4, 5, 7, 8, 9, 10, 11, 12, 14, 16, 21, 22, 23 AND 24.**<br><br>Date:     April 10, 2007<br>Time:     10:00 a.m.<br>Courtroom 2 |

I, Jennifer A. Golinveaux, declare as follows:

1.     I am an attorney with the law firm of Winston & Strawn LLP and am counsel for defendant Veoh Networks, Inc. in this action.  I have personal knowledge of all facts stated in this declaration.

2.     On February 23, 2007, I participated in a telephonic meet and confer with Plaintiff's counsel regarding Defendant's objections to Plaintiff's First Set of Requests for Production

1

DECLARATION OF JENNIFER A. GOLINVEAUX ISO DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF IO
GROUP, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
CASE NO. C-06-3926 HRL

SF:156820.2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Dockets.Justia.com

1    ("Requests"). While the parties made headway on several of the Requests, Plaintiff filed this motion

2    before the parties had the opportunity to finalize agreements. Attached as Exhibit 1 is a true and

3    correct copy of a letter I received from Plaintiff's counsel on February 23, 2007 following our meet

4    and confer concerning Defendant's Objections to Plaintiff's First Set of Requests for Production.

5          3.     Attached as Exhibit 2 is a true and correct copy of a letter dated March 2, 2007 that I

6    sent to Plaintiff's counsel following our meet and confer concerning Defendant's Objections to

7    Plaintiff's First Set of Requests for Production.

8          4.     Plaintiff served its First Set of Requests for Production ("Requests") on January 9,

9    2007. Veoh timely served its written responses ("Responses") on February 12, 2007.

10          5.     On January 16, 2007 Veoh produced more than 700 pages of document in connection

11    with its initial disclosures, including a number of categories of documents responsive to Plaintiff's

12    Requests and intends to supplement that production as appropriate.

13          6.     Veoh's counsel has collected and is in the process of reviewing a large quantity of

14    electronic documents to determine whether additional documents are responsive to Plaintiff's

15    extensive Requests.

16          7.     As I explained to Plaintiff's counsel, Veoh will also provide a privilege log

17    concerning any responsive documents withheld as privileged.

18          I declare under penalty of perjury that the foregoing is true and correct. Executed on March

19    20, 2007.

20

21          ___/s/ Jennifer A. Golinveaux_____
            Jennifer A. Golinveaux

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**DECLARATION OF JENNIFER A. GOLINVEAUX ISO DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF IO GROUP, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**CASE NO. C-06-3926 HRL**

SF:156820.2

# EXHIBIT 1



February 23, 2007

Michael Elkin
WINSTON & STRAW LLP
200 Park Avenue
New York, NY 10166-4193

**VIA USPS and e-mail MElkin@Winston.com**

Jennifer A. Golinveaux
WINSTON & STRAW LLP
101 California Street, Suite 3900
San Francisco, Ca 94111

**VIA USPS and e-mail jgolinveaux@winston.com**

> **Re:**    *Io Group, Inc. v. Veoh, Meet and Confer re RFPs*

Dear Michael and Jennifer:

Jennifer and I conferred via telephone this morning. The following represents my understanding of where the parties stand on each of the requests. If I have misunderstood or misstated anything presented here please let me know in writing as soon as possible.

Io Group, Inc. agreed to accept documents in tiff format on one or more compact disks delivered to Plaintiff. We did not agree to a date certain for production of documents. Please let me know when I can expect the delivery.

Both parties agree that discovery period is rather limited and expressed a willingness to stipulate to discovery extensions should they be reasonably necessary to ensure parties have ample opportunity to investigate and prepare for trial.

With regard to the production requests to which defendant objects but agrees to produce, Ms. Golinveax assured me that Defendant would produce *all* non-privileged responsive documents to the extent such documents are found within defendant's possession, custody, or control after a reasonable and diligent search, to the extent such documents have not already been produced to Plaintiff. She assured me that the objections were not "game playing" or an attempt to narrow the amount of documents to be produced. These requests include **Nos. 1, 3, 6, 13, 15, 18, 19, and 20.**

**Request No. 2:** Plaintiff agrees to limit the request to a daily report of traffic to veoh.com from the day the site went live to the present. Ms. Golinveax will confer with Defendant, but believes Defendant will stand by its relevancy objection in spite of Plaintiff's limiting language.

**Request No. 4:** Plaintiff agrees to limit the language by removing "describe, refer to or relate to" leaving the request as "All DOCUMENTS which constitute, DEFENDANT's procedures for verifying the accuracy and/or appropriateness of the categorization or indexing of content submitted to veoh.com for publication by and through veoh.com, including all original, draft, subsequent, or revised versions of such DOCUMENTS. 

Ms. Golinveax will confer with Defendant, to determine if the limiting language is acceptable.

**Request No. 5:** Plaintiff proposes to limit the range of the request by replacing the words "refer to or relate to" to the words "or discuss" so that the revised request would read, "All DOCUMENTS which constitute, describe, or discuss DEFENDANT's procedures for processing and handling content once submitted to veoh.com for publication by and through veoh.com."

**Request No. 7:** Plaintiff agrees to limit the request to specific documents identified by Defendant, such as information packets, slide presentations, or other materials presented to potential investors. Ms. Golinveax will confer with Defendant to see if such a limitation is feasible, but believes such limitation will not persuade Defendant to abandon its relevancy objections.

**Request No. 8.** Ms. Golinveax will confer with Defendant, and possibly propose some limiting language. Plaintiff explained that any limiting language must provide for the production of documents specifically laying out policy with regard adult content, as well, as documents containing any communication relating to changes such policies over time.

**Request No. 9:** Plaintiff offered to redraft the language of the request so that documents responsive to Request No.12 will be included in this request and to withdraw request Number 12. Accordingly, Plaintiff offers the following amended language:

All DOCUMENTS which discuss if or how [the recordkeeping and labeling requirements set forth at] 18 U.S.C. § 2257 and implementing regulations at 28 C.F.R. 75.1 et seq. relate to VEOH NETWORK'S operations. 

Ms. Golinveax will confer with Defendant to determine if it might stipulate that no such documents exist. Otherwise Defendant will likely stand by its objections.

**Request No. 10:** Ms. Golinveax will confer with Defendant, but believes Defendant will stand by its relevancy objection.

**Request No. 11:** Ms. Golinveax will confer with Defendant, but believes Defendant will stand by its relevancy objection.

**Request No. 12.** Plaintiff combines this request with Request No. 9 and therefore withdraws this Request.

**Request No. 14:** Ms. Golinveax indicated that no limiting language would be acceptable and Defendant stands on its objections.

**Request No. 16.** Plaintiff has offered to provide storage disks for the material and have offered to enter discussions as to the amount of material encompassed in this request as well as any measures required to overcome technical difficulties that may be encountered in producing the material. Ms. Golinveax indicated that no limiting language would be acceptable and Defendant stands on its objections.

**Request No. 17.** Plaintiff withdraws this request.

**Request No. 21:** Parties discussed the idea that certain stipulations may eliminate the need for this request. Without such stipulations, Plaintiff is unwilling to narrow the request and Defendant stands by its objections, in particular its overbroad and burdensome objections.

Plaintiff proposes the following stipulation: Defendant stipulates that user material, serves to increase the draw of traffic to the Veoh.com website and that Veoh Networks, Inc. is able to earn revenue from the increased traffic draw.

Alternatively, if Defendant admits to Plaintiff's Requests for Admissions Nos. 28 through 38, the need for this Request for Production might be eliminated.

**Requests Nos. 22, 23, and 24:** Plaintiff agrees to withdraw these requests, on condition that a) Defendant stipulates to respond within ten days to narrowly-tailored, post-deposition, Requests for Production of documents responsive to these requests; and b) Defendant stipulates to ensure Plaintiff has the opportunity to request follow-up discovery regarding these documents in the form of interrogatories or possibly a limited telephone deposition.

**Request No. 25.** In addition to Defendant's earlier response, Ms. Golinveax agrees that Defendant will produce various iterations over time of Veoh's organizational charts to the extent they exist.

My understanding then is that Defendant refuses production on Request Numbers 10, 11, 14 and 16 and will likely also refuse production on Numbers 2, 4, 5, 7, 8, 9, and 21 and will begin drafting a motion to compel based on that understanding. Would you stipulate to a March 20, 2007 hearing date for our motion to compel?

Very truly yours,

GILL SPERLEIN
GENERAL COUNSEL, IO GROUP, INC.

# EXHIBIT 2

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

99 GRESHAM STREET
LONDON EC2V 7NG

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

(415) 591-1000

FACSIMILE (415) 591-1400

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

25 AVENUE MARCEAU
75116 PARIS, FRANCE

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

WRITER'S DIRECT DIAL
415-591-1506
jgolinveaux@winston.com

March 2, 2007

**BY E-MAIL AND U.S. MAIL**

Gill Sperlein
IO Group Inc.
69 Converse Street
San Francisco, CA 94103

Re:    **Io Group, Inc. v. Veoh Networks, Inc. – Plaintiff's Document
        Requests**

Dear Gill:

I write in response to your letter of February 23, 2007 and email of March 1, 2007.

First, I should clarify several points made in your February 23, 2007 letter. So that there is no misunderstanding, our client will either produce documents on paper or on electronic media. We have not agreed to provide documents in tiff format. In addition, while you brought up the issue of discovery extensions, and I said that Defendant would consider reasonable requests, as I presume Plaintiff will do as well, I did not agree in advance to stipulate to discovery extensions. With regard to the production requests for which Defendant has agreed to produce documents subject to and without waiving general and specific objections, Defendant will do just that – produce such documents subject to the objections.

Regarding your specific proposals, several involve significant stipulations, which Defendant is fully considering. I will respond to your proposals no later than Monday or Tuesday of next week.

Finally, given the nature of the issues that will presumably require briefing, we cannot agree to an expedited hearing on March 20, 2007 for the motion to compel that Io Group apparently intends to bring. On any schedule proposed (and you have not proposed a briefing

**WINSTON & STRAWN** LLP

Gill Sperlein
March 2, 2007
Page 2

schedule), a March 20, 2007 hearing would appear to leave Defendant only several days to
respond to a motion, even if the Court would agree to hearing Plaintiff's motion on an expedited
schedule.

Sincerely,

Jennifer Golinveaux / ge

Jennifer A. Golinveaux

JAG/ge

cc: Michael Elkin

SF:155349.1