GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation, | C-06-03926 (HRL) |
| Plaintiff, | **DECLARATION OF GILL SPERLEIN IN SUPPORT OF PLAINTIFF'S REPLY** |
| vs. | DATE: April 10, 2007 |
| | TIME: 10:00 a.m. |
| VEOH NETWORKS, Inc., a California Corporation, | COURTROOM: 2 |
| Defendant. | Discovery Cut Off: April 30, 2007 |
| | Pre-Trial Conference Date: October 18, 2007 |
| | Trial Date: October 24, 2007 |

I, GILL SPERLEIN, declare:

1. I am an attorney at law licensed to practice in the State of California and attorney of record for Plaintiff Io Group, Inc.

2. Shortly before initial disclosures were due, Veoh requested that Plaintiff stipulate to an extension for the production of initial disclosures. Plaintiff agreed to so stipulate.

-1-

SPERLEIN DECLARATION IN SUPPORT OF
PLAINTIFF'S REPLY
C-06-3926 (HRL)

3. Parties exchanged initial disclosures and documents on January 16, 2007.

4. Veoh has not produced any documents since that time and has not produced any documents in response to Plaintiff's First Set of Requests for Discovery.

5. I scheduled the deposition of Joseph Papa to take place on Thursday, March 15, 2007.

6. On Wednesday, March 14, 2007, Defense Counsel Jennifer Golinveaux telephoned me to cancel the scheduled deposition because Mr. Papa had a sinus infection and was on antibiotics.

7. On February 16, 2007 I wrote my initial meet and confer letter to Defense counsel, explaining that because of the relatively short time allotted for discovery I expected them to try to resolve these discovery matters quickly or that I would have to quickly file a motion to compel. Specifically, I wrote:

> "As you know we have a relatively short discovery period in this matter. Moreover, I can only assume from your overwhelming amount of unwarranted objections, that Veoh intends to resist even our most modest document requests. If this is Veoh's position, I see little point in protracted meet and confer. State your position on these issues immediately and unequivocally. Either step up to the plate and produce the documents or let's move things forward by getting a determination from the Court. I demand a detailed response and production of the responsive, non-privileged documents by Friday, February 23, 2007."

8. In its deposition of Dr. Ted Dunning, Plaintiff was able to learn the location and purpose of several different groups of computers involved in the infringement. However, Plaintiff's attempts to question Dr. Dunning about these systems and how they operate were hampered because Defendant failed to produce documents on schedule and therefore Plaintiff did not have a basic understanding of the system in advance of the deposition.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *March 26, 2007*                                    Respectfully submitted,

*/s/ Gill Sperlein*

GILL SPERLEIN,
Attorney for Plaintiff