**\*E-FILED: 4/13/2007\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., | No. C06-03926 HRL |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| VEOH NETWORKS, INC., | |
| Defendant. | **[Re: Docket No. 54]** |

This is an action for alleged copyright infringement. Plaintiff Io Group, Inc. says that it is the producer and copyright holder for various adult films. Defendant Veoh Networks, Inc. (Veoh) says that it provides software and a website (veoh.com) that enables the sharing of user-provided video content over the Internet. Plaintiff alleges that Veoh copied, displayed, or distributed seven of its copyrighted films on veoh.com without permission. The complaint asserts claims for copyright infringement, contributory copyright infringement, vicarious copyright infringement and for an accounting.

Veoh denies any liability and says that it no longer permits users to publish adult material on its website. Additionally, Veoh maintains that it is immune from liability under the "safe harbor" provisions of the Digital Millennium Copyright Act (DCMA), 17 U.S.C. § 512.

Plaintiff now moves to compel the production of documents which it says are necessary

to establish its claims for Veoh's liability for copyright infringement. Veoh opposes the motion. Upon consideration of the papers filed by the parties, as well as the arguments presented at the April 10, 2007 hearing, this court grants the motion in part and denies the motion in part as follows:

**A.     Veoh's Asserted Objections**

Preliminarily, plaintiff seeks a blanket order overruling all of Veoh's stated objections – whether asserted as "General Objections" or in response to specific requests – on the ground that the objections are merely conclusory. Grounds for objection to discovery requests must be stated with specificity. *See* Fed.R.Civ.P. 34(b). This is particularly true with claims of privilege. *See* FED.R.CIV.P. 26(b)(5)(A).

Here, Veoh asserted a number of General Objections which it, in boilerplate fashion, purported to incorporate into its specific responses – whether or not those objections were actually raised in response to a particular request. This practice obscures the extent to which Veoh is withholding information and does not satisfy the requirement for specificity under Fed. R. Civ. P. 34(b). Thus, any General Objections which Veoh only implicitly asserted by incorporation to a specific request are overruled.

Plaintiff argues that Veoh also failed to explain the reasons for objections that were asserted in response to specific requests. Indeed, Fed. R. Civ. P. 34(b) requires that a responding party "stat[e] the reasons for the objection." FED.R.CIV.P. 34(b). Nevertheless, as discussed more fully below, this court has considered Veoh's objections asserted in response to the particular requests at issue; and, it finds that not *all* of Veoh's objections are baseless. Accordingly, this court declines to issue a blanket order overruling all of Veoh's objections at the outset.

As for Veoh's asserted objections based on privilege, plaintiff says that Veoh has not yet produced a privilege log. Veoh says that it will do so. A party that withholds information on the ground of any privilege "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the

1  applicability of the privilege or protection." *See* FED.R.CIV.P. 26(b)(5)(A). To the extent Veoh
2  has not already done so, it shall serve a privilege log forthwith.

3  **B.    Moot Issues (Request Nos. 4 and 7)**

4  With respect to Request No. 4, plaintiff apparently has agreed to limit this request to "all
5  documents which constitute defendant's procedures for verifying the accuracy and/or
6  appropriateness of the categorization or indexing of content submitted to veoh.com for
7  publication by and through veoh.com." (*See* Golinveaux Decl., Ex. 1). Veoh represents that, to
8  the extent it understands this request (as limited), it has reviewed its records and no such
9  documents exist. At the motion hearing, Veoh's counsel confirmed that the arguments set out
10 in plaintiff's motion papers has not changed Veoh's understanding of the request. She
11 reiterated that Veoh has no responsive documents in its possession, custody or control. Based
12 on defense counsel's representation, there appear to be no documents to compel. Accordingly,
13 plaintiff's motion as to this request is DENIED AS MOOT.

14 As for Request No. 7, plaintiff has agreed to narrow it to "specific documents identified
15 by Defendant, such as information packets, slide presentations, or other materials presented to
16 potential investors." (*See* Golinveaux Decl., Ex. 1). Veoh agrees to produce responsive
17 documents to the request (as narrowed); and, at the motion hearing, its counsel represented that
18 all responsive documents have already been produced. Accordingly, plaintiff's motion as to
19 this request is DENIED AS MOOT.

20 **C.    Request Nos. 2 and 21**

21 In Request Nos. 2 and 21, plaintiff seeks information which it says is relevant to show
22 whether Veoh obtained a "direct financial benefit" from the infringing activity:

23  •   Request No. 2: "All documents which constitute, describe, refer to or relate to
        reports identifying the amount of daily traffic, hits, and/or visits to veoh.com
24      since Veoh Networks began operating veoh.com."

25  •   Request No. 21: "All documents which constitute, refer to or relate to
        Defendant's ability to monetize veoh.com including, without limitation, through
26      advertising revenue, video on demand fee sharing or any other means."

27 (Mot., Ex. A).

28

3

"One . . . infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). "In the context of copyright law, vicarious liability extends . . . to cases in which a defendant 'has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *A&M Records, Inc. v. Napster* ("*Napster II*"), 239 F.3d 1004, 1022 (9th Cir. 2001) (quoting *Fonovisa, Inc. v. Cherry Auctions, Inc.* 76 F.3d 259, 262 (9th Cir. 1996)). "Financial benefit exists where the availability of infringing material 'acts as a 'draw' for customers.'" *Id*. (quoting *Fonovisa, Inc.,* 76 F.3d at 263-64)).

With respect to Request No. 2, plaintiff has agreed to narrow this request to "a daily report of traffic to veoh.com from the day the site went live to the present." (*See* Golinveaux Decl., Ex. 1). Plaintiff contends when Veoh stopped allowing users to publish adult material on veoh.com, website traffic dropped significantly. He argues that this drop in traffic is relevant to show the value of adult material in drawing users to veoh.com and the effectiveness of Veoh's filtering techniques.

Veoh argues that the request – even as narrowed – is overbroad and seeks irrelevant information, citing *Ellison v. Robertson*, 357 F.3d 1072 (9th Cir. 2004). Its reliance on *Ellison*, however, is misplaced. *Ellison* does not hold that the amount of draw is wholly irrelevant, as Veoh seems to suggest. Rather, the Ninth Circuit held only that "[t]here is no requirement that the draw be 'substantial.'" *Id*. at 1079. In so holding, the court emphasized that "[t]he essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of *how substantial* the benefit is in proportion to a defendant's overall profits." *Id*.

Here, the requested website traffic information is relevant or reasonably calculated to lead to the discovery of admissible evidence as to the "direct financial benefit," if any, Veoh obtained from the alleged infringing activity. Moreover, at the motion hearing, Veoh indicated that the requested reports could be run from a database. Nevertheless, there apparently is no dispute that Veoh stopped permitting the publication of adult material on its website. At oral argument, Veoh stated that its website was first publicly available in early 2006 and that it

4

1  stopped allowing adult material on its website in June 2006. Plaintiff agreed that it probably
2  only needs information for only a few weeks after June 2006. Accordingly, plaintiff's motion
3  as to Request No. 2 (as narrowed) is GRANTED; however, the request will be further limited to
4  website traffic information from the day the website went "live" through July 2006. Veoh shall
5  produce all responsive, non-privileged documents **within ten days of the date of this order**.

6  As for Request No. 21, Veoh argues that its theoretical ability to monetize veoh.com is
7  irrelevant. However, as discussed above, "[f]inancial benefit exists where the availability of
8  infringing material 'acts as a "draw" for customers.'" *Napster II*, 239 F.3d at 1023 (quoting
9  *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263-64 (9th Cir. 1996)). At least one
10 district court has concluded that "[*Napster II*'s] broad definition of 'direct financial benefit'
11 would encompass even a 'future hope to monetize.'" *Perfect 10 v. Google, Inc.*, 416 F. Supp.2d
12 828, 857 (C.D. Cal. 2006) (quoting 4 Nimmer on Copyright, § 12.04[A][1] (2005)).

13 Veoh is not aided by its cited authority. As discussed above, *Ellison* holds that there is
14 no requirement that the draw be substantial. *Ellison*, 357 F.3d at 1079. The other case cited by
15 Veoh, *Scharmer v. Agnew Assocs., Inc.*, 167 U.S.P.Q. 77 (E.D.N.Y. 1970), is inapposite.
16 *Scharmer* is a patent case which concerned the allegedly infringing sales of sinks.

17 The court finds that the requested information is relevant to show any "direct financial
18 benefit" Veoh may have obtained. However, insofar as Veoh no longer allows the publication
19 of adult material on its website, Request No. 21 will also be limited to information through July
20 2006. Accordingly, plaintiff's motion as to Request No. 21 is GRANTED as limited. Veoh
21 shall produce all responsive, non-privileged documents **within ten days of the date of this**
22 **order**.

23 **D.    Request Nos. 5 and 14**

24 In Request Nos. 5 and 14, plaintiff seeks information about Veoh's policies and
25 procedures with respect to content submitted for publication to veoh.com:

26 •   Request No. 5: "All documents which constitute, describe, refer to or relate to
       Defendant's procedures for processing and handling content once submitted to
27     veoh.com for publication by and through veoh.com."

28

5

1     •     <u>Request No. 14</u>: "All documents which discuss, refer to or relate to Veoh Network, Inc.'s ability to discover the true identity of individuals who submit content for publication by and through veoh.com."

(Mot., Ex. A). Plaintiff contends that the requested information is relevant to show Veoh's right and ability to supervise or control the allegedly infringing activity.

"The ability to block infringers' access to a particular environment for any reason whatsoever is evidence of the right and ability to supervise." *Napster II*, 239 F.3d at 1023. "To escape imposition of vicarious liability, the reserved right to police must be exercised to its fullest extent. Turning a blind eye to detectable acts of infringement for the sake of profit gives rise to liability." *Id.*

With respect to Request No. 5, Veoh contends that the request is overbroad because it calls for most of the documents in its possession. Insofar as Veoh indicates that its "core function" is to allow users to share content through its website, this request might well call for a large number of documents. However, that does not necessarily mean that the request is overbroad. Indeed, Veoh's policies and procedures with respect to content submitted to its website are relevant to show the scope and extent of its alleged liability for copyright infringement. Veoh nevertheless argues that the request does not provide enough guidance as to where to look for responsive documents. Plaintiff asserts that he does not know how defendant's documents are organized and that Veoh has refused to engage in any discussion that might help it to focus the request.

As noted at the motion hearing, Veoh is in a better position than the court to know what kinds of responsive documents actually exist, and how those documents feasibly may be produced. Here, it has provided little information to help this court decide how the requests fairly may be focused, if at all. The parties are encouraged to engage in dialogue which may help them to reach an agreement here. Nevertheless, since the parties say that they have reached an impasse:

Based on the record presented, this court concludes that the motion as to Request No. 5 should be GRANTED. At oral argument, Veoh represented that it does not have a formal document setting out its policies and procedures as to submitted content. However, defense

6

1  counsel did not exclude the possibility that there may be some sort of documentation (e.g., job
2  descriptions) which may contain responsive information. Moreover, even if there is no
3  "official" policy document, the request reasonably can be read as seeking documents (e.g., job
4  descriptions, emails, memoranda, and the like ) which explain, amend, clarify, amplify or
5  interpret Veoh's policies and procedures for handling submitted content. Veoh argues that any
6  production will be burdensome. It is true that document production likely will entail some
7  burden; however, Veoh has not substantiated its assertion that any burden imposed will be
8  undue. Veoh shall produce all responsive, non-privileged documents **within ten days of the**
9  **date of this order**.

10  As for Request No. 14, Veoh argues that its ability to ascertain the true identity of its
11  users is irrelevant. However, the requested information is relevant or reasonably calculated to
12  lead to discovery of admissible evidence as to Veoh's right and ability to supervise any
13  infringing activity. Although Veoh contends that the request should be limited to the seven
14  works at issue in the instant action, plaintiff is entitled to know whether Veoh generally has the
15  ability to identify users who submit material for publication on its website. Accordingly,
16  plaintiff's motion as to Request No. 14 is GRANTED. Veoh shall produce all responsive, non-
17  privileged documents **within ten days of the date of this order**.

### E.    Request Nos. 8-11

In Request Nos. 8-11, plaintiff seeks information relating to Veoh's policies and procedures for reviewing "explicit" material:

- Request No. 8:  "All documents which constitute, describe, refer to or relate to defendant's policy or policies regarding the display by and through veoh.com of explicit material (whether such material is described as 'explicit,' 'adult,' 'pornographic,' 'nude,' 'sexual,' or any other similar word), including all original, draft, subsequent, or revised versions of such documents."

- Request No. 9 (as amended)[1]:  "All documents which discuss if or how [the recordkeeping and labeling requirements set forth at] 18 U.S.C. § 2257 and

---

[1] Plaintiff's motion originally sought to compel documents responsive to Request Nos. 9-12. However, plaintiff has agreed to amend Request No. 9 to incorporate Request No. 12 and to withdraw Request No. 12. (*See* Golinveaux Decl., Ex. 1). Accordingly, plaintiff's motion as to Request No. 12 is denied as moot.

7

    implementing regulations at 28 C.F.R. 75.1 et seq. relate to Veoh Network's operations."

- Request No. 10: "All documents which constitute, refer to or relate to Veoh Networks, Inc.s' policies for preventing child pornography from being published by and through veoh.com."

- Request No. 11: "All documents which constitute, refer to or relate to Veoh Network, Inc.'s policies for obtaining proof that individuals appearing in explicit material submitted to Veoh Network, Inc. for publication by and through veoh.com were over eighteen years of age at the time the materials was produced."

(Mot., Ex. A; *see also* Golinveaux Decl., Ex. 1).

With respect to Request No. 8, plaintiff contends that the requested information is relevant to Veoh's right and ability to supervise any allegedly infringing activity. Veoh protests that the information is irrelevant because there is no relationship between its right and ability to supervise infringing activity and the "adult" or "non-adult" content of the submitted material. Nevertheless, the requested information is relevant or reasonably calculated to lead to the discovery of admissible evidence showing how effectively Veoh was able to regulate the broadcast of adult material on its website. To the extent there is no "official" policy document, the request reasonably can be read as seeking documents (e.g., emails, memoranda or the like) which explain, amend, clarify, or interpret Veoh's policies and procedures as to "explicit" material. Accordingly, the motion as to Request No. 8 is GRANTED. Veoh shall produce all responsive, non-privileged documents **within ten days of the date of this order**.

As for Request Nos. 9-11, plaintiff argues that the requested information pertains to Veoh's ability to control what video files appear on its system – including video files containing sexually explicit material and illegal child pornography. Here, it asserts that federal laws require any video containing sexually explicit material to be labeled with the actual name and business address of the producer of the material. *See* 18 U.S.C. § 2257.[2] Plaintiff further argues

---

[2] Title 18 United States Code Section 2257 provides in relevant part:

    (a)    Whoever produces any book, magazine, periodical, film, videotape, digital image, digitally- or computer-manipulated image of an actual human being, picture, or other matter which--

8

that if Veoh was aware of and followed this law, any infringing activity would have been all the more apparent. Veoh maintains that 18 U.S.C. § 2257 does not apply to it and that the requested information is, in any event, irrelevant to the question whether Veoh did or did not infringe plaintiff's rights in the seven films alleged in this lawsuit.

Plaintiff's motion as to Request No. 10 is GRANTED. The requested information is relevant or reasonably calculated to lead to the discovery of admissible evidence as to Veoh's ability to control or supervise content submitted for publication on veoh.com. To the extent there is no "official" policy document, the request reasonably can be read as seeking documents (e.g., job descriptions, emails, memoranda or the like) which explain, amend, clarify, amplify or interpret Veoh's policies and procedures for preventing child pornography from being published. Veoh shall produce all responsive, non-privileged documents **within ten days of the date of this order**.

However, plaintiff's motion as to Request Nos. 9 and 11 is DENIED. Even assuming (without deciding) that 18 U.S.C. § 2257 applies to Veoh, plaintiff has not convincingly demonstrated that Veoh's compliance (or not) with that statute is relevant or reasonably calculated to lead to the discovery of admissible evidence of its alleged liability for copyright infringement.

**F.    Request No. 16**

Request No. 16 calls for "[e]lectronic copies, in a readily viewable format, of all files containing adult material (whether such material is described as 'explicit,' 'adult,'

---

> (1) contains one or more visual depictions made after November 1, 1990 of actual sexually explicit conduct; and
>
> (2) is produced in whole or in part with materials which have been mailed or shipped in interstate or foreign commerce, or is shipped or transported or is intended for shipment or transportation in interstate or foreign commerce
>
> shall create and maintain individually identifiable records pertaining to every performer portrayed in such a visual depiction.

18 U.S.C. § 2257(a)(1), (2).

9

1 'pornographic,' 'nude,' 'sexual' or any other similar word) ever published by and through
2 veoh.com." (Mot., Ex. A). When Veoh blocked access to all adult content on its website,
3 plaintiff says that it was unable to complete its review to determine if there were additional
4 instances of infringement in its copyrighted works. There is no dispute that information
5 pertaining to works owned by plaintiff is relevant. However, Veoh contends that the request is
6 overbroad and seeks irrelevant information as to works owned by third parties.

7     At oral argument, plaintiff confirmed that it is interested only in seeing whether there are
8 other instances of infringement of *its* copyrights, and not those belonging to third parties.
9 However, plaintiff maintains that it needs to see all adult material that was published on
10 veoh.com. Here, it points out that typically, only clips of its films (that is, *sans* titles or credits)
11 would be submitted and published. Because any information as to plaintiff's works is
12 indisputably relevant, and since it appears that there is no way for plaintiff's works to be
13 identified except through a review of all adult material published on Veoh's website, plaintiff's
14 motion as to Request No. 16 is GRANTED. Veoh shall produce all responsive, non-privileged
15 documents **within ten days of the date of this order**.

16     Veoh argues that plaintiff should bear the entire cost of production, citing *OpenTV v.*
17 *Liberate Techs.*, 219 F.R.D. 474 (N.D. Cal. 2003). For good cause shown, this court may make
18 any order protecting a party from any undue burden or expense, "including orders conditioning
19 discovery on the requesting party's payment of the costs of discovery." *OpenTV v. Liberate*
20 *Techs.*, 219 F.R.D. 474, 476 (N.D. Cal. 2003). However, "[s]hifting the cost of production from
21 the producing party to the requesting party should be considered only when inaccessible data is
22 sought." *Id*. (citing *Zubulake v. UBS Warburg LLC, et al.*, 216 F.R.D. 280, 284 (S.D.N.Y.
23 2003). In deciding whether cost-shifting is appropriate for the discovery of inaccessible data,
24 the court should consider the following factors:

25     1.    The extent to which the request is specifically tailored to discover relevant information;

26     2.    The availability of such information from other sources;

27
28     3.    The total cost of production, compared to the amount in controversy;

10

> 4. The total cost of production, compared to the resources available to each party;
>
> 5. The relative ability of each party to control costs and its incentive to do so;
>
> 6. The importance of the issues at stake in the litigation; and
>
> 7. The relative benefits to the parties of obtaining the information.

*Id.*

In the instant case, Veoh has provided no information about whether and how such information is "inaccessible," much less any information necessary for this court to decide whether it would be appropriate to shift all costs of production to plaintiff. Accordingly, Veoh's request for cost-shifting is denied. Nonetheless, the parties are encouraged to come to an agreement as to the most efficient means of production. (Here, plaintiff notes that it has invited such dialogue and that it is willing to provide high capacity storage devices).

**G.   Request Nos. 22-24**

In Request Nos. 22-24, plaintiff seeks information pertaining to the operation of veoh.com, as well as Veoh's computer policies, procedures and guidelines:

- Request No. 22: "All documents explaining how veoh.com and each of its features operates or was intended to operate, including without limitation, such documents given to employees or contractors tasked with designing, programming or constructing veoh.com."

- Request No. 23: "All documents with reference to or written policies, procedures and guidelines related to defendant's computers or computer systems including, without limitation, back up schedules and procedures, electronic retention and preservation schedules, and file naming conventions."

- Request No. 24: "All documents identifying computers, equipment and software used in conjunction with the operation of veoh.com."

(Mot., Ex. A).

Plaintiff's motion as to Request No. 22 is GRANTED. There apparently is no dispute that the requested information about the website's operation is relevant. Plaintiff alleges that Veoh's computer systems provided the means by which Veoh allegedly infringed plaintiff's copyrights. Moreover, Veoh has made no effort to explain why it believes that the request is "vastly overbroad." In any event, the request seeks only those documents which "explain" Veoh's computer policies. Such documents are fair game.

11

Plaintiff's motion as to Request No. 23 is GRANTED. Veoh's computer policies, procedures and guidelines are relevant to show how it operated its website. Moreover, there is some indication in the record presented that Veoh claims that it is immune from liability under DMCA, 17 U.S.C. § 512(a) based on an assertion that it maintains material on its computer system no longer than is reasonably necessary for the transmission, routing, or provision of connections. As such, the requested documents also appear to relevant to show whether there is any basis for Veoh's claimed "safe harbor" defenses. As drafted, the phrase "all documents with reference to" is overbroad. Nonetheless, the request reasonably can be read as seeking defendant's computer policies, procedures and guidelines – including any documents which may not comprise "official" policy documents (e.g., job descriptions, emails, memoranda and the like), but which nonetheless amend, clarify, amplify or explain those policies.

Plaintiff's motion as to Request No. 24 is GRANTED, but the request shall be limited to those documents that are sufficient to identify all of the computers, equipment and software used in conjunction with the operation of veoh.com.

Veoh shall produce all non-privileged documents that are responsive to Request Nos. 22-24 in accordance with this order, **within ten days of the date of this order**.

IT IS SO ORDERED.

Dated: April 13, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

12

**5:06-cv-3926 Notice will be electronically mailed to:**

Michael S. Elkin melkin@thelenreid.com, rpagliaro@thelenreid.com

Jennifer A. Golinveaux jgolinveaux@winston.com, vebert@winston.com; docketsf@winston.com

Dennis Gill Sperlein legal@titanmedia.com

Gill Sperlein sperlein@aol.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.