Michael S. Elkin (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:    212-294-6700
Facsimile:     212-294-4700
Email: melkin@winston.com

Jennifer A. Golinveaux (SBN: 203056)
Matthew A. Scherb (SBN: 237461)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:     415-591-1400
Email: jgolinveaux@winston.com; mscherb@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>VEOH NETWORKS, INC.<br><br>        Defendant. | Case No. C 06-3926 HRL<br><br>**DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER ALLOWING PARTIES TO EXCEED OTHERWISE APPLICABLE PAGE LIMITATIONS; [PROPOSED] ORDER** |

       Plaintiff apparently intends to file a motion for summary judgment in this case, and has requested that both parties be permitted double the allowed page limits for their summary judgment briefs and any oppositions, and 25 pages for replies, rather than the 15 permitted by Civil Local Rule 7. Contrary to Plaintiff's assertion, this is not a complex case, nor is it a "mega" case involving large

---
DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER ALLOWING
PARTIES TO EXCEED OTHERWISE APPLICABLE PAGE LIMITATIONS
Case No. C 06-3926 HRL

volumes of discovery materials. The case involves approximately 10,000 pages of documents in addition to certain electronic data, six depositions, and three substantive claims.[1]

In this case Plaintiff asserts that Defendant should be held liable for direct and indirect copyright infringement involving snippets of ten or fewer of Plaintiff's pornographic works that were uploaded to Defendant's website by users and allegedly available sometime in June 2006, despite the fact that Plaintiff provided Defendant with no notice of the alleged infringements prior to filing suit. As there is no issue of material fact that Defendant is entitled to DMCA safe harbor, Defendant intends to move for summary judgment on that sole issue, and believes that the motion can be fully briefed within the page limits allowed by the Local Rules.

When Plaintiff asked Defendant's counsel to stipulate to double the allowed page limits for summary judgment briefing, without any specific explanation as to why such extensive briefing would be required, Defendant's counsel explained that if there were specific reasons justifying such a request Defendant would consider them, but that otherwise Defendant could not stipulate to Plaintiff's request. Scherb Decl. ¶ 5. Rather than provide any specific reason, Plaintiff filed this motion, in which it has still failed to specify why such extensive briefing would be required in this modest case. Moreover, if the factual issues on which Plaintiff intends to rely for its summary judgment motion are truly as extensive and complex as Plaintiff indicates, it is unlikely that such issues are amenable to resolution on summary adjudication.[2] Additional pages for summary judgment briefing are unnecessary for this case, would unduly burden the court, and would unduly burden the parties.

Plaintiff's conclusory assertions that "[t]his matter will require Parties to present many facts to the Court," (Motion at 2), and that "Plaintiff requires additional briefing pages in order to properly put numerous undisputed facts it has assembled before the Court," (Motion at 3), do not offer an

---

[1] Decl. of Matthew Scherb in Supp. of Opp. to Pl's Mot. for Order Allowing Parties to Exceed Otherwise Applicable Page Limitations ("Scherb Decl.") ¶¶ 2-3.
[2] In addition, there is no limit on the number of pages of affidavits, exhibits, or other evidence that parties can submit in support of summary judgment motions. There is only a limit to the *argument*. *Compare* Local Civ. R. 7-4 (page limit on briefs), *with id.* R. 7-5 (no similar limit on evidence).

2

DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER ALLOWING PARTIES TO EXCEED OTHERWISE APPLICABLE PAGE LIMITATIONS
Case No. C 06-3926 HRL

adequate basis for granting the additional pages. To grant additional pages in these circumstances would render the local rules "ineffectual by permitting [them] to be overcome by ritualistic recitations of complexity." *Dag Petroleum Suppliers, LLC v. BP P.L.C.*, No. 1:05cv1323(JCC), 2006 WL 2345908, at *2 (E.D. Va. Aug. 9, 2006) (denying request to exceed the 30-page limit for a summary judgment opposition set by the Eastern District of Virginia's local rule 7(F)(3)). In *Dag Petroleum,* the requisite good cause under the Eastern District of Virginia's local rule 7(F)(3) was found lacking despite the parties' "extensive discovery, including the review of millions of pages of documents and the depositions of over fifty-five fact and expert witnesses." *Id.* "In sum, Plaintiff's conclusory references to the complexity of this case are an utterly insufficient basis to waive the page limitations imposed by the local rules." Plaintiff here has also failed to make the requisite showing in a case with far more limited discovery.

Plaintiff's discussion of *defendant's* motion for summary judgment in *Tur* v. *YouTube*, No. 06-4436, 2007 U.S. Dist. LEXIS 50254 (C.D. Cal. June 20, 2007), is entirely irrelevant to Plaintiff's request concerning *Plaintiff's* motion. Defendant in this case has said that it can present its motion for summary judgment within the page limits, and intends to do so.

Finally, Plaintiff's statements "remind[ing] the Court of Defendant's refusal to respond to many of Defendant's discovery requests until ordered to do so by the Court," and accusing Defendant of "seek[ing] to keep the information from the Court, by objecting to a page limit extension" (Motion at 3), are inappropriate and entirely misleading. After this Court resolved a handful of legitimate discovery disputes involving Plaintiff's first set of document requests, the parties have engaged in multiple rounds of additional discovery without the need of any further court intervention. Scherb Decl. ¶ 4.

Plaintiff has failed to articulate why double the page limits are required for motions and oppositions to summary judgment in this case and has not identified any specific arguments it would have to omit or truncate to Plaintiff's prejudice. Defendant believes the parties can present their arguments within the space allotted by the local rules and respectfully requests that the Court deny

3

Plaintiff's motion. If the Court does grant Plaintiff's motion, Defendant asks that the Court grant the motion in full, thereby allowing both Plaintiff and Defendant the same accommodation.

Dated: July 25, 2007                              WINSTON & STRAWN, LLP

By: _____
Michael S. Elkin
Jennifer A. Golinveaux
Matthew A. Scherb
Attorneys for Defendant
VEOH NETWORKS, INC.

### [PROPOSED] ORDER

Having considered PLAINTIFF'S MOTION FOR ORDER ALLOWING PARTIES TO EXCEED OTHERWISE APPLICABLE PAGE LIMITATIONS, the briefs in support and opposition, and the evidence presented therewith, the Court hereby DENIES Plaintiff's motion.

SO ORDERED.

Dated: _____

HONORABLE HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER ALLOWING PARTIES TO EXCEED OTHERWISE APPLICABLE PAGE LIMITATIONS
Case No. C 06-3926 HRL

SF:178479.3