GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

**\*ORDER E-FILED: 7.30.2007\***

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>   Plaintiff,<br><br>               vs.<br><br>VEOH NETWORKS, Inc, a California Corporation,<br><br>   Defendant. | **CASE NO. C-06-3926 (HRL)**<br><br>**MOTION FOR ORDER ALLOWING PARTIES TO EXCEED OTHERWISE APPLICABLE PAGE LIMITATIONS AND [PROPOSED] ORDER GRANTING MOTON IN PART AND DENYING MOTION IN PART**<br><br>**Deadline for Dispositive Motions:**<br>**September 4, 2007**<br>**Trial Date: October 22, 2007**<br>**[Re: Docket No. 73]** |

     Pursuant to Local rule 7.11, Plaintiff Io Group, Inc. hereby moves the Court for an order allowing parties to exceed otherwise applicable page limitations for the purposes of summary judgment motions in this matter.

     Both parties intend to file motions for summary judgment in this matter. Under the Court's Case Management Order dispositive motions must be heard by September 4, 2007. Trial is set to begin October 22, 2007.

     Civil local rule 7.2(b) sets the page limitations for *all* motions and oppositions at twenty-five and Reply's at fifteen. Since this is a matter of first impression with complex legal issues

and a detailed factual foundation, Plaintiff requests and hereby moves the Court to increase page limitations for summary judgment motions in this matter to fifty (twenty-five for replies).

This matter will require Parties to present many facts to the Court, including explanations of rather complex technological processes. Sperlein Declaration at ¶4. By allowing parties additional pages to set forth necessary information now, the Court will increase the likelihood that at least some issues can be resolved on summary judgment, thereby either eliminating the need for a trial or at least reducing the issues.

This action will present issues of first impression, not only for this Court but before all U.S. Courts. A district court recently came close to addressing those legal issues on cross motions for summary judgment, but ultimately did not because too many factual questions remained opened. *See Tur v. YouTube*, No.06-4436, 2007 U.S. Dist. LEXIS 50254 (C.D. Cal. June 20, 2007). *Tur* highlights the importance of allowing the parties the opportunity to present all material facts to the Court.

In *Tur* the owner of copyrights in certain video footage brought suit for copyright infringement against YouTube.com, a website that operates in a manner similar in key aspects to the website Defendant operates at www.veoh.com (the location where the infringement of Plaintiff's works occurred).

In its ruling denying defendant's motion for summary judgment, the court acknowledged the complexities involved in assessing the legal and factual questions in this type of case, highlighting some of those issues specifically. "[T]here is clearly a significant amount of maintenance and management that YouTube exerts over its website, but the nature and extent of that management is unclear." Further, "there is insufficient evidence before the Court concerning the process undertaken by YouTube from the time a user submits a video clip to the point of display on the YouTube website." *Id*. LEXIS 50254 at *9. Thus the court acknowledged that significant technological, factual issues must be presented to the court before a summary judgment determination is appropriate.

The case before this Court includes all the same complex legal and factual issues present in *Tur* and more. For example, in addition to the issues in *Tur*, this case involves questions about the regulation of sexually explicit content and liability where defendant allowed users to download video files to their home computers (YouTube streamed the videos from its site but did not allow

users to download and keep copies of the videos.)  These additional issues and others add further layers of complexity, and require additional briefing pages.

Unlike plaintiff in *Tur*, who had not performed any discovery whatsoever, Io Group has invested considerable time, energy and resources into learning about the operation of Defendant's website.  Plaintiff took five depositions (as opposed to Defendant's one).  *Id*. at ¶5.  Plaintiff requires additional briefing pages in order to properly put numerous undisputed facts it has assembled before the Court and thereby ensure the Court has all the information required to make an informed ruling on the maters of law.  *Id*.

Defendant refused Plaintiff's request to stipulate to this request.  *Id*. at ¶7.  Plaintiff reminds the Court of Defendant's refusal to respond to many of Defendant's discovery requests until ordered to do so by the Court.  Having been ordered to produce relevant information, now Defendant seeks to keep the information from the Court, by objecting to a page limit extension even though it is clearly warranted.

Dated: July 20, 2007                                Respectfully Submitted,


                                                    */s/ Gill Sperlein*
                                                    Gill Sperlein
                                                    THE LAW FIRM OF GILL SPERLEIN
                                                    Attorney's for Plaintiff

### [PROPOSED] ORDER

Having read and considered Plaintiff's request to expand the page limitation for summary judgment motions in this matter, and finding good cause therefore,

IT IS HERBY ORDERED that summary judgment briefs or memoranda filed with opposition papers may not exceed ~~fifty (50)~~ **thirty (30)** pages of text and reply briefs or memorandum may not exceed twenty ~~(25)~~ **(20)** pages of text.  **Counsel should not consider this a minimum as well as a maximum limit.**

Dated:  July 30, 2007                               _____
                                                    HONORABLE HOWARD R. LLOYD
                                                    UNITED STATES MAGISTRATE JUDGE