1  GILL SPERLEIN (172887)
2  THE LAW FIRM OF GILL SPERLEIN
   584 Castro Street, Suite 849
3  San Francisco, California 94114
   Telephone: (415) 487-1211 X32
4  Facsimile: (415) 252-7747
5  legal@titanmedia.com

6  Attorney for Plaintiff
7  IO GROUP, INC.

8

                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10                            **SAN JOSE DIVISION**

11  IO GROUP, INC., a California corporation,   )   **CASE NO. C-06-3926 (HRL)**
12                                              )
                                                )   **DECLARATION OF KEITH RUOFF IN**
13         Plaintiff,                           )   **SUPPORT OF PLAINTIFF'S MOTION**
                                                )   **FOR SUMMARY JUDGMENT ON**
14                    vs.                       )   **LIABILITY**
15                                              )
                                                )
16  VEOH NETWORKS, Inc., a California           )
    Corporation,                                )
17                                              )   DATE: September 4, 2007
                                                )   TIME: 10:00 a.m.
18         Defendant.                           )   COURTROOM: 2
                                                )
19

20  I, KEITH RUOFF, declare:

21      1. I am Vice President of Io Group, Inc. a company that produces sexually explicit

22  audiovideo works under the trade name of Titan Media and Titan Men.

23      2. Io Group owns the copyright in each of the following works and has registered those

24  works with the U.S. Copyright Office. A) *River Patrol*; B) *Boner;* C) *Don't Ask, Don't Tell*; D)

25  *Detour*; E) *Heat*; F) *Island Guardian*; G) *Seamen*; H) *Carny*; I) *First Crush*; and J) *Laid Up*. The

26  Certificates of Registrations are attached hereto as Exhibit A.

-1-

RUOFF DECLARATION IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
C-06-3926 (HRL)

Dockets.Justia.com

3. Each of these works was shot with multiple professional cameras and film industry lighting. All of the models were professional and the sets and locations were indicative of professional rather than amateur productions. Each production featured detailed editing and use of multiple cameras and multiple camera angles.

4. The following works received awards *River Patrol* - Video of the Year/Gay Video Awards1995*, Island Guardian* - Most Romantic Video/Men in Video Awards/1997*, Carny* - Best Art Direction/GAYVN 2004, *Sea Men: Fallen Angel IV*- Best Art Direction/GAYVN 2002.

5. On, or about, June 8th, 2006, I was informed that Io Group owned works were being made available by and through www.veoh.com.

6. I navigated to www.veoh.com and examined the website, but did not see any of Io Groups works, or any other sexually explicit video files.

7. I later learned that in order to view adult files on www.veoh.com, one was required to register and turn off the "content filter" to view filtered and hidden adult video files. I returned to www.veoh.com and registered on or about June 13 2006.

8. I registered as a Veoh user. As part of the registration process I had to agree to Veoh's Terms of Use and Acceptable Use policies. I printed out copies of both.

9. A copy of the Terms of Use as I witnessed it to appear on www.veoh.com on June 13, 2006 is attached hereto as Exhibit B. A copy of the Acceptable Use Policy as I witnessed it to appear on www.veoh.com on June 13, 2006 is attached hereto as Exhibit C.

10. Registration was accomplished by filling out an online form. The process required me to provide a username, email address and password. No further information was required to access and utilize the veoh.com website, including the submission and upload of video files.

RUOFF DECLARATION IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
C-06-3926 (HRL)

11. I began reviewing video files in the adult category and witnessed various Io Group owned files being displayed and broadcast on www.veoh.com.

12. I documented the display and broadcast of Io Group works by navigating to the video details page and watching the embedded video files that appeared on the Veoh.com website through my computer screen.

13. On or about June 13, 2006 I located a portion of an Io Group work entitled *River Patrol* on www.veoh.com. I navigated to the video details page of the video file and printed out a copy of the page as I witnessed it to appear on www.veoh.com. I observed the large image in the upper left hand corner play as a streaming Flash video file.  A copy of the page I printed is attached hereto as Exhibit D.

14. I similarly witnessed and documented selections from Io Group's works, *Don't Ask, Don't Tell*, *Detour*, *Seamen, Heat, Island Guardian* and *Boner*. Printout of the screens I witnessed are attached hereto as Exhibit E.

15. In discovery Defendant Veoh Networks produced video files that had once been available through Veoh.com but which had subsequently been removed.  I reviewed these files and discovered additional Io Group works to be included among them, including *Carny*, *First Crush*, and *Laid Up*.  I printed frames from those video files and they are attached hereto as Exhibit F.

16. Of the Io Group works I observed, none of them contained Io Group's mark with the exception of one of the infringing files Defendant produced in discovery.  That file contained a portion of Io Group's movie entitled, *Carny*, which contained Io Group's d/b/a trademark Titan Media.

17. Counters on the Defendant's website indicated that each of Plaintiff's works was viewed numerous times with one work being viewed nearly 10,000 times as indicated on 200109 of Exhibit D.

18. I downloaded and installed the Veoh Client software on or about June 15, 2006.

19. Using the Veoh Client software I downloaded each Io video file to my computer.

20. On June 23, 2006, when I went to Veoh to continue documenting infringements, I learned that Veoh had removed all adult video files from the website.

21. I was only able to document the user profile page for one of the users who had submitted plaintiff's files to Defendant. The one User Profile page Plaintiff was able to document indicates the submitting user was a seventeen-year-old boy from Herod, Illinois.

22. In the course of my review of www.veoh.com, I observed how various aspects of the site functioned.

23. As part of that investigation I reviewed the process for submitting and uploading a video file.

24. At that time when a user submitted a video file for upload, the user could select from a list of twenty-four categories including "comedy," "news," "politics" and "miscellaneous".  I printed the "video upload page" as I witnessed it to appear on www.veoh.com on June 13, 2006 and a true and complete copy is attached hereto as Exhibit G.

25. Veoh users supplying video files to Veoh were required to select a content rating for the video file being submitted "in order to ensure that users see only the content they feel is appropriate". See video upload page attached as Exhibit G. Users were required to select one of the three following ratings for the video file they submitted for upload: 1) "Suitable for all

-4-

RUOFF DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
C-06-3926 (HRL)

audiences"; 2) "Contains inappropriate language, violence or adult situations"; or 3) "Contains nudity or sexually explicit content."  See video upload page attached as Exhibit G.

26. June 13, 2006 I also browsed through various search pages on www.veoh.com.  I printed on example of a page as I observed it and a true and complete copy of that page is attached hereto as Exhibit H.  I have redacted some sexually explicit images from that page.  I arrived at this page by navigating to the "adult" category and then selecting the sub section labeled "gay" as indicated in the upper left hand corner of the page just below the blue bar that extends across the page.  From this page if I clicked on the "most recent" tab and the site index produced a list of gay adult video files that had been most recently published to www.veoh.com. If I clicked on the "top rated" tab the site index produced a list of gay adult video files that viewers had rated most highly. If I clicked on the "most popular" tab the site index produced a list of gay adult video files that viewers had viewed most often. If I clicked on the "most discussed" tab the site index produced a list of gay adult video files that had elicited the most comments from viewers. If I clicked on the "top favorites" tab the site index produced a list of gay adult video files that the most number of viewers had selected to mark as one of their favorites. If I clicked on the "categories" tab I could browse through video files in a particular category (like the adult/gay category as depicted here). And if I selected the "Tags" tab, the index displayed the most popular "tags" which are words used to described a video.

27. On June 14, 2006 I navigated to the "tags" page and printed a copy of the page as I witnessed it to appear. That page is attached hereto as Exhibit I. However, I added the highlighting in pink before an entirely clean copy was preserved. If I clicked on any of the "tags" on the "most popular tags" page the site index produced a list of video files that had been marked with that particular "tag".

28. On June 29, 2006 I again observed the veoh website. I reviewed the Frequently Asked Questions section and printed a copy of that page as I witnessed it to appear at www.veoh.com on June 29, 2006. A true and complete copy of the FAQ pages is attached hereto at Ex. J, except that I added highlighting to certain passages before an entirely clean copy could be made.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *July 31, 2007*                     */s/ Keith Ruoff*
                                            Keith Ruoff

I hereby attest that this is the declaration of Keith Ruoff and the original with Keith Ruoff's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party. Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *July 31, 2007*                     /s/ Gill Sperlein
                                            GILL SPERLEIN,
                                            Counsel for Plaintiff Io Group, Inc.