1  RUSSELL J. FRACKMAN (SBN 49087); rjf@msk.com
   KARIN G. PAGNANELLI (SBN 174763); kgp@msk.com
2  MARC E. MAYER (SBN 190969); mem@msk.com
   MITCHELL SILBERBERG & KNUPP LLP
3  11377 West Olympic Boulevard
   Los Angeles, California 90064-1683
4  Telephone: (310) 312-2000
   Facsimile:  (310) 312-3100
5
   Attorneys for Viacom International Inc. and
6  NBC Universal, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11 | IO GROUP, INC.,                | CASE NO. C 06-3926 HRL
12 |         Plaintiff,             | The Honorable Howard R. Lloyd
13 |     v.                         | **LOCAL RULE 7-11 MOTION FOR ADMINISTRATIVE RELIEF OF VIACOM INTERNATIONAL INC. AND NBC UNIVERSAL, INC. FOR LEAVE TO APPEAR AND FILE BRIEF AS *AMICI CURIAE*;**
14 | VEOH NETWORKS, INC.,           |
15 |         Defendant.             |
16
17                                   **DECLARATION OF KARIN G. PAGNANELLI**
18
19                                   **Motion Cut-Off: Sept. 4, 2007**
20                                   **Trial: Oct. 22, 2007**

Mitchell Silberberg & Knupp LLP
1484316.1

CASE NO. C 06-3926 HRL
L.R. 7-11 MTN FOR ADMIN. RELIEF OF VIACOM INTERNATIONAL INC. & NBC UNIVERSAL, INC.

Dockets.Justia.com

## INTRODUCTION

Pursuant to Local Rule 7-11, Viacom International Inc. ("Viacom") and NBC Universal, Inc. ("NBCU") hereby request leave to file their brief (submitted concurrently herewith) and present oral argument as *Amici Curiae* in connection with the Motion for Summary Judgment of Defendant Veoh Networks, Inc., which is scheduled for hearing on September 4, 2007, at 10:00 a.m.

## DISCUSSION

Viacom and NBCU are two of the world's leading creators, producers, and distributors of media content. Viacom and NBCU own the copyrights, or exclusive rights under copyrights, in thousands of works, including some of the most successful, popular, and critically acclaimed motion pictures and television programs in the United States. Viacom and NBCU have an interest in the development of the law of intellectual property generally, and particularly with respect to the Digital Millennium Copyright Act ("DMCA") and its application to services such as Veoh.

Viacom and NBCU do not have a direct interest in the outcome of this lawsuit, but they have a direct, specific, and tangible interest in the legal issues raised by Veoh in its Motion for Summary Judgment – namely, whether Veoh's activities (and those of Internet websites that operate in a manner similar to Veoh) are entitled to the protections of the "safe harbor" of Section 512(c) of the DMCA. Many of Viacom's and NBCU's most valuable copyrighted works have been copied, performed, and disseminated without authorization by video-sharing websites such as Veoh, YouTube, and others. Viacom and NBCU have a strong interest in preserving the strength and viability of all of its legal rights and remedies in response to such conduct. As one example of Viacom's response to such conduct, Viacom has filed an action in the Southern District of New York, Viacom International, Inc. v. YouTube, Inc., No. 1:2007 CV 02103 (filed Mar. 13, 2007) (the "Viacom Action"), in which it asserts that tens of thousands of its copyrights have and are being infringed by YouTube, a video website similar to Veoh. YouTube recently filed its Answer

in the Viacom Action, and like Veoh, has raised the DMCA safe harbors as an Affirmative Defense.[1]

The issues in the present case and the issues raised in Veoh's Motion for Summary Judgment are of critical importance, are being hotly litigated, and are the subject of intense scholarly and industry debate. Any ruling on Veoh's motion here will have far-reaching ramifications for the owners of video content, and especially for content owners such Viacom and NBCU whose works have been copied, displayed, and performed and disseminated by Veoh and others without their authorization or consent. Additionally, and perhaps most critically, this Court's ruling on Veoh's motion may have an impact on the numerous lawsuits pending against YouTube, Grouper, Bolt, and other Internet websites that operate similarly to Veoh.

In light of the importance of these issues, Viacom and NBCU have prepared the attached brief to provide the Court with their position and perspective, and to assist the Court with an understanding of the law. Viacom and NBCU respectfully request that the Court grant them leave to file their brief and permit them to present oral argument at the hearing on Veoh's motion.

Permitting Viacom and NBCU to file their brief and appear as *amici curiae* is especially important here, because they will be able to explain to the Court the broader (and significant) ramifications of the issues before it, something the parties to the case may have no interest in doing. "District Courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information for perspective that can help the court beyond the help that the lawyers for the

---

[1] In addition to the Viacom Action, at least five other video-sharing website lawsuits are pending: Veoh Networks, Inc v. UMG Recordings, Inc., 07 1568 (S.D. Cal., filed Aug. 9, 2007); The Football Association Premier League Limited and Bourne Co. v. YouTube, Inc., et al., 07 Civ. 03582 (S.D.N.Y., filed May 4, 2007); UMG Recordings, Inc., et al. v. Grouper Networks Inc., CV 06-06561 (C.D. Cal., filed Oct. 16, 2006); UMG Recordings, Inc., et al. v. Bolt Inc., CV 06-06577 (C.D. Cal., filed Oct. 16, 2006); and Tur v. YouTube, Inc., CV 06-4436 (C.D. Cal., filed July 14, 2006).

1  parties are able to provide." NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d
2  1061, 1067 (N.D. Cal. 2005). Even those courts espousing restrictive views have recognized that
3  *amicus* briefs should be accepted and considered in cases in which "the would-be *amicus* has a
4  direct interest in another case that may be materially affected by a decision in this case." Voices
5  for Choices v. Illinois Bell Telephone Co., 339 F.3d 542, 545 (7th Cir. 2003); see Chamberlain
6  Group, Inc. v. Interlogix, Inc., 2004 WL 1197258 (N.D. Il. 2004) (granting request where
7  proposed *amicus* was "a directly interested party that may be materially affected by this court's
8  decision"); see also R. Stern, et al., *Supreme Court Practice* 659-60 (8th ed. 2002) (it is common
9  "to file an *amicus* brief because a similar issue is presented in another case in which [the
10 proposed] *amicus* is involved").

12 Both proposed *amici* here are in the positions of prototypical "Friends of the Court."
13 Neither has a pecuniary interest in Plaintiff's copyrights nor a stake in the actual outcome of this
14 litigation. Both Viacom and NBCU, as owners of large numbers of valuable copyrights in audio
15 visual works, have an independent interest in the development of the case law concerning the legal
16 issues of first impression that are implicated by Veoh's motion. That type of interest is generally
17 true of amicus filings. See Ashland v. Ling-Temco-Vought, Inc., 711 F.2d 1431, 1434 (9th Cir.
18 1983) ("Fourteen interested companies have joined in filing a brief amici curiae" because they
19 were in the same line of business as the defendant and would be affected by the Court's ruling);
20 Funbus Systems, Inc. v. State of Cal. Public Utilities Commission, 801 F.2d 1120, 1124 (9th Cir.
21 1986) ("[T]here is no rule that *amici* must be totally disinterested."); Hoptowit v. Ray, 682 F.2d
22 1237, 1260 (9th Cir. 1982) (same); see also Sonoma Falls Developers, Inc. v. Nevada Gold &
23 Casinos, Inc., 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (*amicus* involved in the events leading to
24 the case and was a party to the contract at issue); Concerned Area Residents for The Environment
25 v. Southview Farm, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993) ("by the nature of things an *amicus*
26 is not normally impartial").

1  The position of *amici* also differs somewhat from Plaintiff's position. For this additional reason, the *amicus* brief is proper and necessary. See NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (*amicus* briefs are welcomed where they provide "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.")

## CONCLUSION

Viacom International Inc. and NBC Universal, Inc. respectfully request that the Court grant their motion for administrative relief and grant leave to file their brief (submitted concurrently herewith) and present oral argument as *Amici Curiae* in connection with Veoh's Motion for Summary Judgment.

DATED: August 14, 2007

RUSSELL J. FRACKMAN
KARIN G. PAGNANELLI
MARC E. MAYER
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Karin G. Pagnanelli*
    Karin G. Pagnanelli
    Attorneys for *Amici Curiae*
    Viacom International, Inc. and NBC
    Universal, Inc.

# DECLARATION OF KARIN G. PAGNANELLI

I, KARIN G. PAGNANELLI, the undersigned, declare:

1. I am an attorney duly licensed to practice law in the state of California and before this Court. I am, through my Professional Corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP, counsel for Viacom International Inc. and NBC Universal, Inc. in this action. I make this declaration in support of Viacom International Inc. and NBC Universal, Inc.'s motion for leave to be *amici curiae*. I know all of the following facts of my personal knowledge or on information and belief, and, if called and sworn as a witness, could and would testify competently thereto.

2. On August 13 and 14, 2007, I spoke to Jennifer Golinveaux, counsel for Veoh Networks. I asked Ms. Golinveaux whether Veoh Networks would stipulate to allowing Viacom International, Inc. and NBC Universal, Inc. to appear as *amici curiae* in the present lawsuit. Ms. Golinveaux stated that Veoh Networks would not stipulate and would oppose the motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on August 14, 2007, at Los Angeles, California.

                                          */s/ Karin G. Pagnanelli*
                                          Karin G. Pagnanelli