1  Michael S. Elkin (admitted *pro hac vice*)
   WINSTON & STRAWN LLP
2  200 Park Avenue
   New York, NY 10166-4193
3  Telephone:   212-294-6700
   Facsimile:   212-294-4700
4  Email: melkin@winston.com

5  Jennifer A. Golinveaux (SBN: 203056)
   Matthew A. Scherb (SBN: 237461)
6  WINSTON & STRAWN LLP
   101 California Street
7  San Francisco, CA 94111-5894
   Telephone:   415-591-1000
8  Facsimile:   415-591-1400
   Email: jgolinveaux@winston.com; mscherb@winston.com
9
   Attorneys for Defendant
10 VEOH NETWORKS, INC.

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14 IO GROUP, INC.                    | Case No. C 06-3926 HRL

15         Plaintiff,                | **DECLARATION OF TED DUNNING SUBMITTED IN SUPPORT OF DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

16         vs.

17 VEOH NETWORKS, INC.

18         Defendant.                | Date:  September 4, 2007
                                     | Time:  10:00 a.m.
19                                   | Place: Courtroom 2

---

DECLARATION OF TED DUNNING SUBMITTED IN SUPPORT OF DEFENDANT VEOH NETWORKS, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Case No. C 06-3926 HRL

I, Ted Dunning, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am employed as Chief Scientist for Defendant Veoh Networks, Inc. ("Veoh"), and have been so employed by Veoh since its inception. My responsibilities at Veoh include responsibility for the development and management of Veoh's technology projects. I have a thorough understanding of Veoh's technology and how all aspects of the Veoh service and software function. I am also thoroughly familiar with Veoh's methods of maintaining information regarding users' use of Veoh, such as Veoh's tracking of the number of user uploads. Veoh regularly relies on such statistics in the course of its business operations. The statements contained herein are based on my own personal knowledge.

2. I provided a declaration in this case supporting Veoh own motion for summary judgment filed on July 30, 2007, in which I discussed Veoh's software and service, its automated publication process, and enforcement of Veoh's copyright policies.

3. As I explained in my July 30, 2007 declaration, after a user uploads a new video to Veoh, the Veoh system then automatically publishes the new video, making it available to other users of Veoh. Absent a failure in the computer system, publication is an entirely automated process. As part of the publication process, Veoh utilizes third party software to convert each user-submitted video into the Flash format for compatibility purposes, because the vast majority of Web users have software that can play videos in the Flash format. The conversion to Flash format is an entirely automated process. Veoh merely selects default values that are necessary for the encoding process, such as frame rate, bit rate, and frame size, from within a narrow range of parameters set by the third party software. Contrary to Io's assertion, the "codec", or compression format for the videos, is set by the third party software.

4. In addition to conversion to Flash format, as part of the automated publication process, Veoh's computers automatically confirm that uploaded files are in fact video files, automatically extract thumbnail frames from the user-submitted videos, and index the user-submitted

2
DECLARATION OF TED DUNNING SUBMITTED IN SUPPORT OF DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Case No. C 06-3926 HRL

1. videos.

2. 5. To search for videos on Veoh, users may enter keyword search terms, in response to which Veoh returns a page of search results in a grid, each result identified by a title and a "thumbnail", which is a reduced-size screenshot extracted from a video. I have reviewed Exhibits E, D, and H of the Declaration of Keith Ruoff in Support of Plaintiff's Motion for Summary Judgment on Liability ("Ruoff Decl."). Exhibit H is an example of a Veoh search results page described in the first sentence of this paragraph. If a user clicks on a specific thumbnail on the search results page, he or she will see a "Video Details Page" that contains the video and a link called "Video Screencaps." Exhibit E to the Ruoff Decl. is an example of such a page. Clicking on the "Video Screencaps" link shows the user a set of 16 thumbnails of screenshots from the video. An example of this can be seen as Exhibit D to the Ruoff. Decl. The extraction of thumbnails is a fully automated process effected by Veoh's computers, and involves no human intervention or review. The thumbnails help users search for videos on Veoh's service and give users a quick idea, without having to watch a video, of the video's content.

3. 6. Users have uploaded and shared hundreds of thousands of videos on Veoh. To date, Veoh has received notices of alleged copyright infringement in one form or another in connection with less than seven percent of those videos.

Executed this 14th day of August, 2007, in San Diego, California

_____
Ted Dunning

3

DECLARATION OF TED DUNNING SUBMITTED IN SUPPORT OF DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Case No. C 06-3926 HRL

SF:180381.4