Michael S. Elkin (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:    212-294-6700
Facsimile:     212-294-4700
Email: melkin@winston.com

Jennifer A. Golinveaux (SBN: 203056)
Matthew A. Scherb (SBN: 237461)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:     415-591-1400
Email: jgolinveaux@winston.com; mscherb@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>VEOH NETWORKS, INC.<br><br>        Defendant. | Case No. C 06-3926 HRL<br><br>**DEFENDANT VEOH NETWORKS, INC.'S OPPOSITION TO VIACOM INTERNATIONAL INC. AND NBC UNIVERSAL'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO APPEAR AND FILE BRIEF AS *AMICI CURIAE*** |

Veoh's Opp. To Viacom & NBC's Mot. For Leave to File Brief As *Amici Curiae* - Case No. C 06-3926 HRL

## I. INTRODUCTION

Non-parties Viacom International Inc. ("Viacom") and NBC Universal, Inc. ("NBC") (collectively "Viacom/NBC") seek leave to appear and file a brief as amici opposing Veoh's Motion for Summary Judgment against Plaintiff Io Group. Io, a San Francisco-based producer and provider of adult content has brought more than 30 cases for copyright infringement and is represented by its own experienced counsel in this case. It has engaged in extensive discovery and filed its own summary judgment motion. It does not need Viacom/NBC to leap to its assistance to properly present the issues to the Court.

Viacom/NBC's eleventh hour motion filed just three weeks before the hearing on Veoh's motion should be denied for reasons including that their proposed brief, which appears to be recycled from Viacom/NBC's proposed amici brief in *Tur v. YouTube, Inc.*,[1] places no "unique information or perspective" before this Court, and amounts to nothing more than a generic, misleading, and improper attempt by media giants to control and steer this and other decisions in their own self interest. Viacom, a plaintiff in its own $1 billion, highly publicized litigation against YouTube addressing similar issues[2] now seeks to litigate this case by proxy and essentially intervene without the preclusive effect intervention would carry. Viacom also attempted to steer the court's decision in the *Tur* litigation (but was properly kept out) and now again here, with, as shown by its papers, no real regard to the merits of the actions but with a keen focus on controlling the law to its commercial advantage. NBC has its own reasons for attempting to inject itself and control this and other decisions: its own venture dubbed "the YouTube killer" by the press, and valued at as much as $1billion, which would celebrate a ruling severely limiting, or even eliminating, the ability of services like Veoh to operate.

The business interests of non-parties have no role in judicial decision making. This is an improper use of the Courts that should not be allowed.

## II. LEGAL ARGUMENT

---

[1] No. CV 06-4436 (C.D. Cal., filed July 14, 2006). Viacom/NBC filed a similar eleventh hour request to oppose YouTube's motion for summary judgment in the *Tur* case. The *Tur* Court refused Viacom's request, and after extensive briefing allowed NBC to file a brief, but under circumstances discussed below very different than here.
[2] *Viacom Int'l, Inc. v. YouTube, Inc.*, No. 1:2007 CV 02103 (S.D.N.Y., filed Mar. 13, 2007).

### A.  Viacom/NBC's "Motion" Must Be Denied Under Local Rule 7-11

A Motion for Administrative relief under Local Rule 7-11 is a procedure by which "a party" is permitted to seek an order from the court with respect to "administrative matters," such as "motions to exceed page limitations of motions to file documents under seal." (L.R. 7-11). It does not provide a mechanism for non-parties to insert themselves into litigation by filing a "motion" for permission to file an amicus brief at the eleventh hour of summary judgment briefing. In fact, "an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." *NGV Gaming, LTD v. Upstream Point Molate, LLC,* 355 F.Supp.2d 1061,1068 (N.D. Cal. 2005). Not only have Viacom/NBC improperly filed a "motion," but their proposed submission demonstrates that they seek to improperly control this litigation by shifting the Court's focus to their own concerns.

If non-parties Viacom/NBC wish to function as parties in this case, they should be required to obtain the Court's permission to intervene after satisfying the requirements of Fed. R. Civ. P. 24. *County of Marin v. Martha Co.,* 2007 WL 987310 at *1 (N.D. Cal. April 2, 2007) (denying permission to file amicus brief that sought "to influence the court's decision while avoiding the binding force of any resulting order" because such "enlarges the disputed issues and constitutes shadow litigation that should be avoided.") Viacom/NBC have made no showing under Rule 24 to support intervention and should not be permitted to oppose Veoh's motion as if they were parties.

### B.  Viacom/NBC's Brief Should Be Denied Because It Is Untimely

An amicus brief is untimely where "applicants could have sought amicus status at an earlier stage of the litigation." *California Trout v. Norton,* No. C-973779 SI, 2003 WL 23413688, *8 (N.D. Cal. Feb. 26, 2003). Here, Viacom's counsel began corresponding with Io's counsel at least five months ago about this case, including contemplating a Joint Defense Agreement between Viacom and Io. *See* Exhibit A to the attached Declaration of Jennifer A. Golinveaux. Viacom/NBC then waited months to file this motion, until after business hours three weeks before the hearing on Veoh's summary judgment motion. Indeed, Viacom/NBC's last minute Motion appears designed to cause maximum inconvenience and prejudice to Veoh who, as Viacom/NBC knew at the time of their filing, is in the midst of preparing its reply brief in support of its summary judgment motion.

### C. Viacom/NBC's Brief Should Be Denied Because It is Devoid of Any "Unique Information or Perspective"

While there is no rule permitting amicus briefs in district courts, the appellate rules provide some guidance. In order to obtain leave to file an amici brief, Viacom/NBC must show that their amici brief is "desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b). The Federal Rules Advisory Committee explained the importance of the relevancy requirement:

> An amicus curiae brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court. An amicus curiae brief which does not serve this purpose <u>simply burdens the staff and facilities of the Court</u> and its filing is not favored. (Emphasis added).

Fed. R. App. P. 29, 1998 Advisory Committee Notes. Judge Posner explained: "The vast majority of amicus curiae briefs are filed by allies of litigants ... and merely extend the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term "amicus curiae" means friend of the court, not friend of a party ..." *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997.) Thus, where a party is engaged in similar litigation and is seeking to file an amicus curiae brief not as a "friend of the court"[3] but to intervene for its own benefit, as here, the court should not permit the brief.[4] As explained below, Viacom/NBC's proposed submission should be denied because it fails to provide any unique or helpful information, it grossly mischaracterizes Veoh's position, improperly asks this Court to expand the issues beyond the scope of this action, and seeks to subvert the role of counsel in favor of their own legal agenda.

#### 1. Viacom/NBC's Proposed Submission Mischaracterizes Veoh's Position and the Facts, and Would Confuse, Rather than Elucidate, the Issues for the Court

---

[3] The cases cited by Viacom/NBC to support their claim that they are "prototypical 'Friends of the Court'" (Motion. p. 3:12), are distinguishable as the parties had information to offer beyond their own litigation agenda. In *Chamberlain Group Inc. v. Interlogix, Inc.*, No. 01 C 6157 2004 WL 1197258, *1 (N.D. Ill. 2004) the party seeking to file an amicus in a patent infringement action was involved in separate litigation regarding the patent's validity. In *NGV Gaming, LTD v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061 (N.D. Cal. 2005) and *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F.Supp.2d 919, 925 (N.D. Cal. 2003), certain tribes sought to intervene in actions where they were the third-parties with whom the plaintiffs claimed they would have had contracts but for the interference by defendants. In *Ashland v. Ling-Temco-Vought*, 711 F.2d 1431, 1434 (9th Cir. 1983), the appellate court allowed interested manufacturers of components to file an amicus brief in an appellate action where *res ipsa loquiter* issues were being decided. In those cases, the briefs provided the court helpful, distinct information, unlike Viacom/NBC's transparent purpose to inject their own interests into an action in which they are not parties.

[4] *See also, Smith v. Chrysler Fin. Co. LLC,* No. Civ. A. 00-6003 (DMC) (D.C. N.J. 2003), 2003 WL 328719, *8; "Some courts often require that *amicus* be neutral." *Id.*

Viacom/NBC's Motion should be denied because their proposed submission, rife with gross mischaracterizations of Veoh's positions and the facts of this case, will serve to confuse rather than elucidate the issues for the Court. For example, contrary to Viacom/NBC's assertions, Veoh does not rest on the fact that it sold no advertising during the time period at issue (Viacom/NBC's Proposed Amici Brief ("Brief") p. 3:10-11); Veoh does not assert that the DMCA is a "one-sided framework" existing only to shield ISP's from liability (Brief p. 5:12-13); and Veoh does not rely on Io's failure to provide DMCA notice to qualify for DMCA section 512(c) safe harbor (Brief p. 5:25 – 6:13). Viacom/NBC's proposed brief also includes flatly wrong factual assertions that appear to be merely copied from its *Tur* filing. For example its assertion that "Veoh enables its users to restrict the audience able to view videos they upload", (Brief p. 15:16-17) is simply wrong. Best case this is simply careless, worse case deliberately misleading. In either event, it is not helpful to this Court.

### 2. Viacom/NBC Improperly Seek to Expand The Issues In This Action

"[A]n amicus may not assume the functions of a party, nor may it initiate, create, extend or enlarge the issues." *County of Marin v. Martha Co.*, No. C 06-0200 SBA, 2007 WL 987310 at *1 (N.D. Cal. April 2, 2007). Viacom/NBC repeatedly acknowledge the "unusual" circumstances here in that Veoh independently terminated access to adult content before Io brought suit, and Io decided not to give Veoh any notice of alleged infringements. (Brief, p. 4:12-15, p. 4, fn 1). Yet Viacom/NBC seek to broaden the issues to suit their own interests: "Viacom and NBCU request to be heard as *Amici* and offer this brief to apprise the Court of the broader context in which this case arises . . . and to request that the Court take this broader context into account in ruling on Veoh's Motion." (Brief, p. 2). Allowing Viacom/NBC to expand the issues to serve their interests would be an affront to the judiciary system. It is up to courts to issue rulings and apply legal principles based on specific facts presented.

### 3. Io is Represented by Experienced Counsel

Generally, a brief is appropriate where the amicus has "unique information or perspective" that can assist the court *beyond* what counsel for the parties can provide. The criterion for permitting an amicus brief "is more likely to be satisfied in a case which a party is inadequately represented." *Voices for Choices, et al. v. Illinois Bell Telephones Co., et al.*, 339 F.3d 542, 545 (7th Cir. 2003).

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Veoh's Opp. To Viacom & NBC's Mot. For Leave to File Brief As *Amici Curiae* - Case No. C 06-3926 HRL
-4-

1 Viacom/NBC cannot claim Io is inadequately represented, another reason to refuse to consider their
2 brief. Here, unlike in *Tur,* the parties have engaged in extensive discovery and a full factual record
3 has been developed. Allowing Viacom/NBC to improperly insert themselves is unnecessary and
4 will add confusion and expense to a case in which all parties are adequately represented.

      4.    <u>Veoh's Opposition To The Proposed Amicus Brief Carries Substantial Weight</u>

A party's opposition to the filing of an amicus brief should be given substantial weight.[5] As the Court emphasized in *Strasser et al. v. Doorley, Jr.,* 432 F.2d 567, 569 (1st Cir. 1970), a court should "go slow" in accepting an amicus brief when it appears the parties are well represented, that their counsel do not need supplemental assistance and where there is no joint consent.

**III.   IF THE BRIEF IS ALLOWED, VEOH SEEKS LEAVE TO FILE A RESPONSE**

If Viacom/NBC's amicus brief is accepted, Veoh should be afforded a meaningful opportunity to respond.[6] Given that Viacom/NBC's brief was filed in the midst of Veoh briefing the regularly noticed motion for summary judgment (by invoking an improper mechanism reserved for parties that requires a maximum of a 5-page response within three days) Veoh has not been afforded the opportunity to address many of the lengthy arguments and address the gross mischaracterizations raised in Viacom/NBC's 20 page brief. If this Court grants Viacom/NBC's Motion, Veoh respectfully requests two weeks from the entry of the Court's order, to respond to their brief.[7]

**IV.   CONCLUSION**

Viacom and NBC have no place in this case. The proposed brief is untimely, replete with misleading statements and erroneous factual assertions, procedurally improper, and offers no "unique information or perspective." Non-parties Viacom/NBC should not be permitted to insert themselves into this litigation to promote their own self interest. Their motion should be denied.

Dated: August 17, 2007                           WINSTON & STRAWN, LLP

                                                   By:   /s/ Jennifer A. Golinveaux
                                                         Jennifer A. Golinveaux

---

[5] *Fluor Corp. and Affiliates v. United States,* 35 Fed. Cl. 284, 285 (1996).
[6] *Parravano, et al. v. Babbitt,* 861 F. Supp. 914, 917 (N.D. Cal. 1994); *National Aviation, et al. v. The City of Hayward,* 418 F.Supp. 417, 418-19 (N.D. Cal. 1976) (discussing taking motion under "submission pending the filing of the amicus and necessary reply briefs by the parties").
[7] The September 4, 2007 hearing on Veoh's motion is fast approaching. In the event Viacom/NBC's brief is accepted, Veoh also requests a continuance of the hearing so that the Court has a chance to consider Veoh's response. Viacom/NBC's request to argue at the hearing should also be denied.