GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation, ) | **CASE NO. C-06-3926 (HRL)** |
| ) | |
| Plaintiff, ) | **DECLARATION OF KEITH RUOFF IN SUPPORT OF REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. ) | |
| ) | |
| VEOH NETWORKS, Inc., a California Corporation, ) | |
| ) | DATE: September 4, 2007 |
| Defendant. ) | TIME: 10:00 a.m. |
| ) | COURTROOM: 2 |

I, KEITH RUOFF, declare:

1. I am Vice President of Io Group, Inc. a company that produces sexually explicit audiovisual works under the trade name of Titan Media and Titan Men.

2. I have examined www.veoh.com and using the "Search Videos" function performed searches for videos thereon. In response to a search www.veoh.com generates a list of responsive titles and displays a "thumbnail" image next to each title. I have viewed the file properties for

-1-

RUOFF DECLARATION IN
SUPPORT OF REPLY
C-06-3926 (HRL)

Dockets.Justia.com

these thumbnails by right clicking and the file properties indicate that the pixel resolution for the thumbnails displayed is 96 x 72 pixels.

    3.   I have also viewed the "Screencaps" images displayed on the video details page for each video. I have viewed the file properties for the "Screencaps" images which indicates the pixel resolution for the video screen captures is 120 x 90 pixels.

    4.   "Screencaps" on www.veoh.com are not right click protected and therefore users can easily copy and save the screen captures to their personal computers.

    5.   I downloaded from www.veoh.com each of the video files on the disk produced to Defendant with Plaintiff's production number 200282. Io has lodged this disk with the Court with Plaintiff's Motion to File Under Seal.

    6.   Io Group has also provided to Defendant each of Io Group's registered works that are at issue in this matter.

    7.   I observed each of these videos streaming from www.veoh.com in Flash format. During the streaming process I printed a document of what was represented on my computer screen. Each of the documents was provided to the Court as Exhibits D and E to my Declaration in Support of Plaintiff's Motion Summary Judgment. The chart below indicates the file name downloaded from www.veoh.com, plaintiff's production number of the document portraying the Flash streaming and screen captures of the video file from www.veoh.com  and the name of the registered work from with the video file was taken.

| File downloaded from www.veoh.com | Print out of Flash presentation streaming from www.veoh.com | Io Group Registered work |
|---|---|---|
| boner.mpg, Falcon Boner.mpg | 200114-200115 | *Boner* |

| | | |
|---|---|---|
| Gay Porn Dont Ask Dont Tell Mi.mpg | 200145-200146 | *Don't Ask, Don't Tell* |
| GWMShort Series-1.mpg, GWMShort Series-2.mpg, GWMShort Series-3.mpg, GWMShort Series-4.mpg, GWMShort Series-5.mpg, Piss31.mpg | 200155-200156 | *Heat* |
| Hot bear sex 2.mpg, Rough Sex.mpg | 200139-200140 | *Island Guardian* |
| Military Men 1.wmv, Military men.wmv | 200108-200111 | *River Patrol* |
| piss1.mpg, piss4.mpg, piss5.mpg, piss6.mpg, piss7.mpg, piss8.mpg, piss9.mpg | 200122-200123 | *Sea Men* |
| piss12.mpg | 200136 | *Detour* |

8.  Each of the above listed video files (as named by the submitting Veoh users) is entirely comprised of content taken from Plaintiff's corresponding registered works listed to the right.

9.  I observed each of the video files located in the Infringing Works folder on the disk produced to Defendant with Plaintiff's production number 200953. Defendant identified each of these video files as having previously been available through www.veoh.com. Each of these video files is entirely comprised of content taken from the Plaintiff's corresponding registered works as listed on the right.

| File from www.veoh.com | Io Group Registered work |
|---|---|
| 5aadcef229ddd57e7c61cfac172ba2f0ef7b7a18.wmv | *First Crush* |
| bc9053cb0e71cdfb51e2a32a3b7529b369ccb132.wmv | *Carny* |
| bf56e04fdd294f65eb7c076f08a351df03593d33.mpg | *Sea Men* |
| e87bc79785d7bcac4b50e76d5b03d7e78967c2b4.wmv | *Laid Up* |

10. Io Group has lodged all of the Plaintiff's works as listed in the right hand column of the above charts and the disk containing the files as they were made available through www.veoh.com with Plaintiff's Motion to File Under Seal to avoid exposing minors or individuals not wishing to be inadvertently exposed to sexually explicit content.

11. I have been in the adult business for almost 9 years. 18 U.S.C. §2257 is the most discussed and widely known regulation in the adult entertainment industry. A search on 2257 on the adult industries' online trade magazine, AVN.com (Adult Video News), returns 433 articles on the subject. The same search on the leading online adult industry business website, Xbiz.com, returns over 330 articles regarding 2257. Literally every adult industry discussion board or blog has an ongoing thread dedicated to 2257 regulations.

12. It is highly unusual for any adult business in the United States to disregard the labeling requirement under 18 U.S.C. §2257 which requires all sexually explicit material be labeled with the information as to where age verification records are maintained (which under the regulations must be the actual street address of the producer). The labeling requirements of 18 U.S.C. § 2257 has long been the industry standard. In fact, stores, online retailers and licensees will not accept sexually explicit goods for sale or distribution without the required §2257 labeling of the goods. The most cursory discussions with any adult industry owner, employee, or attorney would quickly reveal how to comply with this statute and the importance of doing so.

13. Io Group sells access to still images as part of the material available to customers who subscribe to Io Group's website at www.titanmen.com.

14. When Io Group gives a free promotional copy of a DVD to a video reviewer, it is for the purpose of enabling the reviewer to write an article or review about the movie which provides great marketing value to Io Group, Inc.

15. Io Group allows users to view portions of some video clips on line. These clips are highly edited so that they pique the interest of the viewer. Moreover, users are not allowed to view these promotional clips until they supply a valid and verified e-mail address, verify their age and agree to accept promotional e-mails from Io Group in the future. These valid e-mail addresses for adults that are interested in Io Group product and have granted Io permission to send e-mail advertisements are of great value, especially since Io Group does not send any unsolicited e-mail advertising (SPAM).

16. Defendant has a licensing agreement to distribute its still images through cell phones and other mobile devices. Defendant's creation and display of screencaps could also have a negative impact on Io Group's ability to sell its content through these channels, especially since Defendant does not take measures to prevent the copying and downloading of the screencaps it creates.

///

///

///

17. I have personally reviewed a majority of the gay sexually explicit video files that were available on www.veoh.com before Defendant changed its policy and I never witnessed a §2257 label on any of those files.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *August 21, 2007*                               */s/ Keith Ruoff*
                                                                           Keith Ruoff

I hereby attest that this is the declaration of Keith Ruoff and the original with Keith Ruoff's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party.  Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *August 21, 2007*                               /s/ Gill Sperlein
                                                                           GILL SPERLEIN,
                                                                           Counsel for Plaintiff Io Group, Inc.