```
 1            DEPOSITION OF ARTHUR BILGER,
 2       taken on behalf of the Plaintiff at
 3       880 Apollo Street , Suite 222,
 4       El Segundo, California, on Tuesday,
 5       June 5, 2007, at 1:10 P.M.
 6       before Chia Mei Jui, CSR No. 3287.
 7
    APPEARANCES:
 8
         For Plaintiff:
 9
            IO GROUP, INC.
10          BY:  GILL SPERLEIN, GENERAL COUNSEL
            121 Capp Street
11          Suite 200
            San Francisco, California 94110-1209
12          (415) 487-1211
13
         For Defendant Veoh Networks, Inc., and
14       Shelter Capital Partners, LLC, and the
         Deponent Arthur Bilger:
15
            WINSTON & STRAWN, LLP
16          BY:  JENNIFER A. GOLINVEAUX, ESQ.
            101 California Street
17          San Francisco, California 94111-5894
            (415) 591-1506
18
19
20
21
22
23
24
25
                                                      2
```

MILLER & COMPANY REPORTERS
(310) 322-7700 ~ (415) 956-6405 ~ (800) 487-6278

Dockets.Justia.com

```
 1                        I N D E X

 2   WITNESS                                              PAGE

 3
     ARTHUR BILGER
 4
              By Mr. Sperlein                                4
 5

 6                      E X H I B I T S

 7   PLAINTIFF'S                                           PAGE

 8     1      Amended Notice of Deposition of               45
              Shelter Capital Partners, LLC
 9            Pursuant to FRCP 30(b)(6)

10

11

12

13

14

15

16         I N F O R M A T I O N   R E Q U E S T E D

17                        (None.)

18

19            Q U E S T I O N S   M A R K E D

20                        (None.)

21

22

23

24

25
                                                             3
```

```
                        El Segundo, California
                        Tuesday, June 5, 2007
                              1:10 P.M.


                                -oOo-


                            ARTHUR BILGER,
                         having been duly sworn
                           to tell the truth,
                   was examined and testified as follows:


                              EXAMINATION
         BY MR. SPERLEIN:
             Q    Good afternoon, Mr. Bilger.
                  Thank you for coming.  I know you're busy.
         I'm going to try to keep things as short as possible
         today.  And I hope it wasn't too far for you.  We
         tried to get a location that was convenient.
                  Have you ever had your deposition taken
         before?
             A    Yes.
             Q    So you are familiar with this process.  But
         I am going to go over the ground rules just to make
         sure that we have a record, that we're clear on that
         process.
```

13:10:32 (line 15)
13:10:45 (line 20)
13:10:53 (line 25)

4

| | | |
|---|---|---|
| 13:55:43 | 1 | A   Not necessarily. |
| | 2 | Q   Did Veoh ever indicate to you that with the |
| | 3 | appearance of YouTube.com coming onto the scene that |
| | 4 | there was a requirement that content got put onto |
| 13:56:01 | 5 | the system at a faster pace than previously |
| | 6 | required? |
| | 7 | MS. GOLINVEAUX:   Object to the extent the |
| | 8 | question is misleading and misstates facts and |
| | 9 | mischaracterizes evidence in this case. |
| 13:56:17 | 10 | BY MR. SPERLEIN: |
| | 11 | Q   Did Veoh ever give you any indication that |
| | 12 | that was the case? |
| | 13 | MS. GOLINVEAUX:   Would you read back the |
| | 14 | question, please. |
| 13:56:23 | 15 | (The record was read.) |
| | 16 | THE WITNESS:   Not that I recall. |
| | 17 | BY MR. SPERLEIN: |
| | 18 | Q   Did Veoh ever indicate that, because of the |
| | 19 | popularity of YouTube, that they needed to change |
| 13:57:01 | 20 | any procedures relating to the Veoh system? |
| | 21 | A   Nothing specific that I can recall. |
| | 22 | Q   Was there any kind of general awareness of |
| | 23 | YouTube and changes that needed to be made because |
| | 24 | of that? |
| 13:57:22 | 25 | A   Not that I recall. |

32

| | | |
|---|---|---|
| 13:57:44 | 1 | Q   Did Veoh have discussions with you about |
| | 2 | how their technology would work generally? |
| | 3 | A   Yes. |
| | 4 | Q   Did Veoh ever specifically tell you that, |
| 13:57:57 | 5 | when a video file was submitted, that the technology |
| | 6 | in use would create still images from that video |
| | 7 | file? |
| | 8 | A   Not that I recall. |
| | 9 | Q   Did Shelter know that Veoh would permit |
| 13:58:17 | 10 | sexually explicit video files on their Web site? |
| | 11 | Let me rephrase that -- restate that. |
| | 12 | Did Shelter know that Veoh would allow |
| | 13 | users to submit sexually explicit content to the |
| | 14 | Veoh platform? |
| 13:58:38 | 15 | MS. GOLINVEAUX:  I'm sorry. |
| | 16 | Could you read back the question, please. |
| | 17 | (The record was read.) |
| | 18 | THE WITNESS:  At some point, yes. |
| | 19 | BY MR. SPERLEIN: |
| 13:58:59 | 20 | Q   At some point Shelter became aware of that; |
| | 21 | is that -- |
| | 22 | A   Yes. |
| | 23 | Q   Do you know at what point? |
| | 24 | A   Spring of '06. |
| 13:59:31 | 25 | Q   Do you recall how Shelter Capital became |

33

```
 1          I, CHIA MEI JUI, CSR 3287, certify:
 2          That the foregoing deposition of
 3  ARTHUR BILGER was taken before me at the time and
 4  place therein set forth, at which time the witness
 5  declared under penalty of perjury to tell the truth;
 6          That the testimony of the witness and all
 7  objections made at the time of the deposition were
 8  recorded stenographically by me and were reduced to
 9  a computerized transcript under my direction;
10          That the transcript is a true record of the
11  testimony of the witness and of all objections and
12  colloquy made at the time of the deposition.
13          I further certify that I am neither counsel
14  for nor related to any party to said action nor
15  interested in the outcome thereof.
16          The certification of this transcript does
17  not apply to any of the same by any means unless
18  under the direct control and direction of the
19  certifying deposition reporter.
20          IN WITNESS WHEREOF, I have subscribed my
21  name this 18th day of June, 2006.
22
23
24          _____
            CHIA MEI JUI, CSR No. 3287
25
                                                      48
```