Michael S. Elkin (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:   212-294-6700
Facsimile:   212-294-4700
Email: melkin@winston.com

Jennifer A. Golinveaux (SBN: 203056)
Matthew A. Scherb (SBN: 237461)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400
Email: jgolinveaux@winston.com; mscherb@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IO GROUP, INC. <br><br> Plaintiff, <br><br> vs. <br><br> VEOH NETWORKS, INC. <br><br> Defendant. | Case No. C 06-3926 HRL <br><br> **DEFENDANT VEOH NETWORKS, INC.'S RESPONSE TO PLAINTIFF IO GROUP, INC.'S SUPPLEMENTAL BRIEF** |

*MGM Studios, Inc. v. Grokster, Ltd.*, Nos. CV 01-8541, CV 01-9923, 2007 U.S. Dist. LEXIS 79726 (C.D. Cal. Oct. 16, 2007) (the "*Grokster* Order"), has no applicability to the motions before the court.

First, the Grokster Order has nothing to do with the Digital Millennium Copyright Act ("DMCA") safe harbor, the basis of Veoh's summary judgment motion. Despite Io's suggestion, the Grokster Order does not address what it means for a service provider to have the right and ability to control infringing activity under the statute. The order never even mentions or cites the DMCA.

In fact, the *Grokster* defendants, unlike Veoh, never sought DMCA relief. After all, their file sharing software operated without a central index or content repository, making it impractical for

them to respond to DMCA notices, *see MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 923 (2005) ("decentralized . . . networks fail to reveal which files are being copied"). Streamcast, the only defendant to press its case all the way to judgment in *Grokster*, was held to have "thwart[ed]" enforcement efforts and relished its provision of "more Madonna tracks" than other sharing websites. *MGM Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 981 (C.D. Cal. 2006). Streamcast wasn't the Good Samaritan that the DMCA was meant to protect. But, as we have argued in the pending motions, Veoh is.[1]

We would suggest that this should end the discussion about the Grokster Order's relevance to Veoh's motion.[2] Also, since a favorable resolution of Veoh's motion (as to the applicability of the section 512(c) safe harbor) moots Io's motion, *see* Def's. Opp. at 3-4, the Grokster Order may be of no moment, even if relevant to Io's motion.

However, the Grokster Order is not relevant to Io's own motion. Io seeks a declaration that Veoh is liable as a direct, vicarious, and contributory infringer. The Grokster Order, however, does not render judgment or decide any issue of liability. It concerns only the scope of injunctive relief following earlier orders that resulted in a judgment on liability (for copyright infringement). Moreover, in *Grokster*, the court rejected the theories of liability Io raises here – direct, vicarious, and contributory liability – and adjudged Streamcast liable only under the novel theory of inducement to commit copyright infringement, a theory Io does not raise. *See Grokster*, 454 F. Supp. 2d 966; *Grokster*, 545 U.S. at 927-28; *Grokster Order*, 2007 U.S. Dist. LEXIS 79726, at *100-01. While Streamcast was adjudicated an infringer and was subject to a court-ordered remedy, there has been no finding that Veoh has infringed. (Veoh's ability to control must be viewed in the vein of what it does; not, as in the *Grokster* case, in the context of what a court has ordered it to do after a finding of liability.) Veoh is not in Streamcast's shoes and the Grokster Order has no

---

[1] *See* Def.'s Mot. at 2, 4-8, 13-16. Veoh, for example, had robust policies against infringements, terminated repeat violators, removed access to infringing content on notice, accommodated standard technical measures, such as "hashing". *Id.*

[2] Io continues to assume that the analysis for the "right and ability to control" prong of common law vicarious liability should extend to the DMCA. There is no foundation for this. *See* Veoh's Reply Br. at 7-9. Even if the two disparate standards were related, just as the Grokster Order is silent on the DMCA, it has nothing to do with vicarious liability.

relevance to the liability issues before the court.[3]

Upon close review of the Grokster Order, the case, if at all applicable, actually helps Veoh. Under the injunction, Streamcast has no duty to block content until it gets notice of specific infringements. *Grokster Order*, 2007 U.S. Dist. LEXIS 79726, at *123 (Streamcast will only be required to filter infringing content *after notice*, which, for each work, must include an "artist-title pair, a certification of ownership," and some proof that an infringement was available through Streamcast's software). This would seem to support the notion that notice is necessary for a service provider to have the practical ability to control infringement. Notice was absent in this case and Veoh otherwise lacked the ability to identify infringing content by review. Def's. Mot. at 17-18; Def's. Opp. at 17-19, 23-24; Def's. Reply Br. at 10-11. Thus Veoh lacked the practical ability to control infringement and is not vicariously liable. *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701, 730 (9th Cir. 2007) (control means "the practical ability").[4]

Finally, Io's argument that the Grokster Order undermines Veoh's interpretation of *Napster*, Pl's. Supp. Br. at 3, is unfounded. We argued that under *Napster*, vicarious liability may not be established unless a plaintiff can prove the defendant had the practical ability to control infringing activity. Def's. Rep. Br. at 10; *see also Perfect 10*, 487 F.3d at 730. Io suggests that *Napster*, like the Grokster Order, is just about injunctive relief, but *Napster* clearly addressed the scope of vicarious liability as well. Napster, the Ninth Circuit held, did not have the practical ability to control infringing activity in some cases when the district court thought it did. *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1023-24 (9th Cir. 2001) (only Napster's failure to police within the

---

[3] Any statement in the Grokster Order that appears to be about the scope of vicarious liability is conjecture and dicta that would not alter Ninth Circuit law. The one dictum Io cites is: "[a]lthough actual notice of specific infringing files (and the failure to remove them) is not a prerequisite to inducement liability in the first instance, like vicarious infringement, *Napster* informs this Court that notice is relevant to the injunction." Pl's. Supp. Br. at 4-5. Consistent with this dictum, Veoh does not argue that actual notice must precede a vicarious claim in every case, but does argue that notice may be needed to create the practical ability to control required by the Ninth Circuit given the architecture of the Veoh system. *See infra* n.4; Def's. Opp. Br. at 23-24; Def's. Reply Br. at 9-12.

[4] Despite Io's protestations, Pl's. Opp. at 9; Pl's. Supp Br. at 5, this is not to say that knowledge or notice is an *element* of vicarious infringement. Rather, in the Ninth Circuit, because control means at least a "practical ability" to control the "directly infringing conduct," *Perfect 10*, 487 F.3d at 730, in some circumstances, especially those involving Internet service providers, knowledge of infringing conduct may be critical to a determination as to whether a defendant has the ability to control.

3

bounds of its system was problematic; its failure to review the contents of files was not vicarious infringement, as Napster's system could not discern file contents; holding that for purposes of vicarious liability, "Napster's reserved 'right and ability' to police is cabined by the system's current architecture." ). Only after limiting liability did the Ninth Circuit go on to approve injunctive relief in kind. *Id.* at 1027 (Napster would only have to police its system "within the limits of the system" and when put on notice of specific infringing content – that is, to the extent practicable given the current state of its system). Thus *Napster*, along with Perfect 10, support Veoh's position on vicarious liability and the meaning of practical ability to control.[5]

The Grokster Order is irrelevant to the issues before the Court. Veoh requests the Court to grant its motion for summary judgment and deny Io's motion.

Respectfully submitted,

Dated: November 16, 2007

WINSTON & STRAWN, LLP

By: /s/
Michael S. Elkin
Jennifer A. Golinveaux
Matthew A. Scherb
Attorneys for Defendant
VEOH NETWORKS, INC.

---

[5] In any event, *Napster*, like *Grokster*, is not a DMCA case, and, regardless of how these cases are interpreted, they do not bear on the DMCA and Veoh's summary judgment motion.